Jordan K. Cameron (12051)
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone:  (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone:  (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHANNON ARNSTEIN, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>SUNDANCE HOLDINGS GROUP, L.L.C.,<br><br>Defendant | **DEFENDANT'S FIRST AMENDED ANSWER**<br><br><br><br>Civil No. 2:24-cv-00344-RJS-DAO<br><br>Judge Robert J. Shelby<br>Magistrate Judge Daphne A. Oberg |

COMES NOW, Defendant Sundance Holdings Group, L.L.C. ("Sundance" or "Defendant"), through counsel, and responds to the allegations in the numbered Paragraphs of Plaintiffs' First Amended Complaint (ECF No. 12, hereinafter "FAC"), as follows:

1

## ANSWER

Sundance denies all allegations and claims that it does not expressly admit herein. Sundance has answered to the best of its ability and knowledge at this time and expressly reserves the right to amend and/or supplement any portion of this Answer.

## INTRODUCTION

1. Sundance denies the allegations in the first sentence of Paragraph 1. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 1. The allegations in the third sentence in Paragraph 1 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the remaining allegations in Paragraph 1 and specifically denies that it violated Utah's Notice of Intent to Sell Nonpublic Personal Information Act (the "NISNPIA").

2. Sundance states that the screenshot speaks for itself. To the extent that a response is required, Sundance denies the allegations in Paragraph 2.

3. The allegations in the first sentence in Paragraph 3 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in the first sentence in Paragraph 3 and specifically denies that it violated the NISNPIA. The second sentence in Paragraph 3 purports to cite or characterize the contents of a statute. Sundance states that the statute speaks for itself, and no response is required.

4. Sundance admits that Plaintiffs brought the FAC against Sundance but denies the remaining allegations in Paragraph 4 and specifically denies that it violated the NISNPIA.

## NATURE OF THE CASE

5. Sundance denies the allegations in Paragraph 5.

6. Sundance denies the allegations in the first sentence of Paragraph 6. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 6.

7. Sundance denies the allegations in Paragraph 7.

## PARTIES

### I. Plaintiff Arnstein

8. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Sundance admits the allegations in Paragraph 9.

10. Sundance denies the allegations in the first sentence of Paragraph 10. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 10.

11. Sundance admits the allegations in Paragraph 11.

12. Sundance denies the allegations in Paragraph 12.

### II. Plaintiff Bassett

13. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Sundance denies the allegations in Paragraph 14.

15. Sundance denies the allegations in the first sentence of Paragraph 15. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 15.

16. Sundance admits the allegations in Paragraph 16.

17. Sundance denies the allegations in Paragraph 17.

### III. Plaintiff Gartman

18. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Sundance admits the allegations in Paragraph 19.

20. Sundance denies the allegations in the first sentence of Paragraph 20. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 20.

21. Sundance admits the allegations in Paragraph 21.

22. Sundance denies the allegations in Paragraph 22.

### IV. Plaintiff Hendrix

23. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Sundance admits the allegations in Paragraph 24.

25. Sundance denies the allegations in the first sentence of Paragraph 25. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 25.

26. Sundance admits the allegations in Paragraph 26.

27. Sundance denies the allegations in Paragraph 27.

### V. Plaintiff Macklin

28. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Sundance admits the allegations in Paragraph 29.

30. Sundance denies the allegations in the first sentence of Paragraph 30. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 30.

31. Sundance admits the allegations in Paragraph 31.

32. Sundance denies the allegations in Paragraph 32.

## VI. Plaintiff Mark

33. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Sundance admits the allegations in Paragraph 34.

35. Sundance denies the allegations in the first sentence of Paragraph 35. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 35.

36. Sundance admits the allegations in Paragraph 36.

37. Sundance denies the allegations in Paragraph 37.

## VII. Plaintiff Meinhold

38. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Sundance admits the allegations in Paragraph 39.

40. Sundance denies the allegations in the first sentence of Paragraph 40. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 40.

41. Sundance admits the allegations in Paragraph 41.

42. Sundance denies the allegations in Paragraph 42.

## VIII. Plaintiff Michels

43. Sundance admits the allegations in Paragraph 43.

44. Sundance admits the allegations in Paragraph 44.

45. Sundance denies the allegations in the first sentence of Paragraph 45. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 45.

46. Sundance admits the allegations in Paragraph 46.

47. Sundance denies the allegations in Paragraph 47.

## IX. Plaintiff Oyenque

48. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Sundance denies the allegations in Paragraph 49.

50. Sundance denies the allegations in the first sentence of Paragraph 50. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 50.

51. Sundance admits the allegations in Paragraph 51.

52. Sundance denies the allegations in Paragraph 52.

## X. Plaintiff Porter

53. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Sundance admits the allegations in Paragraph 54.

55. Sundance denies the allegations in the first sentence of Paragraph 55. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 55.

56. Sundance admits the allegations in Paragraph 56.

57. Sundance denies the allegations in Paragraph 57.

### XI. Plaintiff Wuebker

58. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59. Sundance admits the allegations in Paragraph 59.

60. Sundance denies the allegations in the first sentence of Paragraph 60. Sundance lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 60.

61. Sundance admits the allegations in Paragraph 61.

62. Sundance denies the allegations in Paragraph 62.

### XII. Defendant Sundance Holdings Group, L.L.C.

63. Sundance admits the allegations in Paragraph 63.

64. Sundance admits the allegations in Paragraph 64.

### JURISDICTION AND VENUE

65. Sundance denies that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d). The remaining allegations in Paragraph 65 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 65.

66. Sundance admits that its headquarters and principal place of business are in Salt Lake City, Utah. The remaining allegations in Paragraph 66 assert legal conclusions to which no response is required.

## FACTUAL BACKGROUND

### *Utah's Notice of Intent to Sell Nonpublic Personal Information Act*

67. The allegations in Paragraph 67 purport to cite or characterize the contents of a statute. Sundance states that the statute speaks for itself, and no response is required.

68. The allegations in Paragraph 68 purport to cite or characterize the contents of a statute. Sundance states that the statute speaks for itself, and no response is required.

69. The allegations in Paragraph 69 purport to cite or characterize the contents of a statute. Sundance states that the statute speaks for itself, and no response is required.

70. The allegations in Paragraph 70 purport to cite or characterize the contents of a statute. Sundance states that the statute speaks for itself, and no response is required.

71. The allegations in Paragraph 71 purport to cite or characterize the contents of a statute. Sundance states that the statute speaks for itself, and no response is required.

72. The allegations in Paragraph 72 purport to cite or characterize the contents of a statute. Sundance states that the statute speaks for itself, and no response is required.

73. The allegations in Paragraph 73 purport to cite or characterize the contents of a statute. Sundance states that the statute speaks for itself, and no response is required.

74. The allegations in Paragraph 74 purport to cite or characterize the contents of a statute. Sundance states that the statute speaks for itself, and no response is required.

75. Sundance admits that it has completed sales of its products in Utah. Sundance states that the allegation that it "disregarded its legal responsibilities . . . in clear violation of the

NISNPIA" asserts a legal conclusion to which no response is required. To the extent that a response is required, Sundance denies the remaining allegations in Paragraph 75.

### *The Private Information Market:*
### *Consumers' Private Information Has Real Value*

76. The allegations in Paragraph 76 purport to cite or characterize the contents of a Federal Trade Commissioner's remarks. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. The allegations in Paragraph 77 purport to cite or characterize the contents of a news article. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. The allegations in Paragraph 78 purport to cite or characterize the contents of a Federal Trade Commissioner's statement. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79. The allegations in Paragraph 79 purport to cite or characterize the contents of a news article. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80. The allegations in Paragraph 80 purport to cite or characterize the contents of a news article. Sundance states that the document speaks for itself, and no response is required. To

the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81. The allegations in Paragraph 81 purport to cite or characterize the contents of a letter. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81.

82. The allegations in Paragraph 82 purport to cite or characterize the contents of a press release. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83. The allegations in Paragraph 83 purport to cite or characterize the contents of a press release. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

84. The allegations in Paragraph 84 purport to cite or characterize the contents of articles. Sundance states that the documents speak for themselves, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84.

85. The allegations in Paragraph 85 purport to cite or characterize the contents of a news article and statements presented during a hearing. Sundance states that the documents speak for themselves, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85.

86. The allegations in Paragraph 86 purport to cite or characterize the contents of statements presented during a hearing. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87. Sundance states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87. To the extent that a response is required, Sundance specifically denies that it "jeapordiz[es] its customers' privacy."

88. Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.

***Consumers Place Monetary Value on their Privacy and
Consider Privacy Practices When Making Purchases***

89. Sundance states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90. The allegations in Paragraph 90 purport to cite or characterize the contents of a report. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91. Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92. The allegations in Paragraph 92 purport to cite or characterize the contents of a new article. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93. The allegations in Paragraph 93 purport to cite or characterize the contents of a study. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.

94. The allegations in Paragraph 94 purport to cite or characterize the contents of a study. Sundance states that the document speaks for itself, and no response is required. To the extent that a response is required, Sundance responds that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94.

### *Sundance Unlawfully Rents, Sells, and Otherwise Discloses for Compensation Its Customers' Private Purchase Information*

95. As to the allegations in Paragraph 95, Sundance admits only that it maintains information related to its customers' Private Purchase Information. Sundance denies the remaining allegations in Paragraph 95.

96. Sundance denies the allegations in Paragraph 96.

97. Sundance denies the allegations in Paragraph 97.

98. Sundance denies the allegations in Paragraph 98.

99. Sundance denies the allegations in Paragraph 99.

100. Sundance denies the allegations in Paragraph 100.

101. Sundance admits the allegations in the first sentence of Paragraph 101. Sundance denies the allegations in the second sentence of Paragraph 101. The remaining allegations in Paragraph 101 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the remaining allegations in Paragraph 101.

102. Sundance denies the allegations in Paragraph 102.

103. The allegations in Paragraph 103 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 103.

## CLASS ACTION ALLEGATIONS

104. The allegations in Paragraph 104 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 104, denies that Plaintiffs are entitled to bring this action on behalf of a class, and denies that Plaintiffs meet any of the requirements of Fed. R. Civ. P. 23.

105. The allegations in Paragraph 105 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 105, denies that Plaintiffs are entitled to bring this action on behalf of a class, and denies that Plaintiffs meet any of the requirements of Fed. R. Civ. P. 23.

106. The allegations in Paragraph 106 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 106, denies that Plaintiffs are entitled to bring this action on behalf of a class, and denies that Plaintiffs meet any of the requirements of Fed. R. Civ. P. 23.

107. The allegations in Paragraph 107 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 107, denies that Plaintiffs are entitled to bring this action on behalf of a class, and denies that Plaintiffs meet any of the requirements of Fed. R. Civ. P. 23.

108. The allegations in Paragraph 108 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph

108, denies that Plaintiffs are entitled to bring this action on behalf of a class, and denies that Plaintiffs meet any of the requirements of Fed. R. Civ. P. 23.

109. The allegations in Paragraph 109 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 109, denies that Plaintiffs are entitled to bring this action on behalf of a class, and denies that Plaintiffs meet any of the requirements of Fed. R. Civ. P. 23.

## CAUSE OF ACTION
### Violation of Utah's Notice of Intent to Sell Nonpublic Personal Information Act

110. Sundance incorporates by reference its responses to the allegations contained in the foregoing Paragraphs as though set forth again in full.

111. The allegations in Paragraph 111 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 111, denies that Plaintiffs are entitled to bring this action on behalf of a class, and denies that Plaintiffs meet any of the requirements of Fed. R. Civ. P. 23.

112. Sundance admits the allegations in the first sentence in Paragraph 112. The remaining allegations in Paragraph 112 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the remaining allegations in Paragraph 112.

113. Sundance denies the allegations in Paragraph 113.

114. Sundance admits the allegations in the first sentence in Paragraph 114. The remaining allegations in Paragraph 114 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the remaining allegations in Paragraph 114.

115. The allegations in Paragraph 115 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 115.

116. Sundance denies the allegations in Paragraph 116.

117. Sundance denies the allegations in Paragraph 117.

118. Sundance denies the allegations in Paragraph 118.

119. Sundance denies the allegations in Paragraph 119.

120. The allegations in Paragraph 120 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 120.

121. The allegations in Paragraph 121 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 121.

122. Sundance denies the allegations in Paragraph 122.

123. The allegations in Paragraph 123 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 123.

124. The allegations in Paragraph 124 assert legal conclusions to which no response is required.

125. The allegations in Paragraph 125 assert legal conclusions to which no response is required.

126. The allegations in Paragraph 126 assert legal conclusions to which no response is required. To the extent that a response is required, Sundance denies the allegations in Paragraph 126.

## PRAYER FOR RELIEF

Sundance denies that Plaintiffs and unnamed members of the putative classes are entitled to any relief.

WHEREFORE, Defendants request that this Court enter a judgment as follows:

1. Denying certification of the putative class

2. Dismissing the Plaintiffs' Complaint in its entirety with prejudice;

3. Denying all relief requested by Plaintiffs in their Complaint;

4. Awarding Defendants costs of suit, including reasonable attorneys' fees; and

5. Awarding Defendants any such further relief that the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Sundance states the following affirmative defenses to Plaintiffs' Amended Complaint. Each defense is asserted as to all claims against Sundance. By setting forth these affirmative defenses, Sundance does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Sundance reserves the right to assert any and all defenses allowable by law and/or that may become available, including reserving the right to timely raise such additional affirmative defenses as may be appropriate in light of the developments in this case. By listing certain defenses herein, Sundance does not waive any other defenses that may apply. As separate and distinct affirmative defenses, Sundance alleges as follows:

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction to hear this action. Specifically, Utah Code Ann. 13-37-203 prohibits Plaintiffs from maintaining a class action and limits Plaintiffs' damages to $500 for each instance of the failure to provide notice under NISNPIA. Without the availability of a class action, and with damages so limited, Plaintiffs cannot satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332(d), which is the sole asserted basis for federal jurisdiction in this case. Even if Utah Code Ann. 13-37-203 did not categorically prevent Plaintiffs from certifying a class, this Court would still lack subject matter jurisdiction over Plaintiffs' claims because the proposed class does not meet the requirements of Fed. R. Civ. P. 23.

**SECOND DEFENSE**

Plaintiffs' claims fail because they do not have standing and/or their claims are not ripe.

**THIRD DEFENSE**

Plaintiffs' claims are barred in whole or in part by waiver and/or implied waiver.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of estoppel.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred because they consented to the disclosure of their information.

Dated:  December 13, 2024                              Respectfully submitted,

                                                                By:  /s/ Elizabeth C. Rinehart
Jordan K. Cameron
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone:  (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone:  (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of December 2024, a true and correct copy of the foregoing FIRST AMENDED **ANSWER TO FIRST AMENDED COMPLAINT [ECF NO. 12]** was served via this Court's CM/ECF system upon all counsel of record:

>Elliot Omega Preston Jackson (*pro hac vice*)
>Frank Hedin (*pro hac vice*)
>**HEDIN LLP**
>1395 Brickell Ave., Suite 1140
>Miami, FL 33131
>Telephone: (305) 357-2107
>ejackson@hedinllp.com
>fhedin@hedinllp.com
>
>David W. Scofield (4140)
>**PETERS SCOFIELD**
>7430 Creek Road, Suite 303
>Salt Lake City, UT 84093-6160
>Telephone: (801) 322-2002
>dws@psplawyers.com

*Attorneys for Plaintiffs*

>/s/ Elizabeth C. Rinehart
>Elizabeth C. Rinehart
>
>*Attorney for Defendant*