Jordan K. Cameron (12051)
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SHANNON ARNSTEIN, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>SUNDANCE HOLDINGS GROUP, L.L.C.,<br><br>Defendant. | **MOTION TO AMEND AND CERTIFY THE COURT'S ORDER [Dkt. 37] FOR INTERLOCUTORY REVIEW**<br><br>Civil No. 2:24-cv-00344-RJS-DAO<br><br>Judge Robert J. Shelby<br>Magistrate Daphne A. Oberg |

COMES NOW, Defendant Sundance Holdings Group, L.L.C. ("Sundance" or "Defendant"), through counsel, and respectfully moves this Court to amend and certify for interlocutory review its *Memorandum Decision and Order* denying Defendant's Motion to Dismiss, entered November 25, 2024 [Dkt. 37].

**INTRODUCTION**

In its *Memorandum Decision and Order*, this Court answered an unsettled, dispositive legal question—whether Plaintiffs can pursue a class action under Utah's Notice of Intent to Sell Nonpublic Personal Information Act ("NISNPIA") in federal court despite NISNPIA's express prohibition of class actions. The Court's decision to permit Plaintiffs to pursue a class action (the only way they could meet the amount-in-controversy requirement for diversity jurisdiction) should be certified for interlocutory appeal under 28 U.S.C. § 1292(b) because that opinion hinged on legal issues unsettled by the Tenth Circuit, revealed an intra-district split of authority, and implicated this Court's subject matter jurisdiction.[1] Specifically, the Court held that:

(1) Both the *Shady Grove* plurality opinion authored by Justice Scalia and Justice Stevens' concurrence together provide the analytical framework for assessing whether Rule 23 and state law conflict.[2] That holding expressly conflicts with two District of Utah decisions, *Fullmer* and *Callegari*, which look only to the concurrence for that analysis.[3] This tension within the District

---

[1] *See Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1072 (D. Utah Aug. 17, 2022) (certifying decision for appeal because it involved a "recent intra-district split" that the Tenth Circuit had not yet had an opportunity to resolve); *United States ex rel. Blyn v. Triumph Grp., Inc.*, No. 2:12-CV-922-DAK, 2016 WL 3546244, at *2 (D. Utah June 23, 2016) (certification is appropriate when "'the question goes to the court's subject matter jurisdiction.'" (quoting *Tank v. Chronister*, 998 F. Supp. 1160, 1162 (D. Kan. 1997))).

[2] Dkt. 37 at 7 ("Because Justice Stevens joined the plurality's analysis of Step One in *Shady Grove*, the plurality opinion and Justice Stevens's concurrence guide this part of the analysis.").

[3] *See Fullmer v. A-1 Collection Agency, LLC*, No. 4:20-CV-00143-DN-PK, 2022 WL 1538675, at *2–3 (D. Utah May 16, 2022) (relying solely on Justice Stevens' concurrence and describing it as "controlling in the Tenth Circuit"); *Callegari v. Blendtec, Inc.*, No. 2:18-CV-308-DB, 2018 WL 5808805, at *3 (D. Utah Nov. 6, 2018) (applying the framework "set forth by the concurrence").

of Utah arises because the United States Court of Appeals for the Tenth Circuit has not spoken with one voice on this issue.[4]

(2) Rule 23 is a "categorical rule" that requires the district court to entertain class actions once a plaintiff makes the required showing under Rule 23(b), leaving no room for NISNPIA or any state law that would limit access to the class action form when those criteria are satisfied.[5] That holding conflicts with two District of Utah decisions, *Fullmer* and *Callegari*, interpreting Rule 23 as "permissive" and not mandatory in nature, thereby clearing the way for the Utah Consumer Sales Practices Act ("UCSPA")'s class action limitations in federal court.[6]

(3) NISNPIA's class action bar at Utah Code § 17-37-203(3) does not define the rights and remedies afforded by the statute, despite its situation within the "Liability" section of NISNPIA and legislative debates reflecting a desire to narrow the scope of remedies available under the statute.[7] The Court acknowledged the difficulty of that issue—a difficulty compounded by the

---

[4] *Compare Diamond Ranch Acad., Inc. v. Filer*, 117 F. Supp. 3d 1313, 1319 n.10 (D. Utah 2015) (explaining that the Tenth Circuit "has adopted Justice Stevens' concurrence as the opinion governing the issue of whether a state law conflicts with the federal rules of procedure") *with Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 943 (10th Cir. 2020) (relying on Justice Scalia's opinion to resolve the same issue). *See also Moreau v. United States Olympic & Paralympic Comm.*, 641 F. Supp. 3d 1122, 1130 n.7 (D. Col. 2022) (noting that *Stender* appears to have departed from prior Tenth Circuit formulations of *Shady Grove* and declining to follow that decision because prior authority had not been modified by en banc reconsideration or contrary Supreme Court case law).

[5] *See* Dkt. 37 at 7–8 ("[A] federal district court is *required* to entertain a class action once a plaintiff makes the required showings under 23(b), and state statutes that impose heightened class action requirements or limit the claims eligible for class action adjudication necessarily conflict with Rule 23.").

[6] *See* Dkt. 37 at 8 (discussing *Callegari* and *Fullmer*).

[7] *See* Dkt. 37 at 9–17.

3

competing voices in *Shady Grove*—and noted that NISNPIA's class action bar presented a "closer call" than the New York state law before the Supreme Court.[8]

Sundance respectfully requests that this Court certify its decision for interlocutory appeal so that the Tenth Circuit may address these issues early in the litigation. Sundance further requests that the Court stay these proceedings pending appeal.

## BACKGROUND

Plaintiffs commenced this action on May 14, 2024, seeking to certify a nationwide class of individuals whose personal information was obtained by Sundance as a result of a consumer transaction and subsequently disclosed to a third party after January 1, 2004. [Dkt. 12 ¶ 104.] Defendant filed its *Motion to Dismiss* on July 19, 2024, arguing, *inter alia*, that this Court lacked subject matter jurisdiction because Plaintiffs could not maintain a class action under NISNPIA and, as a result, could not meet the amount-in-controversy requirement under the Class Action Fairness Act, 28 U.S.C. § 1332(d). [Dkt. 23 at 5]. On November 25, 2024, this Court issued the *Order* denying the *Motion to Dismiss*, applying *Shady Grove* to hold that Rule 23 of the Federal Rules of Civil Procedure prevailed over NISNPIA's class action bar. Defendants now seek to immediately appeal that finding.

## LEGAL STANDARD

A court may certify an order for interlocutory appeal if such an order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and [where] immediate appeal from the order may materially advance the ultimate termination of the

---

[8] *See* Dkt. 37 at 14 ("The court acknowledges that a complete class action bar cabined to a single statutory section makes the determination of whether § 203(3) defines the scope of NISNPIA's substantive rights or remedies a closer call than the universally applicable New York statute at issue in *Shady Grove*."); Hearing Transcript 5:23–6:3; 23:4:16 (the Court discussing the difficulty of the question) (attached as Exhibit A).

4

litigation." 28 U.S.C. § 1292(b). If the order at issue initially did not speak to appealability, the court can later certify the order through amendment. Fed. R. App. 5(a)(3). Though interlocutory appeals are "rarely" certified, certification is warranted when dispositive, novel issues of law have generated intra-district conflicts. *Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1071–73 (D. Utah Aug. 17, 2022) (certifying decision for appeal because it involved a "recent intra-district split" that the Tenth Circuit had not yet had an opportunity to resolve).

## ARGUMENT

### I. THE COURT'S ORDER RESTS ON A CONTROLLING QUESTION OF LAW.

The *Memorandum Decision and Order* decided a controlling question of law in this case—whether *Shady Grove* requires federal courts to honor NISNPIA's class action bar. Under Section 1292(b), a controlling question of law is one that is:

> (1) serious to the conduct of the litigation, either practically or legally; (2) could affect the ability of the district court to render a binding decision or materially affect the outcome of the litigation in the district court; or (3) might save time for the district court, and time and expense for the litigants.

*Roberts v. C.R. England, Inc.*, No. 2:12-CV-00302-RJS-BCW, 2018 WL 2386056, at *2 (D. Utah Apr. 24, 2018) (quoting *Kell v. Crowther*, No. 2:07-cv-00359-CW, 2018 WL 813449, at *1 (D. Utah Feb. 9, 2018)). Questions of law include "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Chamberlain,* 622 F. Supp. 3d at 1071 (D. Utah 2022). A question is "controlling" if it "could materially affect the outcome of the litigation in the district court." *United States ex rel. Blyn v. Triumph Grp., Inc.*, No. 2:12-CV-922-DAK, 2016 WL 3546244, at *2 (D. Utah June 23, 2016) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). Controlling questions include those issues impacting class size, *see Roberts*, 2018 WL 2386056, at *2, and those that may "lead to the termination of the action," *see Chamberlain*, 622 F. Supp. 3d at 1072.

5

The issue here—whether NISNPIA's class action bar applies in federal court—is a controlling question of law in every sense. The issue is purely legal in nature, requiring the Court of Appeals to consider only whether the principles articulated in *Shady Grove* require or prohibit application of NISNPIA's class action bar in federal court. That legal issue may be resolved without regard for any of the factual allegations raised in this case. The decision in turn hinges on other related legal issues: identifying the controlling opinions in *Shady Grove*, determining whether Rule 23 may be interpreted in a "permissive" sense, and deciphering the correct statutory interpretation of NISNPIA. Those issues possess a suitable level of "abstraction" to warrant immediate appellate review. *See Chamberlain*, 622 F. Supp. 3d at 1072 (holding that issue was "sufficiently abstract" to warrant interlocutory appeal).

A ruling on those issues will materially affect the outcome of the litigation—indeed, it may end it. If Plaintiffs cannot pursue a class action, then the amount-in-controversy requirement of 28 U.S.C. § 1332(d) cannot be satisfied and this Court lacks jurisdiction. *See Triumph Grp., Inc.*, 2016 WL 3546244, at *2 (D. Utah June 23, 2016) (certification is appropriate when "'the question goes to the court's subject matter jurisdiction.'" (quoting *Tank v. Chronister*, 998 F. Supp. 1160, 1162 (D. Kan. 1997))). The Court should certify its decision to allow the Court of Appeals to determine whether this court can retain subject matter jurisdiction over this case.

## II. SUBSTANTIAL GROUND FOR DISAGREEMENT EXISTS ON THE LEGAL QUESTIONS ADDRESSED IN THE COURT'S ORDER.

The *Memorandum Decision and Order's* application of *Shady Grove* presents "substantial ground for difference of opinion" as is required for certification. 28 U.S.C. § 1292(b). Those grounds exist where "the court of appeals of the circuit has not spoken on the point . . . or if novel and difficult questions of first impression are presented." *Roberts*, 2018 WL

2386056, at *2 (quoting *Kell*, 2018 WL 813449, at *2). Certification is especially appropriate when disagreements on the relevant issues manifest among the district courts within the circuit. *See Chamberlain*, 622 F. Supp. 3d at 1072 (certifying for appeal issue that generated an intra-district split as a result of a lack of Tenth Circuit authority).

The applicability of NISNPIA's class bar in federal court presents a novel and difficult question that the Tenth Circuit has never directly addressed, and it exposes an intra-district split of authority that the Court of Appeals must resolve. In holding that NISNPIA's class action bar necessarily conflicts with Rule 23, the Court noted its disagreement with two other District of Utah cases: *Fullmer v. A-1 Collection Agency, LLC*, No. 4:20-CV-00143-DN-PK, 2022 WL 1538675 (D. Utah May 16, 2022) and *Callegari v. Blendtec, Inc.*, No. 2:18-CV-308-DB, 2018 WL 5808805 (D. Utah Nov. 6, 2018). In those cases, the District of Utah considered whether the UCSPA's class action limitations applied in federal court. *Fullmer*, 2022 WL 1538675, at *1–2; *Callegari*, 2018 WL 5808805, at *2. The UCSPA generally prohibited class actions for violations of its provisions except in limited circumstances, such as when the consumer alleged actual damages caused by an act or practice that violated a rule adopted by the Utah Division of Consumer protection. *See* Utah Code Ann. § 13-11-19(4)(a). Both *Fullmer* and *Callegari* determined that Justice Stevens' concurrence controlled the entire *Shady Grove* analysis, with *Fullmer* expressly relying on Tenth Circuit authority to reach that decision. *See Fullmer*, 2022 WL 1538675, at *2 n.15 (opining that the concurrence "is controlling in the Tenth Circuit" (citing *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 983 n.6 (10th Cir. 2010))). And both *Fullmer* and *Callegari* relied on Justice Stevens' admonition to avoid collisions between state and federal rules where possible, held that Rule 23 could be read "permissively" as allowing but not necessarily requiring access to the class action form, and on that reading

7

permitted UCSPA's class action bar to co-exist with Rule 23 in federal court. *Fullmer*, 2022 WL 1538675, at *3 ("Because of the substantive nature of UCSPA . . . and the permissive language in Rule 23, there is no direct conflict between the federal rule and state law."); *Callegari*, 2018 WL 5808805, at *4 (finding "no conflict" between Rule 23 and UCSPA because "Rule 23 may be read to be permissive").

Those decisions are irreconcilable with the interpretation of *Shady Grove* advanced in this Court's decision and another District of Utah opinion upon which it relied: *Curry v. Mrs. Fields Gifts, Inc.*, Case No. 2:22-cv-00651-JNP-DBP, 2023 WL 6318108 (D. Utah Sept. 28, 2023). In *Curry*, the Court held that Justice Scalia's plurality opinion "entirely forecloses" the interpretation of Rule 23 advanced in *Fullmer* and *Callegari*, repeating the plurality opinion's view that Rule 23 creates a "categorical rule" requiring class actions in federal court for all who meet Rule 23's requirements. *Curry*, 2023 WL 6318108, at *3-4. This Court reached the same conclusion and explained that it was "not persuaded by the reasoning" in *Fullmer* and *Callegari*. [*See* Dkt. 37 at 7.] Proceeding from that premise, both decisions concluded that NISNPIA and Rule 23 conflicted. [*Id.*]; *Curry*, 2023 WL 6318108, at *4–5.

Relying on their respective interpretations of *Shady Grove*, *Curry* and this Court proceeded to determine that NISNPIA's class action bar did not define the rights and remedies afforded under NISNPIA, thereby avoiding the conclusion that applying Rule 23 over NISNPIA violated the Rules Enabling Act. [Dkt. 37 at 9–17]; *Curry*, 2023 WL 6318108, at *7. That is an issue that the Tenth Circuit has never confronted and upon which reasonable jurists could differ. Key differences between the statute at issue in this case and the New York class action limitations at issue in *Shady Grove* potentially command a different result in this action.

8

In *Shady Grove*, the Supreme Court held that a New York law, N.Y. Civ. Prac. Law Ann. (CPLR) § 901(b), that prohibited the use of class actions to recover a penalty or statutory minimum damages must yield to Rule 23 of the Federal Rules of Civil Procedure in a diversity action.  A key factor in the Court's decision was Section 901(b)'s situation within New York's procedural code and its application to all claims, not just those brought under New York law or a particular New York cause of action.  *Shady Grove*, 559 U.S. at 409, 432, 453.  As a result of its ostensibly procedural nature and broad applicability, Justice Stevens found it "hard to see" how such a rule could be bound up with particular rights or remedies.  *Id.* at 432.

The class action bar at issue in this case, by contrast, is expressed within the Liability section of the operative statute and applies only to claims brought under NISNPIA.  *See* Utah Code § 13-37-203.  That positioning within the statute suggests that it is integral to the rights and remedies afforded under NISNPIA.  *See Shady Grove*, 559 U.S. at 426 (Stevens, J.) ("Courts cannot ignore text and context in the service of simplicity.").  Indeed, Justice Stevens acknowledged that seemingly procedural rules may, in some cases, have a substantive bent.  *Id.* at 419–20 (explaining that a rule traditionally viewed as "procedural" may nevertheless be substantive because it is "so bound up with the state-created right or remedy that it defines the scope of that substantive right or remedy").  NISNPIA's class action bar is such a rule, as evidenced by its narrow application only to NISNPIA and situation within the "Liability" section of the statute directly adjacent to NISNPIA's damages limitation.  Indeed, the class action bar is the only method of ensuring that the penalties under NISNPIA remain so limited.

The Court should certify its decision so that the Tenth Circuit can determine whether NISNPIA's class action bar applies in federal court, resolve the intra-district split that has

9

emerged, and save this case from the prospect of dismissal only after the burdens of class action litigation have been exhausted.

### III. INTERLOCUTORY APPEAL WILL MATERIALLY ADVANCE THE TERMINATION OF THIS LITIGATION.

An interlocutory appeal will materially advance the termination of this litigation. An appeal does so if it would "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Chamberlain*, 622 F. Supp. 3d at 1072 (quoting *United States v. Intermountain Healthcare, Inc.*, Case No. 2:20-cv-00372-TC-CMR, 2022 WL 742693, at *1 (D. Utah Mar. 11, 2022)). Cases that would be dismissed for lack of subject matter jurisdiction following reversal on appeal are suitable for interlocutory appeal. *Triumph Grp., Inc.*, 2016 WL 3546244, at *2 ("An immediate appeal from an order may materially advance the ultimate termination of the litigation when 'the question goes to the court's subject matter jurisdiction.'" (quoting *Tank*, 998 F. Supp. at 1162)).

Here, clarity from the Tenth Circuit could terminate this litigation, obviating the need for voluminous and expensive document exchanges, depositions, summary judgment briefing, class action certification decisions, and trial preparation. Proceeding without certainty with respect to this Court's subject matter jurisdiction could come at an enormous cost to both parties, who risk learning that the court did not have the power to hear this action only at the termination of these proceedings. Guidance from the Tenth Circuit could also facilitate settlement. In these circumstances, deferring these issues until the case is litigated to conclusion is wasteful and will prolong the resolution of the case.[9] Therefore, the Court should find that Defendants have satisfied the final criterion of Section 1292(b).

---

[9] "Because part of the purpose of granting the interlocutory appeal is to avoid protracted and expensive litigation," this court should also conclude that "the case should be stayed pending the decision by the Tenth Circuit." *Blyn*, 2016 WL 3546244, at *3; *see Kenney v. Helix TCS, Inc.*,

10

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court issue an order certifying the *Order* for appeal and stating that the *Order* involves a "controlling question of law" as to which there is "substantial ground for difference of opinion," and that immediate appeal "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), and further order that this case be stayed pending appeal.

Dated:  December 13, 2024                             Respectfully submitted,

By: /s/ Elizabeth C. Rinehart
Jordan K. Cameron
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone:  (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone:  (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

---

Civil Action No. 17-cv-01755-CMA-KMT, 2018 WL 722458, at *3 (D. Utah Feb. 5, 2018) ("[P]roceeding with discovery may be wasteful, and thus may be a burden to Defendant, if the Tenth Circuit reverses this Court's Order Denying Defendant's Motion to Dismiss.").

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of December 2024, a true and correct copy of the foregoing **MOTION TO AMEND AND CERTIFY THE COURT'S ORDER [Dkt. 37] FOR INTERLOCUTORY REVIEW** was served via this Court's CM/ECF system upon all counsel of record:

    Elliot Omega Preston Jackson (*pro hac vice*)
    Frank Hedin (*pro hac vice*)
    **HEDIN LLP**
    1395 Brickell Ave., Suite 1140
    Miami, FL 33131
    Telephone: (305) 357-2107
    ejackson@hedinllp.com
    fhedin@hedinllp.com

    David W. Scofield (4140)
    **PETERS SCOFIELD**
    7430 Creek Road, Suite 303
    Salt Lake City, UT 84093-6160
    Telephone: (801) 322-2002
    dws@psplawyers.com

    *Attorneys for Plaintiffs*

    */s/ Elizabeth C. Rinehart*
    Elizabeth C. Rinehart

    *Attorney for Defendant*