Frank S. Hedin
Elliot O. Jackson
**Hedin LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3302
Telephone:      (305) 357-2107
Facsimile:       (305) 200-8801
E-Mail: fhedin@hedinllp.com
               ejackson@hedinllp.com

David W. Scofield – 4140
**Peters | Scofield**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:      (801) 322-2002
Facsimile:       (801) 912-0320
E-Mail: dws@psplawyers.com

*Counsel for Plaintiffs and Putative Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| SHANNON ARNSTEIN; DANA BASSETT; MARTIKA GARTMAN; SUELLEN HENDRIX; DEBRA MACKLIN; JEANINE MARK; MICHELLE MEINHOLD; MARIE MICHELS; JILLI OYENQUE; BARBARA PORTER; and ELIZABETH WUEBKER, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br>  v.<br><br>SUNDANCE HOLDINGS GROUP, LLC,<br><br>               Defendant. | Case No. 2:24-cv-00344-RJS<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND AND CERTIFY THE COURT'S ORDER [DKT. 37] FOR INTERLOCUTORY REVIEW** |

Plaintiffs submit this response in opposition to Defendant Sundance Holdings Group, LLC's motion (ECF No. 41 (the "Motion")) to amend the Court's Memorandum Decision and Order dated November 25, 2024 (ECF No. 37 (the "Opinion")) to include certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay these proceedings pending appeal.

## INTRODUCTION

Notwithstanding the thorough and well-reasoned Opinion of this Court and a prior consistent decision by the Hon. Jill N. Parrish on the question of Rule 23's applicability to a claim for violation of Utah's Notice of Intent to Sell Nonpublic Personal Information Act ("NISNPIA") in federal court, Defendant says the Court should certify the question for interlocutory appeal and stay the proceedings pending appeal. Defendant says so without citing to any conflicting or contradictory decisions on the question. In fact, Defendant says so without demonstrating any genuine difference of opinion at all on the question. Defendant's sole basis for the Motion — the company's subjective belief that NISNPIA's class-action bar is substantive and that both this Court and Judge Parrish got it wrong by finding it procedural — is plainly insufficient to obtain certification of an immediate appeal under § 1292(b). The Motion should be denied.

## BACKGROUND

### I. The Utah Legislature Drafts NISNPIA to Include a Purely Procedural Provision Barring Class Actions

Pursuant to NISNPIA "[a] commercial entity may not disclose nonpublic personal information that the commercial entity obtained on or after January 1, 2004, as a result of a consumer transactionm if the commercial entity fails to comply with [§] 201." Utah Code Ann. § 13-37-202.

Section 203(1) entitles a "person [to] bring an action against a commercial entity" that "violates this chapter." *See id.* § 13-37-203(1)(a)-(c). A commercial entity that violates NISNPIA is liable for statutory damages of $500 per violation, as well as court costs. *See id.* § 13-37-203(2). Finally, § 203(3) provides that "a person may not bring a class action under this chapter." *Id.* 13-37-203(3).

NISNPIA is thus "cleanly divisible into rights, remedies, and procedures." *Curry v. Mrs. Fields Gifts, Inc.*, No. 2:22-CV-00651-JNP-DBP, 2023 WL 6318108, at *6 (D. Utah Sept. 28, 2023). "[Section]

1

203(1), together with §§ 201 and 202, . . . provide the *cause of action*—that is, the claim or right." *Id.*, at *7. "Section 203(2), in turn, creates the applicable remedy by defining what 'a court can do for a litigant who has been wronged[.]'" *Id.* (quoting *Remedy*, Black's Law Dictionary (11th ed. 2019)). "Section 203(3), however, is neither a statement of rights nor one of remedies. It neither dictates what must be pleaded or proved as a cause of action, nor does it determine what a plaintiff *gets* should he prevail on such a claim. Instead, § 203(3) is entirely a matter of procedure, merely going to the preferred means of joinder and aggregation." *Curry*, 2023 WL 6318108, at *7.

## II. Judge Parrish of this District Holds that Rule 23 Governs in a NISNPIA Action in Federal Court, Notwithstanding the Statute's Class-Action Bar

Judge Parrish of this district previously held NISNPIA's class-action bar inapplicable in federal court in *Curry v. Mrs. Fields Gifts, Inc.*, No. 2:22-CV-00651-JNP-DBP, 2023 WL 6318108 (D. Utah Sept. 28, 2023), and no court to have analyzed the issue has ever held otherwise.

In *Curry*, also a class action alleging violation of NISNPIA, Judge Parrish issued a thorough, well-reasoned decision finding that, under the standard set forth in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), NISNPIA's class-action bar is not part of Utah's framework of substantive rights and remedies, such that Rule 23 entitled the plaintiffs to maintain the case as a class action in federal court. *See Curry*, 2023 WL 6318108, at *2-5.

Under the first step of the *Shady Grove* analysis, the court in *Curry* "consider[ed] whether Rule 23 answers the same questions as [NISNPIA's class-action bar]." *Id.* at *2. The court answered this question in the affirmative: "By their plain text, Rule 23 and § 203(3) are in direct, unavoidable conflict. Under the former, a class action 'may be maintained.' Fed. R. Civ. P. 23(b). Under the latter, a class action 'may *not*' be brought by a person." *Id.* at *3. In other words, "[t]here is a direct collision" between Rule 23 and NISNPIA's class-action bar. *Id* at *5.

After determining that Rule 23 answers the same question as NISNPIA's class-action bar, the court in *Curry* next analyzed whether Rule 23 is *ultra vires*. "Follow[ing] the roadmap provided by Justice Stevens in his concurrence," the court focused its analysis on "'whether [Rule 23] has displaced '[Utah's] definition of its own rights or remedies [in NISNPIA],'" *Id.* at *5 (quoting *Racher v. Westlake*

2

*Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1164 (10th Cir. 2017) (citing *Shady Grove*, 559 U.S. at 418 (Stevens, J., concurring)). The court explained that, because "the class action mechanism under Rule 23 is merely a 'species of joinder,' and therefore presumptively procedural by nature," in order for a Rules Enabling Act problem to arise, "the traditionally procedural class action form in [NISNPIA] must . . . be truly inseparable from the [statute's] substantive rights and remedies." *Curry*, 2023 WL 6318108, at *6 (citations omitted). After close analysis of the statutory scheme, the court found that the class-action bar found in section 203(3) of NISNPIA "is neither a statement of rights nor one of remedies," as "[i]t neither dictates what must be pleaded or proved as a cause of action, nor does it determine what a plaintiff *gets* should he prevail on such a claim." *Id.* at *7. "Instead, § 203(3) is entirely a matter of procedure, merely going to the preferred means of joinder and aggregation," and "separable from any elements of Utah's 'framework of substantive rights and remedies[]' otherwise provided under that Act." *Id.* (quoting *Shady Grove*, 559 U.S. at 419 (Stevens, J., concurring)).

Thus, the court in *Curry* "conclude[d] that Rule 23 permits Plaintiffs to 'maintain[]" a class action suit'" for violation of NISNPIA in federal court. *Id.* (quoting Fed R. Civ. P. 23(b)).

### III. This Court Likewise Holds that Rule 23 Governs in a NISNPIA Action in Federal Court, Notwithstanding the Statute's Class-Action Bar

The Opinion of this Court is the deepest dive yet into NISNPIA's statutory scheme, rooted firmly in the statute's text and structure and supported by the precedent in *Shady Grove* and *Curry* describe above. After "disagree[ing]" with all of Defendant's arguments, at both step one and step two of the *Shady Grove* analysis, the Court held that "Rule 23 of the Federal Rules of Civil Procedure," not the class-action bar found in § 203(3) of NISNPIA, "governs the issue of whether Plaintiffs may proceed as a class[.]" *See Arnstein v. Sundance Holdings Grp., LLC*, No. 2:24-CV-00344-RJS-DAO, 2024 WL 4882857, at *2 (D. Utah Nov. 25, 2024); *see also id.*, at *2, *4, *8-9).

First, the Court explained that "[b]ecause Justice Stevens joined the plurality's analysis of Step One in *Shady Grove*, the plurality opinion and Justice Stevens's concurrence guide this part of the analysis." *Arnstein*, 2024 WL 4882857, at *3 (citing *Shady Grove,* 559 U.S. at 411 (plurality opinion)); *Roberts*, 321 F. Supp. 3d at 1254 (same); *Curry*, 2023 WL 6318108, at *3 (same)). And "the plurality

3

opinion in *Shady Grove* interpreted Rule 23 as creating 'a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action.'" *Arnstein*, 2024 WL 4882857, at *4 (quoting *Shady Grove*, 559 U.S. at 398 (plurality opinion). "As such, Rule 23 cannot be read to be permissive under Step One, and any state statute—like NISNPIA . . .—restricting a party's ability to bring a class action more than what is already articulated in Rule 23 necessarily and directly conflicts with the Rule." *Arnstein*, 2024 WL 4882857, at *4 (quoting *Shady Grove*, 559 U.S. at 400-01). Having found "a direct conflict between Rule 23 and § 203(3)," the Court explained that "Rule 23 governs unless it violates the Enabling Act." *Id.*, at *9.

And at step two of the *Shady Grove* analysis, which in the Tenth Circuit is controlled by Justice Stevens's *Shady Grove* concurrence, *Arnstein*, 2024 WL 4882857, at *5, the Court found that applying Rule 23 in this case would not "abridge[e], enlarg[e], or modify[] [NISNPIA's] rights or remedies," and therefore would not violate the Enabling Act. *Id.* (citing *Shady Grove*, 559 U.S. at 431 (Stevens, J., concurring)). Specifically, the Court found that 203(1) creates a "right for a 'person' not to have their nonpublic personal information . . . disclosed by a commercial entity without receiving proper notice," *Arnstein*, 2024 WL 4882857, at *5, and that "[§] 203(2) clearly provides a remedy of '$500' and 'court costs' for 'the person who brings the action.'" *Arnstein*, 2024 WL 4882857, at *6. Importantly, however, the Court explained that "§§ 203(1) and 203(2)—the provisions creating the rights, duties, and remedies—never reference, acknowledge, or incorporate § 203(3)—the class action bar. In fact, besides being codified in the same 'Liability' section, these subsections are entirely ignorant of § 203(3)." *Id.* Accordingly, the Court concluded that "Plaintiffs are . . . entitled to maintain their class action, provided Rule 23's other requirements are satisfied[.]" *Arnstein*, 2024 WL 4882857, at *9.

The Court thus easily rejected every aspect of Defendant's erroneous interpretation of NISNPIA's class-action bar as affecting substantive rights or remedies, leaving no room for any serious difference of opinion.

## APPLICABLE LEGAL STANDARD

Generally, only the "final decisions" of district courts are appealable. 28 U.S.C. § 1291. There are several exceptions to this rule, among them the provisions of 28 U.S.C.

4

§ 1292(b). Under that statute, a court of appeals has discretion to hear an interlocutory appeal of an order "not otherwise appealable" if a district court certifies that the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The criteria for an interlocutory appeal pursuant to § 1292(b) "are conjunctive, not disjunctive." *Sec. & Exch. Comm'n v. Green United*, No. 2:23-CV-00159-AMA-CMR, 2024 WL 4894384, at *1 n.4 (D. Utah Nov. 26, 2024) (citing *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)). Thus, "[u]nless all these criteria are satisfied, the district court may not and should not certify its order . . . under section 1292(b)." *Ahrenholz*, 219 F.3d at 676.

The second requirement – that the controlling question of law is one for which there is "substantial ground for difference of opinion" – is met where "'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Kell v. Crowther*, No. 2:07–cv–00359–CW, 2018 WL 813449 (D. Utah Feb. 9, 2018) (quotation omitted). Put another way, "[w]here . . . a controlling court has not definitively decided an issue, the party requesting certification must demonstrate that a substantial likelihood exists that the district court ruling will be reversed on appeal." *U.S. Commodity Futures Trading Comm'n v. Kraft Foods Grp., Inc.*, 195 F. Supp. 3d 996, 1005 (N.D. Ill. 2016) (quotation omitted).

"Interlocutory appeals under § 1292(b) are limited to 'extraordinary cases;' the district court's certification role serves as a 'procedural screen to avoid a flood of fruitless petitions invoked contrary to the purpose of 1292(b).'" *Roberts v. C.R. England, Inc.*, No. 212CV00302RJSBCW, 2018 WL 2386056, at *2 (D. Utah Apr. 24, 2018) (Shelby, J.) (citations omitted).

## ARGUMENT

The Motion should be denied for failure to demonstrate a "substantial ground for difference of opinion" on the question of Rule 23's applicability to a NISNPIA claim brought in federal court, because Defendant has not established a "substantial likelihood" that the Opinion will be reversed on appeal. *See* 28 U.S.C. § 1292(b); *U.S. Commodity Futures Trading Comm'n*, 195 F. Supp. 3d at 1005.

5

As a threshold matter, the Opinion is thorough, tightly reasoned, and firmly worded. It would make no sense for the Court to regard its own solid piece of work from just over a month ago as substantially likely to be reversed.

And while the Tenth Circuit has not "directly addressed" the applicability of NISNPIA's class-action bar in federal court, another federal district court has, and the decision there underscores why it is overwhelmingly <u>unlikely</u>, not substantially likely, that the Opinion here will be reversed. Like this Court, the only other court to have analyzed the question of Rule 23's applicability to a NISNPIA claim in federal court, *Curry*, decided the question based upon NISNPIA's plain statutory language and structure, and in a manner consistent with the Opinion in this case. There is thus no difference of opinion at all, let alone one for which "substantial grounds" exist, much less one demonstrating a "substantial likelihood" that the Opinion will be reversed, on the question of Rule 23's applicability to a NISNPIA claim brought in federal court. *See, e.g., Oyster v. Johns- Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983) (noting that movant's "inability to adduce a sufficient number of 'conflicting and contradictory opinions'" demonstrated a lack of a "substantial ground for difference of opinion" necessary to satisfy requirements of § 1292(b)); *Salim Oleochemicals, Inc. v. M/V SHROPSHIRE*, 177 F. Supp. 2d 159, 162 (S.D.N.Y. 2001) (finding no "substantial ground for difference of opinion" where there was not "a substantial split in Second Circuit district court rulings on the issue").

Notably, the defendant in *Curry* did not deem any disagreement on the question substantial enough to seek certification under § 1292(b).

Defendant relies on its own subjective opinion that the "applicability of NISNPIA's class bar in federal court presents a novel and difficult question[.]" (Mot. at 7.) Such self-serving declarations are insufficient to establish a substantial ground for difference of opinion, much less a substantial likelihood of reversal. *See Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006) ("[T]he fact that the parties themselves disagree as to the interpretation of persuasive authority [does not] constitute 'a difference of opinion' sufficient to warrant certification."); *see also, e.g., Roberts*, 2018 WL 2386056, at *3 ("Defendants do not appear to take issue with the legal standards this court applied in its Order, but rather disagree with the court's application of that law to the record presented by the

6

parties. Defendants' disagreement with the court's ruling is insufficient [to certify an immediate appeal under §1292(b)].").

Defendant also attempts to break down the question for which certification is sought into two separate questions that track the two steps of *Shady Grove*'s framework. This strategy fares no better, as no substantial ground for difference of opinion exists at either step of the analysis.

First, Defendant says there is substantial ground for difference of opinion as to whether Justice Scalia's majority opinion controls at step one of the *Shady Grove* analysis (or whether, as Defendant contends, Justice Stevens's concurrence controls at step one). (Mot. at 7.) Not so. As the court in *Curry* explained, "Part IIA [of Justice Scalia's opinion] is directed to *Shady Grove* Step One," and it, along with Part I of the opinion, "were joined by Justices Roberts, Thomas, Sotomayor, and (importantly) Stevens, and are therefore controlling." *Curry*, 2023 WL 6318108, at *3 (citing *Roberts v. C.R. Eng., Inc.*, 321 F. Supp. 3d 1251, 1254 (D. Utah 2018); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333 n.1 (D.C. Cir. 2015); *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1335 (11th Cir. 2015)). And "Part IIA [of *Shady Grove*], which binds this Court as to Step One, leaves no doubt that Rule 23 is not permissive in the sense that Defendant contends," because "[a]s the *Shady Grove* majority made clear, Rule 23, by its terms, 'creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action.'" *Curry,* 2023 WL 6318108, at *4 (quoting *Shady Grove*, 559 U.S. at 398 (majority opinion)). This Court's Opinion likewise holds that, as the Supreme Court explained in *Shady Grove*, "Rule 23 creates a categorical rule entitling a plaintiff to pursue his claim as a class action." *Arnstein*, 2024 WL 4882857, at *4 (citing *Shady Grove*, 559 U.S. at 398). Notably, when the Court at oral argument expressed its view that Justice Scalia's majority opinion controls at step one, Defendant acknowledged that it faced "an uphill battle" in arguing that Justice Stevens's concurrence applies at step one instead – effectively conceding the absence of any "substantial ground for difference of opinion" on the issue. (ECF No. 41-1 at 8:13-19 (". . . I fully appreciate Your Honor's decision on step one. . . . We knew that was an uphill battle.").)

Defendant nonetheless argues that substantial ground for difference of opinion exists on the issue because the "Tenth Circuit has not spoken with one voice" on whether Justice Scalia's majority

7

opinion or Justice Stevens's solo concurrence applies at step one. The argument is baseless. For one thing, a majority opinion of the Supreme Court obviously binds all federal courts – and, as Defendant has acknowledged, Justice Stevens joined the part of Justice Scalia's opinion pertaining to step one, resulting in a five-justice majority opinion that governs the step-one analysis. (ECF No. 41-1 at 8:23-24 (acknowledging that "Justice Stevens did sign onto" the part of Justice Scalia's opinion pertaining to step one).) Moreover, as Defendant acknowledges in the Motion, the Tenth Circuit in *Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938 (10th Cir. 2020) recently found Justice Scalia's opinion controlling at the first step of the *Shady Grove* analysis (and correctly applied it to determine whether the pertinent federal Rule collided with the state procedural provision at issue in that case). (Mot. at 3 n.4 (noting that *Stender* "rel[ied] on Justice Scalia's opinion to resolve the . . . issue" at step one)).

Grasping at straws, Defendant argues that certification is warranted because two district court decisions – *Fullmer v. A-1 Collection Agency, LLC*, No. 4:20-CV-00143-DN-PK, 2022 WL 1538675 (D. Utah May 16, 2022) and *Callegari v. Blendtec, Inc.*, No. 2:18-CV-308-DB, 2018 WL 5808805 (D. Utah Nov. 6, 2018) – "expressly conflict" with this Court's holdings that Justice Scalia's majority opinion controls at step one and that Rule 23 categorically requires a district court to entertain a class action where its requirements are satisfied. But Defendant previously cited to *Fullmer* and *Callegari* in support of its step-one argument at the motion to dismiss stage, and the Court rejected the argument after finding the reasoning of *Fullmer* and *Callegari* "not persua[sive]." *Arnstein*, 2024 WL 4882857, at *4. The Court should now similarly reject Defendant's attempt to demonstrate the existence of a "substantial ground for difference of opinion" at step one by recycling these same unpersuasive decisions. *See, e.g., United States v. Corps. for Character, L.C.*, No. 2:11-CV-419-RJS, 2015 WL 12780592, at *2 (D. Utah July 1, 2015) (rejecting "attempt to show a difference of opinion among federal courts" by "cit[ing] to the same cases the court analyzed in its prior Order"). Moreover, it is well established that mere disagreement among district courts on an issue does not equate to a "substantial ground for difference of opinion" under § 1292.[1] *See, e.g., Pack v. Investools, Inc.,* No. 2:09–cv–1042–TS, 2011 WL

---

[1] After all, applying the Supreme Court's decision in *Shady Grove* is one of the workaday tasks of a federal district court sitting in diversity jurisdiction. It is thus hardly surprising that the federal judiciary

8

2161098, at *1 (D. Utah June 1, 2011); *Roberts*, 2018 WL 2386056, at *3. And that is particularly true here given that this Court, Judge Parrish, and at least one other court all view the decisions in *Fullmer* and *Callegari* as wrongly decided. *See, e.g., Arnstein*, 2024 WL 4882857, at *4; *Curry*, 2023 WL 6318108, at *3; *Parrish v. Volkswagen Grp. of Am., Inc.*, 463 F. Supp. 3d 1043, 1062 (C.D. Cal. 2020).

Turning to step two of the *Shady Grove* analysis, Defendant argues that a substantial ground for difference of opinion exists on whether NISNPIA's class-action bar "define[s] the rights and remedies afforded by the statute" (Mot. at 3), and in support cites to this Court's characterization of the question as a "closer call" than the question concerning the New York statute before the Supreme Court in *Shady Grove* (*id.* at 4). But just because the question at step two is a "closer call" here than it was in *Shady Grove* does not mean that a "substantial ground for difference of opinion" exists as to the correctness of the Court's conclusion. It is well established that § 1292(b) "is not intended as a vehicle to provide early review of difficult rulings in hard cases." *Horton v. Thompson*, No. 88 C 6063, 1989 WL 153402, at *3 (N.D. Ill. Nov. 15, 1989). In view of the class-action bar's placement in a separate provision of the statute, cleanly cordoned off from NISNPIA's other provisions providing for rights and remedies, this is not even a hard case. Indeed, the Court's thorough and well-reasoned Opinion carefully considered and flatly rejected all of Defendant's arguments at step two as "unpersua[sive]," *Arnstein*, 2024 WL 4882857, at *7, and resting on "weak, speculative evidence," *id.* at *8.

This Court's decision in *Roberts v. C.R. England, Inc.* is instructive at step two. There, the Court declined to permit an immediate appeal from an order that found Rule 23 (rather than a conflicting state statutory provision) applicable in federal court under *Shady Grove*, reasoning as follows:

> The question here at issue is not the subject of a circuit split. Nor does it involve the application of foreign law. Although the legal question presented here is not a simple one, it is also not so complicated that it merits interlocutory review. It is not a "novel

---

is not in unanimous agreement on each of the innumerable legal issues that *Shady Grove* touches upon. And because disagreements among district courts on such issues are exceedingly common, rarely will they present the "extraordinary" circumstances necessary to warrant certification of an immediate appeal pursuant to § 1292. *See Roberts*, 2018 WL 2386056, at *2 ("Interlocutory appeals under § 1292(b) are limited to 'extraordinary cases[.]'); *see also, e.g., id.*, at *3 (explaining that "Defendants do not appear to take issue with the legal standards this court applied in its Order, but rather disagree with the court's application of that law to the record presented by the parties," and holding that such disagreement is "insufficient" to obtain certification of an immediate appeal pursuant to §1292(b)).

and difficult question of first impression," but is instead controlled by Justice Stevens's framework and analysis in *Shady Grove*. While the Tenth Circuit has not applied *Shady Grove* to the precise question at issue, this court found "sufficient guidance and authority to decide this question under controlling federal authority."

*Roberts*, 2018 WL 2386056, at *3. The same reasoning applies here. The question at step two of the analysis – i.e., whether NISNPIA's class-action bar defines the statute's substantive rights and remedies – is "not the subject of a circuit split," does not "involve the application of foreign law," and is "not a 'novel and difficult question of first impression'" (but rather is "controlled by Justice Stevens's framework and analysis in *Shady Grove*," at least in the Tenth Circuit). *See id.* And although this question "is not a simple one, it is also not so complicated that it merits interlocutory review." *Id.* Accordingly, § 1292(b)'s requirement that the question be one for which there is "substantial ground for difference of opinion" is "not satisfied" in this case. *See id.* at *2-3.

Finally, Defendant argues that "whether NISNPIA's class action bar applies in federal court" is a controlling question of law (Mot. at 6), and that the Tenth Circuit's resolution of the question "will materially advance the termination of this litigation" (*id.* at 10). But because the criteria for an interlocutory appeal pursuant to § 1292(b) "are conjunctive, not disjunctive," *Ahrenholz*, 219 F.3d at 676, "[t]he federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991); *see also, e.g., Sec. & Exch. Comm'n*, 2024 WL 4894384, at *1 n.4 ("The parties focus on whether there is a substantial ground for difference of opinion as to the controlling law. Given the Court's resolution of that question, it need not reach § 1292(b)'s other criteria."). As discussed above, an immediate appeal pursuant to § 1292(b) is unwarranted because no "substantial ground for difference of opinion" exists on the question presented in the Motion.

## CONCLUSION

Reversal is overwhelmingly unlikely, not substantially likely. There is no reason for the Court to certify its prior ruling for interlocutory review. The Motion should be denied.[2]

---

[2] Because certification of an interlocutory appeal under § 1292(b) is unwarranted, the Motion's request for a stay should likewise be denied. *See* 28 U.S.C.A. § 1292(b) (court may exercise discretion to stay proceedings only upon certification of immediate appeal).

10

Dated: December 27, 2024                    Respectfully submitted,

/s/ Frank S. Hedin
FRANK S. HEDIN

**HEDIN LLP**
FRANK S. HEDIN (pro hac vice)
ELLIOT O. JACKSON (pro hac vice)

-and-

**PETERS | SCOFIELD**
*A Professional Corporation*
DAVID W. SCOFIELD

*Counsel for Plaintiffs and Putative Class*