Jordan K. Cameron (12051)
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

---

## UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHANNON ARNSTEIN, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> SUNDANCE HOLDINGS GROUP, L.L.C., <br><br> Defendant. | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO AMEND AND CERTIFY THE COURT'S ORDER FOR INTERLOCUTORY REVIEW [DOC 41]** <br><br> Civil No. 2:24-cv-00344-RJS-DAO <br><br> Judge Robert J. Shelby <br> Magistrate Daphne A. Oberg |

COMES NOW, Defendant Sundance Holdings Group, L.L.C. ("Sundance" or "Defendant"), through counsel, and respectfully submits this *Reply in Support of Its Motion to Amend and Certify the Court's Order for Interlocutory Review* [Dkt. 41].

### INTRODUCTION

This Court's *Memorandum Decision and Order* [Dkt. 37] applied *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) to hold that Rule 23 of the

-1-

Federal Rules of Civil Procedure permitted class actions under Utah's Notice of Intent to Sell Nonpublic Personal Information Act ("NISNPIA") despite that statute's express class action prohibition.  *See* Utah Code Ann. § 13-37-203(3) ("A person may not bring a class action under this chapter.").  Plaintiffs do not dispute that interlocutory appeal of that dispositive legal ruling would materially advance the termination of this litigation as certification requires.  *See* 28 U.S.C. § 1292(b).  The only issue, then, is whether there are "substantial grounds for difference of opinion" on the proper application of *Shady Grove* to Rule 23 and NISNPIA's class action bar.  *Id.*  Those grounds exist because every aspect of the Court's decision required resolution of debated legal questions.  To reach its holding, this Court expressly disagreed with two other District of Utah decisions applying *Shady Grove* to interpret Rule 23; attempted to reconcile competing interpretations of *Shady Grove* advanced by different Tenth Circuit panels; and addressed novel issues of statutory construction.  This Court should certify its ruling to allow the Tenth Circuit to clarify its divergent *Shady Grove* decisions, resolve an emerging intra-district split of authority, and apply its analysis to NISNPIA before class actions under that statute further proliferate in the federal courts.

## ARGUMENT

**I.    The District of Utah's Irreconcilable Applications of *Shady Grove* to Rule 23 Reveal that "Substantial Grounds" Exist for Differing Opinions.**

Plaintiffs are in a bind: they must argue that there are no "substantial grounds" for differing opinions regarding *Shady Grove's* application to Rule 23 and NISNPIA, but must also recognize that the *Memorandum Decision and Order* expressly disagreed with two other District of Utah decisions to reach its holding.  Specifically, this Court found unpersuasive two decisions within this district that read Rule 23 as "permissive" in nature and therefore reconcilable with state law that, like NISNPIA, imposed additional restrictions on the class action form: *Fullmer v.*

*A-1 Collection Agency, LLC,* No. 4:30-CV-00143-DN-PK, 2022 WL 1538675 (D. Utah May 16, 2022), and *Callegari v. Blendtec, Inc.*, No. 2:18-CV-308-DB, 2018 WL 5808805 (D. Utah Nov. 6, 2018).  [Dkt. 37 at 8–9 (explaining that the Court was "not persuaded by the reasoning" in *Fullmer* and *Callegari*).]  That express conflict reveals that "substantial grounds" exist for disagreement with the Court's order.  *See Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1071–73 (D. Utah Aug. 17, 2022) (certifying decision for appeal because it involved a "recent intra-district split" that the Tenth Circuit had not yet had an opportunity to resolve).

Unable to avoid this manifest difference of opinion, Plaintiffs contend that *Callegari* and *Fullmer* are irrelevant, citing two District of Utah cases, *Pack v. Investools, Inc.* and *Roberts v. C.R. England*, for support.  [Dkt. 43 at 9–10 (citing *Pack v. Investools, Inc.*, No. 2:09–CV–1042–TS, 2011 WL 2161098, at *1 (D. Utah June 1, 2011), and *Roberts v. C.R. England, Inc.*, No. 2:12-CV-00302-RJS-BCW, 2018 WL 2386056, at *3 (D. Utah Apr. 24, 2018).]  Those cases hold that disagreement with the application of settled legal principles cannot justify certification. But this case presents serious questions regarding the legal standard to be applied, not only its application to specific facts.

In *Pack*, the District of Utah refused to certify for interlocutory review its determination that a call center was a "retail or service establishment" under the Fair Labor Standards Act ("FLSA").  *Pack*, 2011 WL 2161098, at *1–2.  That application of law to facts was not even a legal question, much less a controversial one.  *Id.* at *2.  The applicable legal standard under the FLSA was settled; Plaintiffs only disagreed on its application to the facts.  *Id.*

*Roberts* similarly held that interlocutory review was not appropriate when only the application of an accepted standard was at issue.  In that case, Defendants disagreed with this Court's determination that Plaintiffs' Utah Consumer Sales Practices Act ("UCSPA") claims

were subject to Rule 23's opt-out notice requirements despite UCSPA's opt-in notice provision, citing district court case law reaching contrary decisions. *Roberts*, 2018 WL 2386056, at *1. Defendant did not dispute that *Shady Grove* governed and failed to present in its certification petition any debate regarding the proper articulation of *Shady Grove*. *Id.* at *3 ("Defendants do not appear to take issue with the legal standards this court applied in its Order, but rather disagree with the court's application of that law to the record presented by the parties."). The Court held that Defendants' mere disagreement with *Shady Grove's* application did not generate a certifiable issue. *Id.* at *4.

Unlike *Pack* and *Roberts*, the controversy in this case involves in part the identification of the appropriate legal standard, not merely the application of a settled rule to novel facts. As described in more detail below, the Tenth Circuit has not consistently articulated whether Justice Scalia or Justice Stevens' opinion, or which aspects of those opinions, should control the *Shady Grove* analysis. *Fullmer* and *Callegari* both relied on Justice Stevens' concurrence to hold that Rule 23 could co-exist with a state law class action limitation. *Fullmer*, 2022 WL 1538675, at *3 ("Because of the substantive nature of UCSPA . . . and the permissive language in Rule 23, there is no direct conflict between the federal rule and state law."); *Callegari*, 2018 WL 5808805, at *4 (finding "no conflict" between Rule 23 and UCSPA because "Rule 23 may be read to be permissive"). This Court disagreed with those decisions, found Justice Scalia's interpretation of Rule 23 controlling, and determined that Rule 23 could not be harmonized with NISNPIA's class action bar. [Dkt. 37 at 8–9.] That decision was purely legal in nature, critical to the Court's ruling, and irreconcilable with other cases within this district. It is ripe for certification.

II.     **The Tenth Circuit Has Not Applied *Shady Grove* Uniformly, Leading to Confusion in the District Courts.**

The intra-district split described above is attributable to the Tenth Circuit's inconsistent articulation of *Shady Grove*.  Attempting to reconcile divergent panel decisions variously applying either Justice Stevens or Justice Scalia's analysis, this Court held that both the *Shady Grove* plurality and concurrence "guide" Step One of the *Shady Grove* two-step, which considers whether a federal rule and state law conflict, and applied language from Justice Scalia's opinion to hold that Rule 23 and NISNPIA irreconcilably collided.  [Dkt. 37 at 7 ("Because Justice Stevens joined the plurality's analysis of Step One in *Shady Grove*, the plurality opinion and Justice Stevens's concurrence guide this part of the analysis.").]

But whether and how to weigh these two guiding voices has serious ramifications—if Justice Scalia's opinion prevails, then any state law which imposes restrictions on the class action form beyond those articulated in Rule 23 must be read in conflict with Rule 23.  *See Shady Grove*, 559 U.S. at 398–406 (Scalia, J.) (holding that Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action" and rejecting the argument that Rule 23 could be read as merely permitting, rather than requiring, a class action whenever Rule 23's criteria are met).  But if Justice Stevens' concurrence receives greater weight, a "saving construction" may permit the courts to read Rule 23 as merely permitting class actions, rather than requiring them, and thereby capable of coexisting with such laws.  *Id.* at 423 (Stevens, J.) (encouraging courts to adopt "saving" constructions of federal rules that would prevent conflicts with state law); *Callegari*, 2018 WL 5808805, at *4 (finding "no conflict" between Rule 23 and UCSPA because "Rule 23 may be read to be permissive").

The Tenth Circuit's divergent opinions on this topic do not provide sufficient guidance. In several cases, the Tenth Circuit has held that Justice Stevens' concurrence, not the plurality

opinion, controls the entire *Shady Grove* analysis.  *See Los Lobos Renewable Power, LLC v. AmeriCulture, Inc.*, 885 F.3d 659, 668 n.3 (10th Cir. 2018) ("Justice Stevens' concurrence in *Shady Grove* provides the controlling analysis in the Tenth Circuit."); *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) ("When faced with a choice between a state law and an allegedly conflicting federal rule, we follow the framework described by the Supreme Court in *Shady Grove*, as laid out by Justice Stevens in his concurring opinion."); *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1217 (10th Cir. 2011) ("[T]he Tenth Circuit has understood [Justice Stevens's] concurrence to be the controlling opinion in *Shady Grove*."); *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 983 & n.6 (10th Cir. 2010) (explaining that Justice Stevens' concurrence controls because it resolved the "question on narrower grounds than those relied on by the plurality").  The district courts in the Tenth Circuit have generally followed that holding and rejected attempts to impose Justice Scalia's view.  *See Diamond Ranch Acad., Inc. v. Filer*, 117 F. Supp. 3d 1313, 1319 n.10 (D. Utah 2015) (explaining that the Tenth Circuit "has adopted Justice Stevens' concurrence as the opinion governing the issue of whether a state law conflicts with the federal rules of procedure").

But the Tenth Circuit's decisions on this score have been far from uniform.  On occasion, the Tenth Circuit has issued opinions suggesting that district courts were bound to apply Justice Scalia's plurality opinion.  In *Scottsdale Ins. Co., Inc. v. Tolliver*, the Tenth Circuit seemed to apply the plurality opinion's "Step Two" analysis in determining that an Oklahoma statute governing attorneys' fee awards was substantive in nature.  636 F.3d 1273, 1280 (10th Cir. 2011) (citing *Shady Grove*, 559 U.S. at 407).  And in *Jones v. United Parcel Service, Inc.*, the Tenth Circuit cited and applied only the plurality opinion to conclude that Rule 38 permitted a federal

jury to award punitive damages over a Kansas statute that constrained that decision to the courts. 674 F.3d 1187, 1202–03, 1206 (citing *Shady Grove*, 559 U.S. at 398, 406).

The Tenth Circuit's most recent entry, *Stender v. Archstone-Smith Operating Trust*, 958 F.3d 938 (10th Cir. 2020), did not reconcile these differences. The Court held that Justice Scalia's "Step One" analysis constituted the majority opinion of the Court because Justice Stevens had joined in that portion of the opinion. *Id.* at 943. The Tenth Circuit then applied Justice Scalia's framework to conclude that Rule 54(d) conflicted with a Colorado statute governing cost awards because both Rule 54(d) and the Colorado statute "answer[ed] the same question." *Id.* at 945–46 (citing *Shady Grove*, 559 U.S. at 399). Because the Tenth Circuit looked solely to Justice Scalia at Step One, it did not consider Justice Stevens' admonishment to apply a "saving" construction of the Federal Rule to avoid conflicts with state law whenever possible. While acknowledging that prior Tenth Circuit authorities had declared Justice Stevens' concurrence controlling, the Court did not attempt to resolve that apparent conflict. *Id.* at 947. Instead, the Court held that Rule 54(d) trumped the Colorado law under "any available Supreme Court doctrine." *Id*.

This Court's *Memorandum Decision and Order* attempted to reconcile these disparate opinions by declaring that both Justice Stevens' concurrence and Justice Scalia's opinion "guide" the Step One analysis. [Dkt. 37 at 7 ("Because Justice Stevens joined the plurality's analysis of Step One in Shady Grove, the plurality opinion and Justice Stevens's concurrence guide this part of the analysis.").] Reasonable grounds exist to disagree with that conclusion. *Stender* held that only Justice Scalia's opinion controlled at Step One and left application of the concurrence an open question, while cases like *Los Lobos*, *Racher*, *James River*, and *Garman* require application

of Justice Stevens' approach.  The Court should certify its decision to permit the Tenth Circuit to reconcile these authorities.

## III.     Unsettled Issues of Statutory Interpretation Make this Case Suitable for Certification.

Proceeding to the next part of the *Shady Grove* analysis, this Court applied principles of statutory interpretation to determine that applying Rule 23 would not abridge substantive rights arising from NISNPIA's class action bar, considering both NISNPIA's plain language and statutory history.  [Dkt. 37 at 10–17.]  Plaintiffs claim that this issue is "not even a hard case." [Dkt. 43 at 9.]  But Plaintiffs' assessment of the question's difficulty does not control.  The Court's eight pages of analysis on this issue reveal that the question was both novel and challenging.  No appellate court has ever considered whether NISNPIA's class action bar is substantive or procedural, and no district court has assessed NISNPIA's legislative history, rendering the issue suitable for certification.  *See Roberts*, 2018 WL 2386056, at *2 (certification is appropriate where "novel and difficult questions of first impression are presented").  Reasonable jurists could disagree with this Court's conclusion that NISNPIA's class action bar is merely procedural, considering its position within the "Liability" section of the statute, its narrow tailoring to only NISNPIA claims, and legislative history reflecting a desire to limit the liabilities available under the law.

## IV.     Certification Will Bring Clarity to Several Cases Before this Court.

Certification will not only bring clarity to this case, but will hasten the resolution of several other pending cases.  *See Diaz v. King*, No. CV 14-1086 KG/SCY, 2016 WL 8925344, at *3 (D.N.M. Jan. 13, 2016) ("An interlocutory appeal is also appropriate where resolution of the issue would materially advance the termination of not only the present case, but also other cases pending before the court.").  The District of Utah is considering motions to dismiss based on

NISNPIA's class action bar in *Pilkington v. Gorsuch, LTD*, Case No. 2:24-cv-00434 (D. Utah filed Jun. 14, 2024), *Teresa v. Mayo Found. Med. Educ. & Research*, Case No. 4:24-cv-00033 (D. Utah filed Mar. 12, 2024), and *Collins v. The Economist Newspaper NA, Inc.*, Case No. 2:23-cv-00878 (D. Utah filed Dec. 5, 2023).  Counsel have filed notices of supplemental authority citing this Court's decision in each above-referenced case.  *See* Notice of Supplemental Authority, *Pilkington v. Gorsuch, LTD*, Case No. 2:24-cv-00434 (D. Utah Dec. 16, 2024), Dkt. 31; Notice of Supplemental Authority, *Teresa v. Mayo Found. Med. Educ. & Research*, Case No. 4:24-cv-00033 (D. Utah Dec. 18, 2024), Dkt. 39; Notice of Supplemental Authority, *Collins v. The Economist Newspaper NA, Inc.*, Case No. 2:23-cv-00878 (D. Utah Dec. 18, 2024), Dkt. 29.  A hearing on the *Pilkington* motion has been set for March 27, 2025.  *See* Notice of Hearing on Motion, *Pilkington v. Gorsuch, LTD*, Case No. 2:24-cv-00434 (D. Utah Dec. 16, 2024), Dkt. 33.  Certification would enable the Tenth Circuit to definitively resolve the *Shady Grove* issues presented in those cases, determine whether this Court has subject matter jurisdiction over NISNPIA class action litigation proliferating in this district, and ensure consistency in all matters involving the same issue.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court issue an order certifying its *Memorandum Decision and Order* for appeal and stating that the Order involves a "controlling question of law" as to which there is "substantial ground for difference of opinion," and that immediate appeal "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), and further order that this case be stayed pending appeal.

Dated: January 10, 2025

Respectfully submitted,

By: /s/ Elizabeth C. Rinehart
Jordan K. Cameron
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 10th day of January 2025, a true and correct

copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO AMEND**

**AND CERTIFY THE COURT'S ORDER FOR INTERLOCUTORY REVIEW [DOC 41]**

was served via this Court's CM/ECF system upon all counsel of record:

Elliot Omega Preston Jackson (*pro hac vice*)
Frank Hedin (*pro hac vice*)
**HEDIN LLP**
1395 Brickell Ave., Suite 1140
Miami, FL 33131
Telephone: (305) 357-2107
ejackson@hedinllp.com
fhedin@hedinllp.com


David W. Scofield (4140)
**PETERS SCOFIELD**
7430 Creek Road, Suite 303
Salt Lake City, UT 84093-6160
Telephone: (801) 322-2002
dws@psplawyers.com


*Attorneys for Plaintiffs*


/s/ Elizabeth C. Rinehart
Elizabeth C. Rinehart

*Attorney for Defendant*