# Exhibit A

Case 2:24-cv-00344-RJS-DAO   Document 47-1   Filed 01/14/25   PageID.1381   Page 1 of 10

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:   (801) 322-2002
Facsimile:   (801) 912-0320
E-Mail:      dws@psplawyers.com

Frank S. Hedin (Pro Hac Vice)
Elliot O. Jackson (Pro Hac Vice)
**HEDIN LLP**
1395 Brickell Avenue, Ste 610
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinllp.com
        ejackson@hedinllp.com

*Attorneys for Plaintiffs*

Jordan K. Cameron
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (pro hac vice)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHANNON ARNSTEIN; DANA BASSETT; MARTIKA GARTMAN; SUELLEN HENDRIX; DEBRA MACKLIN; JEANINE MARK; MICHELLE MEINHOLD; MARIE MICHELS; JILLI OYENQUE; BARBARA PORTER; and ELIZABETH WUEBKER, individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>SUNDANCE HOLDINGS GROUP, LLC,<br><br>Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br><br>Case No. 2:24-cv-00344-RJS<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

1

Pursuant to Federal Rules of Civil Procedure 1, 16, and 26 and the Court's Order to Proposed Schedule (ECF No. 14), the parties jointly submit the following Attorney Planning Meeting Report.

1. **PRELIMINARY MATTERS**

    a. Claims and Defenses: *(describe the nature and basis of claims and any affirmative defenses)*

    **Plaintiffs' Position:** This is a consumer privacy class action. Plaintiffs allege that Defendant Sundance Holdings Group, LLC ("Sundance"), a Utah corporation, violated Utah's Notice of Intent to Sell Nonpublic Personal Information Act, Utah Code § 13-37 ("the NISNPIA") by selling, renting, or otherwise disclosing for compensation Plaintiffs' nonpublic personal information, obtained as the result of their purchases of products from Sundance, to third parties. Plaintiffs bring the case on behalf of a putative class defined as "all persons in the United States who, at any point during the applicable statutory period, had their Private Purchase Information [(as defined in the operative complaint]), obtained by Defendant on or after January 1, 2004 as a result of a consumer transaction, disclosed to third parties by Sundance." Plaintiffs seek, *inter alia*, statutory damages of $500.00 per violation to each Plaintiff and Class member pursuant to Utah Code Ann. § 13-37-203(2)(a).

    **Defendant's Position:** Defendant maintains that the NISNPIA expressly prohibits class actions, that its class action bar applies in federal court, and that without a class Plaintiffs cannot satisfy the amount-in-controversy requirement for federal jurisdiction. *See* 28 U.S.C. § 1332(d). Defendant further claims that

|   |   |   |   |
|---|---|---|---|
|   |   | Plaintiffs have waived any claim under NISNPIA and consented to the disclosure of their information by, *inter alia*, making multiple purchases from Sundance, including purchases after commencing this action. Defendant further disputes and denies all of Plaintiffs' claims, including its allegations pertaining to class certification. |   |
| b. |   | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | January 2, 2025 |
| c. |   | Participants: *(include the name of the party and attorney, if applicable)* Frank S. Hedin, counsel for Plaintiffs; and Liz C. Rinehart and Jordan Cameron, counsel for Defendant |   |
| d. |   | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | 01/31/2025 |
| e. |   | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission. Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. The following email addresses must be included on any email sent to effectuate electronic service: For Plaintiff: fhedin@hedinllp.com; ejackson@hedinllp.com; earribas@hedinllp.com | Yes ☒   No ☐ |

3

|   |   |   |   |
|---|---|---|---|
|   | For Defendant: jordan@cameronringwood.com; filing@cameronringwood.com; lcrinehart@venable.com; ajvitti@venable.com; tbrandles@venable.com |   |   |

2. **PROTECTIVE ORDER**

| a. | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
|---|---|---|---|
| b. | The parties anticipate that the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL. Good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2, including because it is expected the documents disclosed may contain sensitive financial information of the parties, such as financial statements and payroll records. |   |   |

3. **DISCOVERY PLAN**

| a. | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☐ | No ☒ |
|---|---|---|---|
| b. | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br>**Plaintiffs' Position**: Discovery will be needed on at least the following subjects: |   |   |

4

1. whether Sundance is a "commercial entity" within the meaning of the NISNPIA;

2. whether Plaintiffs and the class members entered into "consumer transactions" with Sundance within the meaning of NISNPIA;

3. whether Sundance provided the notice required by the NISNPIA to Plaintiffs and Class members before they entered into consumer transactions with Sundance;

4. whether Sundance obtained Plaintiffs' and Class members' Private Purchase Information (as that term is defined in the Complaint) as a result of consumer transactions, and whether such information constitutes "nonpublic personal information" within the meaning of the NISNPIA;

5. whether Sundance disclosed Plaintiffs' and Class members' Private Purchase Information to a third party;

6. whether Sundance's disclosures of Plaintiffs' and the Class's Private Purchase Information to third parties violated the NISNPIA;

7. the number of violations of the NISNPIA, number of class members, and information related to the class members and their purchases; and

8. whether the requirements of Rule 23 are satisfied so as to warrant certification of the proposed Class.

**Defendant's Position**: Discovery will be needed on at least the following subjects:

1. Whether Plaintiffs are bona fide consumers or rather professional plaintiffs;

2. Plaintiffs' pre-litigation demand history and litigation history involving consumer claims and class actions;

|   |   |   |
|---|---|---|
|   |   | 3. Plaintiffs' Internet search history in the months before and after the dates of their alleged transactions with Defendant;<br><br>4. Plaintiffs' consumer history during the relevant time-period for this litigation;<br><br>5. Plaintiffs' disclosure of "non-public personal information";<br><br>6. Plaintiffs' social media, including all removed content, during the relevant time-period for this litigation;<br><br>7. Third-party discovery regarding the intent of the class action prohibition in the NISNPIA;<br><br>8. Whether the requirements of Rule 23 are satisfied so as to warrant certification of the proposed Class. |
| c. |   | <u>Discovery Phases</u>: Will discovery be conducted in phases? If so, please explain.<br><br>No. |
| d. |   | <u>Electronically Stored Information</u>: (describe how the parties will handle discovery of electronically stored information)<br><br>Electronically stored materials shall be produced in native format and, where feasible, with image file, text file and attendant load files for use with an e-discovery software. Nothing herein shall limit a responding party's right to object to the production of any electronically stored materials sought by a requesting party. If the circumstances warrant, the parties agree to cooperate to identify search terms to be used by a responding party to search for electronically stored materials sought by a requesting party. |
|   |   |   |

4. **FACT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | Fact Discovery Limitations— | | |
| | 1. | Maximum number of depositions collectively by Plaintiffs: | 10 |
| | 2. | Maximum number of depositions by Defendant: | 18 |
| | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | 7 |
| | 4. | Maximum interrogatories collectively by Plaintiffs or by Defendant: | 25 |
| | 5. | Maximum requests for admissions collectively by Plaintiffs or by Defendant: | 25 |
| | 6. | Maximum requests for production collectively by Plaintiffs or by Defendant: | 50 |
| b. | Other Fact Discovery Deadlines— | | |
| | 1. | Deadline to serve written discovery: | 10/10/2025 |
| | 2. | Deadline for fact discovery to close: | 11/21/2025 |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**

| | | |
|---|---|---|
| a. | Deadline to file a motion to amend pleadings— | 3/30/2025 |
| b. | Deadline to file a motion to join additional parties— | 3/30/2025 |

6. **EXPERT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | |
| | 1. | Parties bearing the burden of proof: | 11/3/2025 |
| | 2. | Parties not bearing the burden of proof: | 11/17/2025 |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
| | 1. | Parties bearing the burden of proof: | 11/24/2025 |
| | 2. | Parties not bearing the burden of proof: | 12/08/2025 |
| | 3. | Rebuttal reports, if any: | 1/12/2026 |

|    |    |    |    |
|----|----|----|----|
| c. | Deadline for expert discovery to close: | | 2/13/2026 |

7. **CLASS CERTIFICATION**

|    |    |    |    |
|----|----|----|----|
| a. | | Deadline for filing Motion for Class Certification | 12/05/2025 |
| b. | | Deadline for filing Opposition | 02/06/2026 |
| c. | | Deadline for filing Reply | 03/06/2026 |

8. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

|    |    |    |    |
|----|----|----|----|
| a. | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | | 04/15/2026 |
| b. | Trial: | Bench ☐ | Jury ☒ |
| c. | Trial days: | | 5-6 days |

/s/_____*Frank S. Hedin*_____          Date: 01/13/2025
Frank S. Hedin

Frank S. Hedin (pro hac vice)
Elliot O. Jackson (pro hac vice)
**HEDIN LLP**
1395 Brickell Avenue, Ste 610
Miami, FL 33131
Telephone: (305) 357-2107
fhedin@hedinllp.com
ejackson@hedinllp.com

David W. Scofield
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, UT 84093-6160
Telephone: (801) 322-2002
dws@psplawyers.com

*Attorneys for Plaintiffs and the Putative Class*

/s/ _Jordan K. Cameron (w/ permission)_____   Date: 01/13/2025
Jordan K. Cameron
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (pro hac vice)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*