Jordan K. Cameron (12051)
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHANNON ARNSTEIN, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>SUNDANCE HOLDINGS GROUP, L.L.C.,<br><br>Defendant. | **DEFENDANT'S SECOND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT UNDER RULE 12(b)(1)**<br><br>Civil No. 2:24-cv-00344-RJS-DAO<br><br>Judge Robert J. Shelby<br>Magistrate Daphne A. Oberg |

COMES NOW, Defendant Sundance Holdings Group, L.L.C. ("Sundance" or "Defendant"), through counsel, and respectfully submits this *Second Motion to Dismiss* Plaintiffs' *Amended Complaint* [Dkt. 12]. Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant respectfully requests that this Court dismiss the *Amended Complaint* ("*Am. Compl.*") based on a lack of subject matter jurisdiction.

## **INTRODUCTION**

The Notice of Intent to Sell Nonpublic Personal Information Act ("NISNPIA") has contained a class action prohibition since its enactment in 2004. *See* Utah Code Ann. § 13-37-203(3) (2004). In recent decisions, this Court has applied *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), to hold that Rule 23 of the Federal Rules of Civil Procedure prevailed over NISNPIA's class action bar because NISNPIA's statutory structure and legislative history failed to clearly evince a legislative judgment that the class action bar was "intimately bound up" with substantive rights or remedies. *See Arnstein v. Sundance Holdings Grp., LLC*, Case No. 2:24-cv-00344-RJS-DAO, 2024 WL 4882857, at *8–9 (D. Utah Nov. 25, 2024) (unpublished); *Curry v. Mrs. Fields Gifts, Inc.*, No. 2:22-cv-00651-JNP-DBP, 2023 WL 6318108, at *7 (D. Utah Sept. 28, 2023) (unpublished).

NISNPIA has recently been amended to clarify that its class action bar has always been substantive in nature. The amendments declare that "since January 1, 2004, the prohibition on bringing a class action is a remedy provision and not merely procedural," Utah Code Ann. § 13-37-203(4) (2025), and the law's structure has been modified to reinforce that declaration. The legislature's statement that the class action bar has always been substantive is not only entitled to "great weight" when considering the intent of NISNPIA as originally enacted, but also requires the amended statute to apply to pending litigations. *See Red Lion Broad. Co. v. FCC*, 395 U.S. 367, 380–381 (1969) ("Subsequent legislation declaring the intent of an earlier statute is entitled to great weight in statutory construction."); *Waddoups v. Noorda*, 321 P.3d 1108, 1112 (Utah 2013) ("The intent to have a statute operate retroactively may be indicated by explicit statutory statements" demanding that result "or by clear and unavoidable implication that the statute

2

operates on events already past." (quoting *Evans & Sutherland Computer Corp. v. Utah State Tax Comm'n*, 953 P.2d 435, 437 (Utah 1997))).

NISNPIA's class action bar should apply in federal court to prevent a Rules Enabling Act violation. And, without a class action, Plaintiffs cannot meet the amount-in-controversy requirement of diversity jurisdiction—the only basis for federal jurisdiction invoked by the Amended Complaint. [*Am. Compl.* ¶¶ 65–66.] Lacking jurisdiction, this Court should dismiss the case with prejudice.

## BACKGROUND

Plaintiffs in this action allege that Sundance disclosed its customers' purchase information to various third parties without providing the notice required by NISNPIA, Utah Code Ann. § 13-37 *et seq.* ("NISNPIA"). [*Am. Compl.* ¶ 1.] Plaintiffs seek to represent a nationwide class, bringing a single state law cause of action under NISNPIA. [*Id.* ¶¶ 104–109, 110–26.] The Amended Complaint invokes the Court's jurisdiction under the Class Action Fairness Act, which permits diversity jurisdiction where the amount in controversy exceeds $5,000,000, "minimum" diversity among the parties exists, and over 100 class members are represented. [*Id.* ¶¶ 65–66.]

NISNPIA prohibits class actions. At the time that this lawsuit was filed, Section 203 of NISNPIA read as follows:

**Liability**

(1) A person may bring an action against a commercial entity in a court of competent jurisdiction in this state if:
    (a) the commercial entity enters into a consumer transaction with that person;
    (b) as a result of the consumer transaction described in Subsection (1)(a), the commercial entity obtains nonpublic personal information concerning that person; and
    (c) the commercial entity violates this chapter.

3

> (2) In an action brought under Subsection (1), a commercial entity that violates this chapter is liable to the person who brings the action for:
> > (a) $500 for each time the commercial entity fails to provide the notice required by this section in relation to the nonpublic personal information of the person who brings the action; and
> > (b) court costs.
> (3) A person may not bring a class action under this chapter.

Utah Code Ann. § 13-37-203 (2004).

The District of Utah has recently permitted plaintiffs to pursue class actions under NISNPIA in federal court despite the law's class action prohibition. On November 25, 2024, this Court denied Sundance's *Motion to Dismiss*, applying the United States Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), to hold that Rule 23 of the Federal Rules of Civil Procedure prevailed over NISNPIA's class action bar. [Dkt. 37 at 17.] The Court joined another District of Utah decision holding that the application of Rule 23 would not violate the Rules Enabling Act by altering any substantive right or remedy created under NISNPIA and cited a lack of "clear evidence" that the class action bar "defines the scope of NISNPIA's rights or remedies." *See id.*; *Curry*, 2023 WL 6318108, at *3. The Court declined to certify its decision for interlocutory appeal. [Dkt. 35.]

On March 27, 2025, the Governor of Utah signed into law Senate Bill 150. *See* Nonpublic Personal Information Amendments, S.B. 150, 2025 Gen. Sess. (Utah 2025) ("S.B. 150"), available at https://le.utah.gov/~2025/bills/static/SB0150.html, and attached hereto as **Exhibit A**. S.B. 150 clarifies that NISNPIA's class action bar defines the scope of NISNPIA's remedies. Section 203 now reads as follows:

> **Liability and remedy.**
>
> (1) <u>As a person's only remedy under this chapter</u>, a person may bring an individual action, <u>not a class action or act in a representative capacity</u>, against a commercial entity in <u>a federal or state court with jurisdiction</u> if:
> > (a) the commercial entity enters into a consumer transaction with that person;

4

> (b) as a result of the consumer transaction described in Subsection (1)(a), the commercial entity obtains nonpublic personal information concerning that person; and
> (c) the commercial entity violates this chapter.
> (2) In an action brought under Subsection (1), a commercial entity that violates this chapter is liable to the person <u>individually, but not to a class or to a person in a representative capacity</u>, who brings the action for:
> > (a) $500 for each time the commercial entity fails to provide the notice required by this section in relation to the nonpublic personal information of the person who brings the action; and
> > (b) court costs.
> (3) <u>An action for a violation of this chapter may only be brought in accordance with Section 78B-2-302 within one year from the day of the consumer transaction at issue</u>.
> (4) <u>The Legislature finds that since January 1, 2004, the prohibition on bringing a class action is a remedy provision and not merely procedural</u>.

Utah Code Ann. § 13-37-203 (2025) (new provisions underlined).

The amendments clarify that the legislature, since January 1, 2004, considered NISNPIA's class action bar as integral to the remedies afforded under NISNPIA. Applying Rule 23 in spite of these legislative clarifications would violate the Rules Enabling Act. As Plaintiffs cannot establish the requirements of diversity jurisdiction without a class action, dismissal is appropriate.

## <u>LEGAL STANDARD</u>

Subject matter jurisdiction challenges are properly raised under Rule 12(b)(1). *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). That Rule permits "a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction," in which case the Court construes the pleadings as true. *Id*. The failure to meet the amount-in-controversy requirement defeats subject-matter jurisdiction based on diversity. *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1127–28 (10th Cir. 2021) (dismissing class action for lack of subject-matter jurisdiction where plaintiff failed to establish amount-in-controversy requirement).

5

"The general rule is that subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). While successive motions under Rule 12(b) generally may not raise "a defense or objection that was available to the party but omitted from its earlier motion," *see* Rule 12(g)(2), the Rules do not prohibit successive Rule 12(b) motions based on subsequent legal developments. *See* Wright & Miller, *Federal Practice & Procedure* § 1388 ("A party is not precluded from making a second motion based on a defense that he or she did not have reasonable notice of at the time that party first filed a motion to dismiss or on a defense that became available only after a motion had been made under Rule 12.") In this case, although the class action bar has always been part of the rights and remedies, the NISNPIA amendments post-dating this Court's decision on Sundance's prior motion to dismiss provide another, new basis, previously unavailable, to challenge this Court's subject matter jurisdiction and may be considered in a successive motion. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 n.9 (D.C. Cir. 1988) ("[A] defense is unavailable if its legal basis did not exist at the time of the answer or pre-answer motion . . . .")

## ARGUMENT

I.  **The amendments to NISNPIA provide the "clear evidence" required to conclude that the class action bar is substantive and must be applied in this Court.**

This Court previously applied the framework articulated in *Shady Grove* to determine that (1) Rule 23 and NISNPIA's class action bar conflicted and (2) applying Rule 23 over § 203(3) would not violate the Rules Enabling Act because NISNPIA's class action bar was not bound up in state-created rights and remedies. [Dkt. 37 at 17.] To reach that latter holding, the Court reviewed the plain text of the statute, its structure, and its legislative history as *Shady Grove* requires, and found a lack of "clear evidence suggesting" that NISNPIA's class action bar

6

was substantive or remedial. *Id.* at 9–17; *see Shady Grove*, 559 U.S. at 432 (Stevens, J., concurring) (explaining that an examination of the legislative history, text, and context of state law must leave "little doubt" that it is intertwined with rights and remedies). The recent amendments compel a different result. The amended statutory text and comments made in legislative sessions that precipitated them leave no doubt that the Utah legislature has always considered NISNPIA's class action "a remedy provision and not merely procedural." Utah Code Ann. § 13-37-203(4) (2025). For that reason, NISNPIA's class action limitation must apply in federal court.

      The Court's primary justification for applying Rule 23 over § 203(3) rested on statutory interpretation. The Court first observed that NISNPIA's Liability section, § 203, was divided into three subsections. Only the first two subsections, §§ 203(1) & (2), concerned NISNPIA's rights and remedies. The third subsection, where the class action bar appeared, only addressed the class action limitation. *See* Utah Code Ann. § 13-37-203(3) (2004) ("A person may not bring a class action under this chapter"). Because the class action bar appeared severable and distinct from the prior two sections, the Court determined that suspending its operation in federal court would not violate the Rules Enabling Act. [Dkt. 37 at 12.] This Court explained that because the "provisions creating the rights, duties, and remedies never [] reference, acknowledge, or incorporate § 203(3)," the third subsection "does not appear to affect the rights or remedies created under the statute." [*Id.*]

      The 2025 amendments change this structure to reinforce the legislature's view, held since the statute was enacted, that the class action bar is remedial and not merely procedural. The prohibition against class actions is no longer set out in a third subsection but incorporated into subsections (1) and (2), as follows:

> **Liability and remedy.**
>
> (1) <u>As a person's only remedy under this chapter</u>, a person may bring an individual action, <u>not a class action or act in a representative capacity</u>, against a commercial entity in a federal or state court with jurisdiction . . .
>
> (2) In an action brought under Subsection (1), a commercial entity that violates this chapter is liable to the person <u>individually, but not to a class or to a person in a representative capacity</u> . . .

Utah Code Ann. § 13-37-203(1) & (2) (2025) (underlines added).

The statute now sets forth the class action limitation "within the very . . . subsection[s] that create[] the corresponding right or remedy," and for that reason, it must apply in federal court like other, similarly structured state class action bars. *See* Dkt. 37 at 15 (noting that other state class action bars with this integrated structure apply in federal court). It is impossible to extract the class action bar from the sections of NISNPIA that provide a private right of action and impose liability. The legislative structure now more clearly reflects the legislative view, held since January 2004, that the class action bar is bound up with NISNPIA's rights and remedies.

The Court previously found that NISNPIA's legislative history contained insufficient proof that the legislature adjudged the class action bar substantive in nature. [Dkt. 37 at 16–17.] The legislative history supporting NISNPIA's amendments removes any ambiguity on that score. In remarks delivered before committees and the assembled legislature, the sponsors of the NISNPIA amendments made clear that the legislature had always deemed the class action bar substantive in nature and found the pursuit of NISNPIA class actions in federal court antithetical to that judgment. The clarifying amendments passed with unanimous approval, reflecting an indisputable consensus among the legislature.

Introducing the bill to the Senate Judiciary, Law Enforcement, and Criminal Justice Committee, Senator Kirk A. Cullimore explained that NISNPIA had prohibited class actions

since its enactment in 2003, but that this prohibition was not being applied as a result of subsequent legal developments, including *Shady Grove*. [Tr. of Utah Leg. Procs., 3:8-4:12, attached hereto as **Exhibit B**.] Senator Cullimore explained that this result was "not contemplated by the legislature" and that the amendments were designed to clarify that the class action bar was substantive "as opposed to what could be deemed a severable procedural right." [*Id.* at 4:6–12.] No committee member registered disagreement with Senator Cullimore's remarks. The members voted 6-0 to favorably recommend the bill. [*Id.* at 6:2–3.]

Senator Cullimore presented a similar explanation before the House Judiciary Committee. He began his remarks by noting that the bill "is not really changing Utah policy at all . . . There's always been a bar on a class action type lawsuit for this. That has been the policy of Utah since 2003. So, over 20 years." [*Id.* at 9:21–10:9.] The amendments, he explained, were designed to ensure that NISNPIA's class action bar would be "recognized as a substantive right, which I believe was the intent of the legislature all along." [*Id.* at 10:22–11:2.] No member of the Committee voiced disagreement with the amendments or Senator Cullimore's assessment. The House Judiciary Committee voted unanimously to favorably recommended the bill. [*Id.* at 13:23–24.]

The bill received the same reception before the Senate and House floors. Addressing the Senate, Senator Cullimore explained that the legislature had determined, twenty years ago, that NISNPIA should not be brought through class actions. He explained that this Amendment was a reaction to legal developments post-dating the law's enactment that had read the bar as procedural and therefore inapplicable in federal court. [*Id.* at 6:11–23.] The Senate passed the bill 28-0. [*Id.* at 9:10–13.]

Finally, House sponsor Representative Anthony E. Loubet explained to the assembled House that the legislature's "current policy" held "since 2003" was to prohibit class action lawsuits under NISNPIA. [*Id.* at 14:13–17.] Representative Loubet explained that subsequent developments had opened Utah businesses to NISNPIA class actions in federal court based on an assessment that the provision was procedural. [*Id.* at 14:18–15:8.] This bill, he explained, clarified that the class action bar was substantive and "not procedural in nature." [*Id.* at 15:4–8.] No representative questioned or disagreed with Representative Loubet's recitation. The House passed the bill 61-0. [*Id.* at 15:18–22.]

In each of these legislative sessions, the bill sponsors articulated a view that NISNPIA was always designed to prohibit class actions, that the class action bar was integral to its rights and remedies, and that amendments were needed to preserve that legislative judgment in the face of subsequent judicial decisions, including *Shady Grove*. The legislature expressed its unanimous approval of the amendments. This unanimous approval, coupled with the text of the bill itself, provides the clearest possible evidence that the Utah legislature deems the class action bar as substantive in nature. That class action bar, then, must apply in federal court.

## II. The Court must consider the amended statutory text and subsequent legislative history in conducting its *Shady Grove* analysis.

The Court must apply the revised statutory text to its *Shady Grove* analysis. NISNPIA's legislative history and plain text now include legislative remarks clarifying the intent of NISNPIA's class action bar and an express legislative finding that "since January 1, 2004, the prohibition on bringing a class action is a remedy provision and not merely procedural." Utah Code Ann. § 13-37-203(4) (2025). That legislative finding is entitled to "great weight." *See Red Lion*, 395 U.S. at 380–381 ("Subsequent legislation declaring the intent of an earlier statute is entitled to great weight in statutory construction."). And Utah courts, observing that legislative

declaration and the integration of the class action bar within §§ 203(1) and 203(2), would find the amendments dispositive as to the statute's original intended effect. *See State v. Bryant,* 965 P.2d 539, 546 (Utah Ct. App. 1998) ("An amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act." (quoting *In re D.B.*, 925 P.2d 178, 182 n.5 (Utah Ct. App. 1996))).[1]

The amendments not only clarify the intent of the law as originally enacted, but also apply to this case. A statute applies retroactively if it contains "explicit statutory statements" demanding that result or indicates "by clear and unavoidable implication that the statute operates on events already past." *Waddoups,* 321 P.3d at 1112 (quoting *Evans,* 953 P.2d at 437)). Statutory provisions governing the past necessarily apply retroactively. For example, in *Warne v. Warne,* the Supreme Court of Utah found that a 2004 statutory amendment applied retroactively to litigation initiated in 2008 concerning a 2003 trust instrument because the operative statute expressly applied to "all trusts created before, on, or after July 1, 2004" and "all judicial proceedings concerning trusts commenced on or after July 1, 2004." *Warne v. Warne,* 275 P.3d 238, 245–46 (Utah 2012). When a statute speaks only in the present tense, however, it usually applies only prospectively. *See Waddoups,* 321 P.3d at 1112 (statute setting forth that "it is the policy of this state that the question of negligent credentialing . . . is not recognized as a cause of action" did not apply retroactively because it contained only present tense verbs without reference to the past).

---

[1] Though some Utah cases opine that "a subsequent amendment is rarely helpful in discerning the meaning or intent of a statute" those cases considered only amendments that altered state law without expressing a view of the prior intended effect of the legislation. *State v. Wadsworth*, 393 P.3d 338, 340 n.3 (Utah 2017) (noting that changes to Utah Code § 77-38a-302 (2016) permitted alternative inferences regarding prior legislative intent); *Dorsey v. Dep't of Workforce Servs.*, 330 P.3d 91, 96 (Utah 2014) (amendments lacking express language regarding prior legislative intent leave room for alternative inferences). The NISNPIA amendments, however, unambiguously declare the intent of the legislature at the time of the prior statute's enactment and were expressly enacted to clarify the legislature's prior intent. The amendments are not only helpful but dispositive.

The NISNPIA amendments' express language indicate that they apply retroactively. The statute now provides that "since January 1, 2004, the prohibition on bringing a class action is a remedy provision and not merely procedural." Utah Code Ann. § 13-37-203(4) (2025). This language is expressly retroactive in nature. The amendments define the contours of Utah law as it existed in 2004 and beyond, and thereby govern any interpretation of NISNPIA occurring in the years following the law's original enactment. And unlike the policy statement at issue in *Waddoups*, § 203(4) does not announce a present-tense legislative declaration bearing only on future actions, but rather expressly clarifies what the law has always been and how it must be applied in all cases after January 1, 2004. As the legislative history described above indicates, the NISNPIA amendments were designed to stop the proliferation of class actions under NISNPIA spurred by *Shady Grove* and other case law developed subsequent to the original law's enactment. That legislative intent manifests in the amendments' express language, which demands retroactive application of the law to this case and any NISNPIA action.

The statute also applies retroactively because it does not alter substantive rights. Utah courts have long held that "statutes that do not enlarge, eliminate, or destroy substantive rights may apply retroactively." *B.A.M. Dev., L.L.C. v. Salt Lake Cnty.*, 128 P.3d 1161, 1166 (Utah 2006) (quoting *Moore v. Am. Coal Co.*, 737 P.2d 989, 990 (Utah 1987); *Waddoups*, 321 P.3d at 1112 (explaining that "substantive" statutory amendments that "enlarge, eliminate, or destroy vested or contractual rights" may not apply retroactively "absent express legislative intent"). But the NISNPIA amendments—while clarifying that the class action bar has always been substantive in nature—do not enlarge, eliminate, or destroy vested rights because NISNPIA never permitted class actions. The new statutory provisions apply retroactively, with or without

12

express language to that effect, because they reinforce what Utah law has always held: NISNPIA claims cannot proceed under class actions.

Drawing on out-of-circuit case law, Plaintiffs may argue that the declaration of legislative intent expressed in the NISNPIA's amendments is irrelevant to the *Shady Grove* analysis. *See Phillips v. Hobby Lobby Stores, Inc.*, No. 2:16-CV-00837-JEO, 2019 WL 8229168, at *5 (N.D. Ala. Sept. 30, 2019) (unpublished) ("[W]hether the [] legislature chooses to label something a 'substantive right' is certainly not dispositive of, and perhaps not even relevant to, to the matter of whether a substantive right actually is at stake for Rules Enabling Act purposes.") (citation omitted). The *Phillips* court analyzed whether subsequent amendments to the class action bar found within the Alabama Deceptive Trade Practices Act ("ADTPA"), Ala. Code § 8-19-10(f), superseded the Eleventh Circuit's prior determination that ADTPA's class action bar was not substantive. *See Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1337–8 (11th Cir. 2015) (holding that Rule 23 prevailed over ADTPA's class action limitation).[2] The amended language merely declared that "[t]he limitation in this subsection is a substantive limitation," without amending the statutory provisions creating a cause of action or proscribing damages. *Phillips*, 2019 WL 8229168, at *4. The court in *Phillips* concluded that the legislature could not declare a law substantive for purposes of *Shady Grove* absent corresponding changes to the scope of the cause of action, the available damages, or the remedial scheme. *Phillips*, 2019 WL 8229168, at *4–5.

---

[2] *Lisk* appeared to take the view that a class action limitation could never form part of a states' substantive rights and remedies, no matter how it appeared in state law. *Id.* at 1336 ("Surely an identical ban on statutory-interest class actions adopted by another state would not override Rule 23 just because it was placed in a different part of the state's code."). This holding has not been widely followed. *See Phillips*, 2019 WL 8229168, at *4 n.6 ("*Lisk* has not been widely followed outside of the Eleventh Circuit, with most courts outside of the circuit implicitly or explicitly disagreeing with its interpretation of *Shady Grove*. . . ."). This Court did not follow the analysis presented in *Lisk*.

NISNPIA's amendments, by contrast, do not recharacterize the class action bar—they define the scope of the relief itself by embedding the class action prohibition directly into the remedial provisions of the statute, a response to case law developed after enactment. *See* Utah Code Ann. § 13-37-203(1) & § 203(2) (2025). Section 203(1), the provision setting forth a cause of action under NISNPIA, now expressly states that a person may not bring "a class action or act in a representative capacity" under NISNPIA. And § 203(2) makes its statutory penalties available to a "person individually, but not to a class or to a person in a representative capacity." These amendments do more than merely declare state law as substantive in nature, as was the case in *Phillips*, but reorient NISNPIA's structure to reflect a legislative judgment that the class action bar has always been bound up with the statute's rights and remedies. NISNPIA now embeds "the class action limitation within the very sentence or subsection that created the corresponding right or remedy," [Dkt. 37 at 15], thereby leaving no doubt that the class action prohibition is substantive and must apply in federal court.

### III. Plaintiffs' claims must be dismissed because Plaintiffs cannot satisfy the amount-in-controversy requirement for diversity jurisdiction without a class action.

NISNPIA's class action bar must remain intact because it is bound up with the law's rights and remedies. In this circumstance, *Shady Grove* requires a federal court sitting in diversity, like this one, to honor its application. The result is that Plaintiffs cannot maintain a class, and without a class, they cannot satisfy the amount-in-controversy requirements for diversity jurisdiction. Plaintiffs' claims must be dismissed for lack of jurisdiction. *See Phelps Oil*, 5 F.4th at 1127–28 (dismissing class action for lack of subject-matter jurisdiction where plaintiff failed to establish amount-in-controversy requirement).

### IV. The Court should certify any order denying this motion for interlocutory appeal.

Should the court decline to dismiss, Defendant requests that the Court certify its decision for interlocutory review, as the Court's resolution of this issue "involves a controlling question of law as to which there is a substantial ground for difference of opinion and [] immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Questions of law include "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1071 (D. Utah Aug. 17, 2022) (quoting *United States v. Intermountain Healthcare, Inc.*, No. 2:20-cv-00372-TC-CMR, 2022 WL 742693, at *1 (D. Utah Mar. 11, 2022) (unpublished). Controlling questions include those issues impacting class size, *see Roberts v. C.R. England, Inc.*, No. 2:12-CV-00302-RJS-BCW, 2018 WL 2386056, at *2 (D. Utah Apr. 24, 2018) (unpublished), and those that may "lead to the termination of the action," *see Chamberlain*, 622 F. Supp. 3d at 1072. Certification is warranted where "the court of appeals of the circuit has not spoken on the point . . . or if novel and difficult questions of first impression are presented." *Roberts*, 2018 WL 2386056, at *2 (quoting *Kell v. Crowther*, No. 2:07-cv-00359-CW, 2018 WL 813449, at *2 (D. Utah Feb. 9, 2018) (unpublished)). The federal application of NISNPIA's amended class action bar is legal and controlling issue that no court has ever examined. Accordingly, Defendant requests certification of these issues should the Court deny its motion.

### CONCLUSION

As this Court has recognized, states have the "ability to determine the 'dimensions' of a state-created claim," *Curry v. Mrs. Fields*, 2023 WL 6318108, at *6 (quoting *Shady Grove*, 559 U.S. at 429 (Stevens, J. concurring)), and federal courts must not "limit the ways that sovereign States may define their rights and remedies." *Shady Grove*, 559 U.S. at 420. The Utah

15

legislature, reacting against federal case law that would render Utah businesses susceptible to class actions that were expressly prohibited under NISNPIA, has acted to clarify the dimensions of NISNPIA claims. *Shady Grove* requires the Court to honor that legislative judgment and dismiss this case.

Dated: March 28, 2025

Respectfully submitted,

By: /s/ Elizabeth C. Rinehart
Jordan K. Cameron
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
(385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of March 2025, a true and correct copy of the foregoing **SECOND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT UNDER RULE 12(b)(1)** was served via this Court's CM/ECF system upon all counsel of record:

>Elliot Omega Preston Jackson (*pro hac vice*)
>Frank Hedin (*pro hac vice*)
>**HEDIN LLP**
>1395 Brickell Ave., Suite 1140
>Miami, FL 33131
>(305) 357-2107
>ejackson@hedinllp.com
>fhedin@hedinllp.com
>
>David W. Scofield (4140)
>**PETERS SCOFIELD**
>7430 Creek Road, Suite 303
>Salt Lake City, UT 84093-6160
>(801) 322-2002
>dws@psplawyers.com
>
>*Attorneys for Plaintiffs*

*/s/ Elizabeth C. Rinehart*
Elizabeth C. Rinehart

*Attorney for Defendant*

17