Jordan K. Cameron (12051)
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SHANNON ARNSTEIN, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> SUNDANCE HOLDINGS GROUP, L.L.C., <br><br> Defendant. | **DEFENDANT'S MOTION TO STAY DISCOVERY UNTIL THE COURT RULES ON DEFENDANT'S SECOND MOTION TO DISMISS** <br><br> Civil No. 2:24-cv-00344-RJS-DAO <br><br> Judge Robert J. Shelby <br> Magistrate Daphne A. Oberg |

COMES NOW, Defendant Sundance Holdings Group, L.L.C. ("Sundance" or "Defendant"), through counsel, and respectfully submits this *Motion to Stay Discovery Until the Court Rules on Defendant's Second Motion to Dismiss* (the "Motion"), filed concurrently with Defendant's Second Motion to Dismiss.

# INTRODUCTION

In the interests of the just, inexpensive, and efficient administration of this action, Defendant moves to stay further discovery until the Court rules on Defendant's Second Motion to Dismiss, filed concurrently with this Motion. Defendant's Second Motion to Dismiss alerts the Court to a watershed moment in NISNPIA litigation: the Utah Legislature's recent amendment of NISNPIA. This amendment eliminates virtually any doubt as to the intended import of NISNPIA's class action bar. Utah Code Ann. § 13-37-203(4) (2025). While the Court was previously "unable to discern the manifest intent of the Utah Legislature with respect to § 203(3)," *Arnstein v. Sundance Holdings Grp., LLC*, Case No. 2:24-cv-00344-RJS-DAO, 2024 WL 4882857, at *8–9 (D. Utah Nov. 25, 2024) (unpublished), NISNPIA's recent amendment eliminates any perceived ambiguity. Accordingly, because the Utah Legislature's intent to foreclose Plaintiffs' class action claim is clear, Defendant is likely to prevail in moving to dismiss Plaintiffs' class action claim. Disposal of Plaintiffs' class action claim would necessarily extinguish Plaintiffs' basis for federal jurisdiction, as Plaintiffs cannot establish the amount in controversy by any other means.

Thus, due to Defendant's pending dispositive motion, it would be wasteful to require the parties to continue discovery in the interim. There is simply no need to develop facts about potential class members, when it is likely that no class action will proceed in the first instance.

# BACKGROUND

In the interest of brevity, Defendant incorporates the background as articulated in its concurrently filed Second Motion to Dismiss, and the Exhibits attached thereto.

# LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 708 (1997) (citing *Landis v. N.*

2

*Am. Co.*, 299 U.S. 248, 254 (1936)); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (noting the burden of persuasion rests with the proponent of the stay). The district court's discretionary decision to stay a proceeding or to stay a portion thereof "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. 248, 254–55 (1936); *see Clinton*, 520 U.S. at 706 (evaluating decisions to stay under the abuse of discretion standard); *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1518 (10th Cir. 1995) (same).

In exercising its discretionary judgment, courts in this circuit have looked to a variety of factors, including judicial economy, the risk of confusion, the interests of the parties, the interests of nonparties, and the impact on the court. *Klein v. Smith*, No. 2:19-CV-00680-DN-PK, 2020 WL 837983, at *1 (D. Utah Feb. 20, 2020) (unpublished) (citing *Fluent Home Ltd. v. Elbaum*, No. 2:18-cv-00570 TC, 2019 WL 1002365, at *2 (D. Utah Mar. 1, 2019) (unpublished)); *Sykes v. LivaNova Deutschland GmbH*, No. 17-CV-02437-KLM, 2018 WL 286791, at *1 (D. Colo. Jan. 4, 2018) (unpublished) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished)); *Evergreen Holdings, Inc. v. Sequoia Glob., Inc.*, No. CIV-08-776-F, 2008 WL 4723008, at *2 (W.D. Okla. Oct. 23, 2008) (unpublished). Balancing these interests requires attention to the unique facts and circumstances of each case.

## ARGUMENT

While many circumstances may warrant a stay of discovery, the reasons for doing so in this case are particularly compelling. The interest of judicial economy strongly favors a stay of discovery as (1) Defendant's pending dispositive motion is likely to render further discovery efforts wasteful; and (2) there is no prejudice to Plaintiffs, as the evidence they require (*i.e.*,

substantial amounts of data) will remain preserved during the brief stay in the unlikely event the Second Motion to Dismiss is denied and discovery resumes.

### A. Interests of Judicial Economy Caution Against Wasting Time, Attention, and Efforts on Discovery When a Dispositive Motion is Likely to Prevail.

First, the interests of judicial economy strongly support granting Defendant's Motion. "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) (internal quotation marks and citation omitted). This principle is recognized in the Tenth Circuit, as well as in courts across the country. *See Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013) (not selected for publication) (holding district court did not abuse discretion in staying discovery pending determination of a motion to dismiss); *Blixseth v. Cushman & Wakefield of Colo., Inc.*, No. 12-CV-00393-PAB-KLM, 2012 WL 3962800, at *3 (D. Colo. Sept. 11, 2012) (unpublished) (extending the stay of discovery pending resolution of a motion to dismiss); *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 1743439, at *2 (D. Kan. Apr. 14, 2008) (unpublished) (staying discovery to prevent any waste of the parties' resources); *Chavous*, 201 F.R.D. at 2; *Gilbert v. Ferry*, 401 F.3d 411, 415–416 (6th Cir. 2005) (finding court did not abuse discretion in ordering stay when defendant filed motion to dismiss challenging the court's subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); *see also* 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521–22 (2d ed. 1994) ("[W]hen one issue may be

determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.").

In this case, the likelihood of success on the merits is high. The 2025 NISNPIA amendments change the structure of § 203 to reinforce the legislature's view, held since the statute was enacted, that the class action bar is not merely procedural. As amended, the prohibition against class actions is now incorporated into subsections (1) and (2), and "bound up" in the right and remedy. Utah Code Ann. § 13-37-203(1) & (2) (2025). As argued in Defendant's Second Motion to Dismiss, because the statute includes the class action limitation "within the very . . . subsection[s] that create[] the corresponding right or remedy," the class action bar must apply in federal court like other, similarly structured state class action bars. *See* Dkt. 37 at 15 (noting other state class action bars with this integrated structure apply in federal court).

This conclusion is further confirmed by express indications in the amendment's Legislative history. [*See* Tr. of Utah Leg. Procs., 3:8-4:12, attached as Exhibit B of Defendants' Second Motion to Dismiss (including comments from Senator Cullimore, explaining the amendments were designed to clarify that the class action bar was substantive "as opposed to what could be deemed a severable procedural right"); *id.* at 10:22–11:2 (including comments indicating the amendments were designed to ensure the class action bar would be "recognized as a substantive right, which I believe was the intent of the legislature all along"); *id.* at 6:11–23 (indicating the amendment was in reaction to legal developments reading the class action bar as procedural); *id.* at 15:4–8 (same).] In sum, the Utah Legislature's unanimous approval of the above changes to the bill in addition to the statements of legislators regarding the purpose of the amendment, provides the clearest possible evidence that the Utah Legislature intends the class action bar to be

substantive in nature. Accordingly, and for the reasons outlined in Defendant's Second Motion to Dismiss, Defendant's Second Motion to Dismiss highly likely to succeed on the merits.

Moreover, if Defendant succeeds in disposing of Plaintiffs' class action, the Court will lack subject matter jurisdiction over the named Plaintiffs' NISNPIA claims because the named Plaintiffs cannot satisfy the amount-in-controversy requirements. [*See* Am. Compl. ¶¶ 65–66 (invoking the Court's jurisdiction under the Class Action Fairness Act, which permits diversity jurisdiction where the amount in controversy exceeds $5,000,000).] Accordingly, it is highly likely that disposition of Defendant's Second Motion to Dismiss will result in a complete dismissal of Plaintiffs' claims due to a lack of subject matter jurisdiction.

Considering this procedural posture, discovery should be stayed while the Court considers Defendant's Second Motion to Dismiss. A temporary stay of discovery avoids the wasteful expenditure of resources—both for the parties but also for the Court, which will be tasked with resolving any discovery disputes that arise in the interim. No one benefits from this type of waste and the Court should stay discovery on this basis alone.

### B. A Stay Will Not Prejudice Plaintiffs Because There is No Reason to Believe Preserved Data Will Degrade or Dissipate in the Few Months of a Stay in Discovery.

Second, Plaintiffs will not be prejudiced by the stay because the evidence Plaintiffs seek (electronic data) will remain preserved in the event discovery should resume. Courts have recognized that a stay may prejudice a party where delays are likely to lead to loss of evidence, either due to witness memories fading or the unlawful dissipation of evidence. *Compare Klein v. Chaston*, No. 2:19-cv-00683-DN-PK, 2020 WL 816085, at *1 (D. Utah Feb. 18, 2020) (unpublished) (holding in a case where the plaintiff was alleging a massive tax fraud that resulted in unlawful distributions of plaintiff's monies to defendant "the delay caused by a stay could

prejudice Plaintiff by creating a potential for dissipation of evidence and the assets and monies Plaintiff seeks to recover with its claims"), *and Fluent Home Ltd*, 2019 WL 1002365, at *2 ("[T]he evidence before the court creates circumstances where prompt discovery is warranted. Plaintiffs have demonstrated serious concerns about the inappropriate distribution of trade secrets surrounding the Gabriel home security system."), *with Blixseth*, 2012 WL 3962800, at *3 (finding extending a stay of discovery would not prejudice plaintiff because there was no reason to think that memories from an event that happened seven years prior would "fade" during the few months of the stay).

There is no similar urgency or risk of dissipation of evidence in this case. Unlike *Klein* and *Fluent Home Ltd*, which both involved allegations that an entity was actively dissipating a valuable asset (money, or trade secrets) in the midst of litigation, no similar concerns are raised here. Defendant has worked diligently to cooperate with Plaintiffs' discovery requests. Rather, similar to *Blixseth*, there is no reason to think that a delay of discovery by just a few months will result in the dissipation of evidence, as the records Plaintiffs seek are digitally preserved, and remain retrievable should discovery need to proceed.

In sum, the interests of judicial economy and fairness strongly support the Court staying further discovery during the pendency of the Court's consideration of Defendant's Second Motion to Dismiss. When, as here, a pending dispositive motion appears highly likely to render discovery efforts wasted, the stay of discovery benefits both parties and the Court by reducing the time and effort expended on a likely fruitless discovery venture. Further, where a temporary stay of discovery for a few months poses no real risk of prejudice to Plaintiffs in terms of evidence degradation, a stay is warranted.

## **CONCLUSION**

For the foregoing reasons, the Court should grant *Defendant's Motion to Stay Discovery Until the Court Rules on Defendant's Second Motion to Dismiss*.

Dated: March 28, 2025

Respectfully submitted,

By: /s/ Elizabeth C. Rinehart
Jordan K. Cameron
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
(385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 528-4646
lcrinehart@venable.com
*Attorneys for Defendant*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 28th day of March 2025, a true and correct copy of the foregoing **MOTION TO STAY DISCOVERY** was served via this Court's CM/ECF system upon all counsel of record:

> Elliot Omega Preston Jackson (*pro hac vice*)
> Frank Hedin (*pro hac vice*)
> **HEDIN LLP**
> 1395 Brickell Ave., Suite 1140
> Miami, FL 33131
> (305) 357-2107
> ejackson@hedinllp.com
> fhedin@hedinllp.com
>
> David W. Scofield (4140)
> **PETERS SCOFIELD**
> 7430 Creek Road, Suite 303
> Salt Lake City, UT 84093-6160
> (801) 322-2002
> dws@psplawyers.com
>
> *Attorneys for Plaintiffs*

                                                            */s/ Elizabeth C. Rinehart*
                                                            Elizabeth C. Rinehart

                                                            *Attorney for Defendant*