FRANK S. HEDIN (*pro hac vice*)
ELLIOT O. JACKSON (*pro hac vice*)
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com
ejackson@hedinllp.com

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone: (801) 322-2002
Facsimile: (801) 912-0320
E-Mail: dws@psplawyers.com

*Counsel for Plaintiffs and Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SHANNON ARNSTEIN; DANA BASSETT; MARTIKA GARTMAN; SUELLEN HENDRIX; DEBRA MACKLIN; JEANINE MARK; MICHELLE MEINHOLD; MARIE MICHELS; JILLI OYENQUE; BARBARA PORTER; and ELIZABETH WUEBKER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> SUNDANCE HOLDINGS GROUP, LLC, <br><br> Defendant. | Case No. 2:24-cv-00344-RJS <br><br> Chief Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY** |

Plaintiffs submit this response in opposition to the Motion to Stay Discovery (ECF No. 55 (the "Motion" or "Motion to Stay")) filed by Defendant Sundance Holdings Group, LLC.

## INTRODUCTION

This consumer class action concerns Defendant's widespread rental, sale, and disclosure of all of its customers' nonpublic personal information—including Plaintiffs'—to numerous third parties for compensation in violation of Utah Code Ann. § 13-37-101 *et seq.* (enacted Jan. 1, 2004) ("NISNPIA" or "Act"). Rather than take accountability, Defendant has chosen to deny its own actions and limit its potential liability by any means necessary. First, Defendant unsuccessfully moved to dismiss Plaintiffs' First Amended Complaint. Second, Defendant unsuccessfully sought certification of the jurisdictional issues argued in its motion to dismiss for interlocutory appeal. And now, Defendant argues that a completely new version of NISNPIA with an explicit *future effective date* retroactively applies to Plaintiffs' claims, and thus deprives this Court of its subject matter jurisdiction. The 2025 NISNPIA amendments are not retroactively applicable to Plaintiffs' claims, however, and the Court should not stay discovery in this action.

Defendant has moved to stay discovery because, as the Motion claims, "(1) Defendant's pending dispositive motion is likely to render further discovery efforts wasteful; and (2) there is no prejudice to Plaintiffs, as the evidence they require [(*e.g.,*)][sic] substantial amounts of data) will remain preserved during the brief stay in the unlikely event the Second Motion to Dismiss is denied and discovery resumes." (ECF No. 55). While judicial economy is important, that is not the standard when there is no other proceeding pending. Defendant "must make a strong showing of necessity[,]" which it has not and cannot. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of

necessity because the relief would severely affect the rights of others."). On the contrary, Plaintiffs will suffer severe prejudice if discovery is stayed. Thus, the Motion should be denied.

## RELEVANT PROCEDURAL HISTORY

On May 14, 2024, Plaintiffs commenced this putative class action against Defendant Sundance Holdings Group, LLC for violating NISNPIA by selling Plaintiffs' nonpublic personal information to various third parties. On July 19, 2024, Defendant moved to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), on the ground that NISNPIA expressly prohibits class actions and that Plaintiffs are thus unable to invoke CAFA jurisdiction, and for failure to state a claim for relief pursuant to Rule 12(b)(6), on the ground that the factual allegations of the FAC fail to adequately demonstrate that Defendant disclosed their nonpublic personal information. (ECF No. 23). On November 14, 2024, the Court heard oral argument on Defendant's motion to dismiss. (ECF No. 35). On November 25, 2024, the Court denied Defendant's motion to dismiss finding, *inter alia*, that "Rule 23 and § 203(3) are in direct conflict[.]" (ECF No. 36).

On March 27, 2025, the Governor of Utah signed Senate Bill 150 into law, which substantively modified Utah Code Ann. § 13-37-101 *et seq*. (2025) (the "NISNPIA Amendment"), and set a future effective date of May 7, 2025. On March 28, 2025, Defendant moved to dismiss this case pursuant to the NISNPIA Amendment. (ECF No. 54). Plaintiffs intend to oppose Defendant's second motion to dismiss because the NISNPIA Amendment does not operate retroactively. Specifically, Plaintiffs intend to argue, inter alia, that: (1) the NISNPIA Amendment does not contain an express declaration of retroactivity; (2) the NISNPIA Amendment alters substantive rights; (3) the NISNPIA Amendment cannot apply retroactively by virtue of clarifying

3

an existing statute; (4) applying the NISNPIA Amendment retroactively would violate the Utah Constitution. Plaintiffs' brief in opposition to the motion to dismiss is due on April 25, 2025.

On March 28, 2025, Defendant moved to stay discovery pending the resolution of Defendant's second motion to dismiss. (ECF No. 55). Plaintiffs oppose the motion to stay discovery for the reasons stated herein and respectfully request that the Court deny the requested stay.

## ARGUMENT

Courts have the inherent authority to control their dockets and to stay pending actions. *Jacobson v. Roper,* No. 4:19-CV-00043-DN-PK, 2021 WL 5495653, at *2 (D. Utah Nov. 23, 2021); *King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) ("District courts are properly granted broad discretion over discovery and scheduling matters; otherwise, they would be unable to effectively manage their caseloads."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Tenth Circuit precedent and decisions from courts in this Circuit counsel *against* staying this action for two reasons: (1) Plaintiffs are likely to suffer prejudice if a stay of discovery is granted and (2) the existence of a pending motion alone is insufficient to warrant a stay in discovery. This Court has explained that "if even a fair possibility exists that the stay would damage another party, the movant must demonstrate a clear case of hardship or inequity." *Classic Aviation Holdings LLC v. Harrower*, No. 2:20-CV-00824-RJS-JCB, 2021 WL 633587, at *2 (D. Utah Feb. 18, 2021) (citing *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)). This Court has also recognized that the movant "generally faces a difficult burden." *See Classic Aviation*, 2021 WL 633587, at *2.

Here, Defendant is asking this Court to stay discovery in light of the NISNPIA Amendment. The NISNPIA Amendment, however, has no effect on injuries accruing prior to its effective date. *See* Nonpublic Personal Information Amendments, S.B. 150 § 3, 2025 Gen. Sess. (Utah 2025) ("Effective Date. This bill takes effect on May 7, 2025.").[1] Defendant has not demonstrated, and cannot demonstrate, a clear case of hardship or inequity from continuing to engage in the discovery process. Because Defendant cannot meet its burden, and because governing jurisprudence counsels against a stay of discovery in this action, Defendant's Motion must be denied.

## I.  Plaintiffs are Likely to Suffer Prejudice if a Stay is Granted

Plaintiffs are likely to suffer prejudice if the requested stay is granted because there is a credible threat of spoliation of important evidence in the possession of Defendant and non-parties to the litigation. Further, for the reasons stated below, Plaintiffs will be tactically prejudiced and disadvantaged.

A stay of discovery in this case will likely prejudice Plaintiffs, as there is a strong likelihood it would lead to the destruction of records in the possession of third parties. Plaintiffs served a subpoena on Adstra LLC and Belardi Wong, ALC, LLC on February 12, 2025, requesting that these non-parties produce responsive documents bearing on class certification and the merits of Plaintiffs' claims. On February 13, 2025, Plaintiffs served a subpoena on Precision Dialogue Direct, Inc. and RR Donnelley & Sons Co. ("RRD"), requesting that these non-parties produce responsive documents. On February 13, 2025, Plaintiffs served a subpoena on non-party Merkle, Inc., requesting responsive documents. On March 24, 2025, Precision Dialogue Direct, Inc. and

---

[1] Until codification, the Amendment is available at: https://le.utah.gov/~2025/bills/static/SB0150.html.

RRD produced to Plaintiffs a first set of documents responsive to the subpoena. On March 25, 2025, Plaintiffs and Precision Dialogue Direct, Inc. and RRD held a telephonic meet and confer regarding the documents produced. On April 8, 2025, Adstra LLC and Belardi Wong, ALC, LLC produced to Plaintiffs a first set of responsive documents responsive to the subpoena. On April 11, 2025, Merkle, Inc. produced to Plaintiffs a first set of documents responsive to the subpoena. Merkle, Inc. further requested that Plaintiffs provide it until the end of April 2025 to make a full production. Thus, Plaintiffs are actively in the process of negotiating key document productions from these third parties. That process would be immediately disrupted in the event that the stay is granted, and it is unclear whether and to what extent these nonparties will maintain the records they currently possess if the case is stayed as Defendant requests. Moreover, based on the materials produced to date by the third parties identified above (as well as Defendant), Plaintiffs anticipate likely needing to serve additional subpoenas to other third parties in possession of responsive materials – depending on the scope of any additional materials produced by the third parties that have already been subpoenaed as well as by Defendant. There is a significant risk that these yet-to-be-served third parties may destroy important, relevant materials in their possession if the case is stayed at this juncture.

## II.     The Existence of a Pending Motion is Insufficient to Warrant a Stay

Defendant has failed to demonstrate a clear case of hardship or inequity arising out of the existence of its pending motion to dismiss.

Courts in this Circuit routinely deny motions to stay discovery when the request is based upon the fact that a pending motion is dispositive or potentially dispositive. *See Swepi, LP v. Mora Cnty., N.M.*, No. CIV 14-0035 JB/SCY, 2014 WL 7474084, at *22 (D.N.M. Dec. 19, 2014) (denying a motion to stay discovery over objections that the pending motion was dispositive and

explaining that a stay of discovery is unnecessary because a "[d]etermination of the JOP Motion will require resolving a number of constitutional and state law issues") (unpublished); *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-CV-00036-DN-BCW, 2015 WL 5022579, at *2 (D. Utah Aug. 24, 2015) (same) (unpublished); *Martin v. AMVEST Osage, Inc.*, No. 04-CV-572-HDC-PJC, 2005 WL 8174894, at *2 (N.D. Okla. May 9, 2005) ("Courts have expressed the general rule that discovery should not be stayed even though a motion to dismiss is pending.") (unpublished); *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024) (refusing to stay discovery because "the pending motion to dismiss does not appear to be any more meritorious (and hence likely to end the case) than motions to dismiss regularly filed in this court.") (unpublished); *Fabara v. GoFit, LLC*, No. CIV 14-1146 JB/KK, 2015 WL 3544296, at *11 (D.N.M. May 13, 2015) (unpublished). This Court previously recognized that staying discovery is disfavored under analogous circumstances in *Classic Aviation Holdings LLC v. Harrower,* where it held that "the mere filing of a potentially dispositive motion based on jurisdictional grounds does not provide a basis for the court to grant a stay of discovery." *See* 2021 WL 633587, at *2.

In this case, Defendant fails to explain how continuing discovery will cause unjust hardship or undue burden — and thus "fail[s] to identify any 'extreme circumstances' justifying this court to grant a stay of discovery." *See Classic Aviation*, 2021 WL 633587, at *2. Instead, Defendant argues that there will be a "wasteful expenditure of resources" absent a stay, and in support cites several readily distinguishable decisions where courts granted motions to stay discovery before any discovery had even commenced. (ECF No. 55 at 5–6 (citing *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013) (unpublished) (affirming dismissal of complaint for lack of personal jurisdiction **before discovery commenced**); *Blixseth v. Cushman & Wakefield of*

7

*Colorado, Inc.*, No. 12-CV-00393-PAB-KLM, ECF No. 33 (D. Colo. June 4, 2012) (granting **initial pre-motion stay** of discovery without discussion) (unpublished); *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 1743439, at *2 (D. Kan. Apr. 14, 2008) ("**[T]he court has not yet entered an order directing** the parties to confer and formulate **a plan for completion of discovery**") (emphasis added) (unpublished); *Gilbert v. Ferry*, 401 F.3d 411, 414 (6th Cir. 2005) (affirming a district court's stay of discovery issued before discovery commenced because of the applicability of the abstention doctrine); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) (affirming the district court's denial of discovery in a patent case at the claims construction phase where no extrinsic discovery is needed because "[t]he construction of a patent claim starts with the claim itself, read in light of the specification.")). Here, however, the parties have been actively engaged in discovery for months and have expended considerable resources in the process.

This Court should apply the general rule that a pending motion does not justify a stay of discovery, as articulated in *Classic Aviation* – particularly since discovery has already proceeded for several months. A stay of discovery at this juncture would threaten significant prejudice to Plaintiffs and putative class members, as it could result in the loss of outstanding discovery in the possession of third parties. For these reasons, Defendant's Motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 55) should be denied in its entirety.

Dated: April 19, 2025                    Respectfully submitted,

                                         */s/ Elliot O. Jackson*

                                         **HEDIN LLP**
                                         ELLIOT O. JACKSON (*pro hac vice*)

FRANK S. HEDIN (*pro hac vice*)

-and-

DAVID W. SCOFIELD
**PETERS | SCOFIELD**
*A Professional Corporation*

*Counsel for Plaintiffs and Putative Class*