# EXHIBIT B

**Enrolled Copy** S.B. 150

1   **Nonpublic Personal Information Amendments**

2025 GENERAL SESSION

STATE OF UTAH

**Chief Sponsor: Kirk A. Cullimore**

House Sponsor: Anthony E. Loubet

3   **LONG TITLE**

4   **General Description:**

5   This bill addresses the Notice of Intent to Sell Nonpublic Personal Information Act.

6   **Highlighted Provisions:**

7   This bill:

8   ‣ modifies definitions;

9   ‣ clarifies that the liability and remedy under the Notice of Intent to Sell Nonpublic
10  Personal Information Act (act) is an individual action and not a class action or action in
11  a representative capacity;

12  ‣ addresses the statute or limitations;

13  ‣ finds that the act's prohibition of class actions since January 1, 2004, is a remedy
14  provision and not procedural; and

15  ‣ makes technical and conforming amendments.

16  **Money Appropriated in this Bill:**

17  None

18  **Other Special Clauses:**

19  None

20  **Utah Code Sections Affected:**

21  AMENDS:

22  **13-37-102**, as enacted by Laws of Utah 2003, Chapter 97

23  **13-37-203**, as enacted by Laws of Utah 2003, Chapter 97

25  *Be it enacted by the Legislature of the state of Utah:*

26  Section 1. Section **13-37-102** is amended to read:

27  **13-37-102 . Definitions.**

28        As used in this chapter:
29        (1) "Affiliate" means a person that controls, is controlled by, or is under common control
30        with:
31            (a) a commercial entity; and
32            (b)(i) directly; or
33                (ii) indirectly through one or more intermediaries.
34        (2)(a) Subject to Subsection (2)(b), "commercial entity" means a person that:
35            [(i) has an office or other place of business located in the state; and]
36            [(ii) in the ordinary course of business transacts a consumer transaction in this state.]
37            (i) maintains a physical office in the state; and
38            (ii) in the ordinary course transacts business at the physical office with consumers
39                located in the state.
40            (b) "Commercial entity" does not include:
41                (i) a governmental entity; or
42                (ii) an entity providing services on behalf of a governmental entity.
43        (3) "Compensation" means anything of economic value that is paid or transferred to a
44            commercial entity for or in direct consideration of the disclosure of nonpublic personal
45            information.
46        (4)(a) "Consumer transaction" means:
47                (i) a sale, lease, assignment, award by chance, or other written or oral transfer or
48                    disposition:
49                    (A) that is initiated or completed in this state; and
50                    (B) of:
51                        (I) goods;
52                        (II) services; or
53                        (III) other tangible or intangible property, except securities and insurance or
54                            services related thereto; or
55                (ii) a transaction:
56                    (A) that is initiated or completed in this state; and
57                    (B) that constitutes credit offered or extended by a commercial entity to a person
58                        primarily for personal, family, or household purposes.
59            (b) "Consumer transaction" includes:
60                (i) the use of nonpublic personal information in relation to a transaction with a person
61                    if the transaction is for primarily personal, family, or household purposes; and

62      (ii)  with respect to any transaction described in Subsection (4)(a):
63           (A)  an offer or solicitation;
64           (B)  an agreement;
65           (C)  the performance of an agreement; or
66           (D)  a charitable solicitation as defined in Section 13-11-3.
67      (c)  "Consumer transaction" does not include a transaction related to real property.
68   (5)(a)  "Nonpublic personal information" means information that:
69      (i)  is not public information; and
70      (ii)  either alone or in conjunction with public information, identifies a person in
71           distinction from other persons.
72    (b)  "Nonpublic personal information" includes:
73      (i)  a person's Social Security number;
74      (ii)  information used to determine a person's credit worthiness including a person's:
75           (A)  income; or
76           (B)  employment history;
77      (iii)  the purchasing patterns of a person; or
78      (iv)  the personal preferences of a person.
79   (6)(a)  "Physical office" means a location:
80      (i)  accessible to the public during normal business hours;
81      (ii)  staffed by one or more individuals who conduct business on behalf of the
82           commercial entity; and
83      (iii)  used for the primary purpose of transacting business with consumers in the state.
84    (b)  "Physical office" does not include a post office box, mailing address, registered
85           agent, or virtual office that a person solely relies on for business correspondence.
86   [(6)] (7)  "Public information" means a person's:
87    (a)  name;
88    (b)  telephone number; or
89    (c)  street address.
90   [(7)] (8)(a)  Subject to Subsection [(7)(b)] (8)(b), "third party" means a person other than
91        the commercial entity that obtains nonpublic personal information.
92    (b)  "Third party" does not include an affiliate or agent of the commercial entity that
93        obtains nonpublic personal information.
94      Section 2.  Section **13-37-203** is amended to read:
95      **13-37-203 . Liability and remedy.**

| | | |
|---|---|---|
| 96 | (1) | [A ] As a person's only remedy under this chapter, a person may bring an individual |
| 97 | | action, not a class action or act in a representative capacity, against a commercial entity |
| 98 | | in a [court of competent jurisdiction in this state] federal or state court with jurisdiction if: |
| 99 | | (a) the commercial entity enters into a consumer transaction with that person; |
| 100 | | (b) as a result of the consumer transaction described in Subsection (1)(a), the |
| 101 | | commercial entity obtains nonpublic personal information concerning that person; and |
| 102 | | (c) the commercial entity violates this chapter. |
| 103 | (2) | In an action brought under Subsection (1), a commercial entity that violates this chapter |
| 104 | | is liable to the person individually, but not to a class or to a person in a representative |
| 105 | | capacity, who brings the action for: |
| 106 | | (a) $500 for each time the commercial entity fails to provide the notice required by this |
| 107 | | section in relation to the nonpublic personal information of the person who brings the |
| 108 | | action; and |
| 109 | | (b) court costs. |
| 110 | (3) | An action for a violation of this chapter may only be brought in accordance with Section |
| 111 | | 78B-2-302 within one year from the day of the consumer transaction at issue. |
| 112 | (4) | The Legislature finds that since January 1, 2004, the prohibition on bringing a class |
| 113 | | action is a remedy provision and not merely procedural. |
| 114 | | [(3) A person may not bring a class action under this chapter.] |
| 115 | | Section 3. **Effective Date.** |
| 116 | | This bill takes effect on May 7, 2025. |