# EXHIBIT E

*Effective 5/3/2023*
**78B-9-104 Grounds for relief -- Retroactivity of rule.**
(1) Unless precluded by Section 78B-9-106 or 78B-9-107, an individual who has been convicted and sentenced for a criminal offense may file an action in the district court of original jurisdiction for postconviction relief to vacate or modify the conviction or sentence upon the following grounds:
  (a) the conviction was obtained or the sentence was imposed in violation of the United States Constitution or Utah Constitution;
  (b) the conviction was obtained or the sentence was imposed under a statute that is in violation of the United States Constitution or Utah Constitution, or the conduct for which the petitioner was prosecuted is constitutionally protected;
  (c) the sentence was imposed or probation was revoked in violation of the controlling statutory provisions;
  (d) the petitioner had ineffective assistance of counsel in violation of the United States Constitution or Utah Constitution;
  (e) newly discovered material evidence exists that requires the court to vacate the conviction or sentence, because:
    (i) neither the petitioner nor petitioner's counsel knew of the evidence at the time of trial or sentencing or in time to include the evidence in any previously filed post-trial motion or postconviction proceeding, and the evidence could not have been discovered through the exercise of reasonable diligence;
    (ii) the material evidence is not merely cumulative of evidence that was known;
    (iii) the material evidence is not merely impeachment evidence; and
    (iv) viewed with all the other evidence, the newly discovered material evidence demonstrates that no reasonable trier of fact could have found the petitioner guilty of the offense or subject to the sentence received;
  (f) the petitioner can prove that:
    (i) biological evidence, as that term is defined in Section 77-11c-101, relevant to the petitioner's conviction was not preserved in accordance with Title 77, Chapter 11c, Part 4, Preservation of Biological Evidence for Violent Felony Offenses;
    (ii)
      (A) the biological evidence described in Subsection (1)(f)(i) was not tested previously; or
      (B) if the biological evidence described in Subsection (1)(f)(i) was tested previously, there is a material change in circumstance, including a scientific or technological advance, that would make it plausible that a test of the biological evidence described in Subsection (1)(f)(i) would produce a favorable test result for the petitioner; and
    (iii) a favorable result described in Subsection (1)(f)(ii), which is presumed for purposes of the petitioner's action under this section, when viewed with all the other evidence, demonstrates a reasonable probability of a more favorable outcome at trial for the petitioner;
  (g) the petitioner can prove entitlement to relief under a rule announced by the United States Supreme Court, the Utah Supreme Court, or the Utah Court of Appeals after conviction and sentence became final on direct appeal, and that:
    (i) the rule was dictated by precedent existing at the time the petitioner's conviction or sentence became final; or
    (ii) the rule decriminalizes the conduct that comprises the elements of the crime for which the petitioner was convicted; or
  (h) the petitioner committed any of the following offenses while subject to force, fraud, or coercion, as defined in Section 76-5-308:

    (i) Section 58-37-8, possession of a controlled substance;
    (ii) Section 76-10-1304, aiding prostitution;
    (iii) Section 76-6-206, criminal trespass;
    (iv) Section 76-6-413, theft;
    (v) Section 76-6-502, possession of forged writing or device for writing;
    (vi) any offense in Title 76, Chapter 6, Part 6, Retail Theft;
    (vii) Subsection 76-6-1105(2)(a)(i)(A), unlawful possession of another's identification document;
    (viii) Section 76-9-702, lewdness;
    (ix) Section 76-10-1302, prostitution; or
    (x) Section 76-10-1313, sexual solicitation.
(2) The court may not grant relief from a conviction or sentence unless in light of the facts proved in the postconviction proceeding, viewed with the evidence and facts introduced at trial or during sentencing:
  (a) the petitioner establishes that there would be a reasonable likelihood of a more favorable outcome; or
  (b) if the petitioner challenges the conviction or the sentence on grounds that the prosecutor knowingly failed to correct false testimony at trial or at sentencing, the petitioner establishes that the false testimony, in any reasonable likelihood, could have affected the judgment of the fact finder.
(3)
  (a) The court may not grant relief from a conviction based on a claim that the petitioner is innocent of the crime for which convicted except as provided in Part 3, Postconviction Testing of DNA, or Part 4, Postconviction Determination of Factual Innocence.
  (b) Claims under Part 3, Postconviction Testing of DNA, or Part 4, Postconviction Determination of Factual Innocence, of this chapter may not be filed as part of a petition under this part, but shall be filed separately and in conformity with the provisions of Part 3, Postconviction Testing of DNA, or Part 4, Postconviction Determination of Factual Innocence.

Amended by Chapter 111, 2023 General Session
Amended by Chapter 448, 2023 General Session