Jordan K. Cameron (12051)
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
Telephone: (385) 463-2425
jordan@cameronringwood.com

Elizabeth C. Rinehart (*pro hac vice*)
**VENABLE LLP**
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 528-4646
lcrinehart@venable.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHANNON ARNSTEIN, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> SUNDANCE HOLDINGS GROUP, L.L.C., <br><br> Defendant. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY UNTIL THE COURT RULES ON DEFENDANT'S SECOND MOTION TO DISMISS** <br><br> Civil No. 2:24-cv-00344-RJS-DAO <br><br> Judge Robert J. Shelby <br> Magistrate Daphne A. Oberg |

COMES NOW, Defendant Sundance Holdings Group, L.L.C. ("Sundance" or "Defendant"), through counsel, and respectfully submits this *Reply in Support of its Motion to Stay Discovery Until the Court Rules on Defendant's Second Motion to Dismiss* (the "Motion") [Dkt. 55] and states as follows.

The NISNPIA Amendments clarify that its class action bar has always been integral to its rights and remedies and should apply in federal court. *See* Utah Code Ann. § 13-37-203(4)

(2025) ("The Legislature finds that since January 1, 2004, the prohibition on bringing a class action is a remedy provision and not merely procedural."). Because Plaintiffs' sole basis for invoking subject matter jurisdiction hinges on the possibility of pursuing a class action, the Court's subject matter jurisdiction is in doubt. These jurisdictional concerns are so serious that the Court *sua sponte* issued a Show Cause Order in a similar pending matter directing the litigants to address the impact of the amendments. *See* Docket Text Order, *Pilkington v. Gorsuch, LTD*, Case No. 2:24-cv-00434-RJS-DBP (Mar. 31, 2025), Dkt. 40 (directing parties to "show cause . . . whether the recent amendment to NISNPIA affects this court's jurisdiction"). Such extraordinary circumstances warrant a stay of discovery while the Court considers whether it may retain jurisdiction. *See Classic Aviation Holdings, LLC v. Harrower*, Case No. 2:20-cv-00824-RJS-JCB, 2021 WL 633587, at *2 (D. Utah Feb. 18, 2021) (Shelby, J.) (holding that Court may exercise its "broad discretion" to stay discovery under "extreme circumstances").

Plaintiffs claim that dispositive motions do not always warrant a stay. [Dkt. 59 at 6–7.] True enough. But the cases Plaintiffs invoke did not order discovery over intervening statutory amendments jeopardizing the Court's power to hear the case. Plaintiffs' authorities denied motions to stay based on challenges to *personal* jurisdiction, such that the Defendant could simply refile elsewhere and impose the same discovery burden sought to be avoided,[1] motions that required the court to consider factual issues to assess their chances of success,[2] and motions

---

[1] *See Classic Aviation*, 2021 WL 633587 at *2 (noting that Plaintiff could refile in another jurisdiction, where "the discovery requests would remain the same"); *Fabara v. GoFit, LLC*, Case No. CIV 14-1146 JB/KK, 2015 WL 3544296, at *11 (D.N.M. May 13, 2015 (denying motion to stay while personal jurisdiction motion was pending because Plaintiff could use evidence already gathered in the instant case and seek depositions in another forum).
[2] *See White Knuckle, IP, LLC v. Electronic Arts, Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *2 (D. Utah Aug. 24, 2015) (motion for judgment on the pleadings did not warrant stay because in assessing its merits the Court would be required to determine whether there were any disputes of material fact and "delve into the concepts of invalidity and determine if the claims in the '350 Patent invoke an abstract idea" among other issues); *Swepi, LP v. Mora Cnty.*, No. CIV 14-0035 JB/SCY, 2014 WL 7474084, at *24 (D.N.M. Dec. 19, 2014) (stay denied because resolution of pending motion for judgment on the pleadings required assessment of factual issues and related discovery).

to dismiss that were either routine[3] or clearly lacking.[4]  Sundance's motion to dismiss, by contrast, presents a single, meritorious legal issue which will terminate these proceedings if granted.

Plaintiffs also claim that a stay would prejudice their third-party discovery efforts, including those related to third parties "yet-to-be-served" with discovery, who "may destroy important, relevant materials" if the case is stayed.  [Dkt. 59 at 5–6.]  Plaintiffs' opposition provides no evidence that this destruction will occur.  At any rate, Plaintiffs have not alerted Sundance to any discovery efforts (third-party or otherwise) related to this case since Sundance moved to stay these proceedings over a month ago.  Whatever exigencies Plaintiffs believed warranted continued discovery evidently have failed to motivate them.  Only Sundance stands to suffer prejudice should it be forced to endure class action discovery in litigation brought under a statute that expressly forbids it, and has been amended to clarify that its prohibition applies in this Court.

## **CONCLUSION**

For the foregoing reasons, the Court should grant *Defendant's Motion to Stay Discovery Until the Court Rules on Defendant's Second Motion to Dismiss*.

| | |
|---|---|
| Dated:  May 2, 2025 | Respectfully submitted,<br><br>By:  /s/ Elizabeth C. Rinehart<br>Elizabeth C. Rinehart (*pro hac vice*)<br>**VENABLE LLP**<br>750 E. Pratt Street, Suite 900<br>Baltimore, MD 21202<br>(410) 528-4646<br>lcrinehart@venable.com |

---

[3] *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, Case No. 24-cv-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kans. Sept. 24, 2024) (Rule 12(b)(6) motion that was not "any more meritorious . . . than motions to dismiss regularly filed" did not warrant stay).

[4] *Martin v. Amvest Osage, Inc.*, Case No. 04-CV-572-HDC-PJC, 2005 WL 8174894, at *1–2 (N.D. Okla. May 9, 2005) (renewed motion to dismiss regurgitating rejected arguments did not warrant stay).

Jordan K. Cameron
**CAMERON RINGWOOD, LC**
6975 Union Park Ave, Suite 600
Cottonwood Heights, UT 84047
(385) 463-2425
jordan@cameronringwood.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 2nd day of May 2025, a true and correct copy of the foregoing was served via this Court's CM/ECF system upon all counsel of record:

>Elliot Omega Preston Jackson (*pro hac vice*)
>Frank Hedin (*pro hac vice*)
>**HEDIN LLP**
>1395 Brickell Ave., Suite 1140
>Miami, FL 33131
>(305) 357-2107
>ejackson@hedinllp.com
>fhedin@hedinllp.com
>
>David W. Scofield (4140)
>**PETERS SCOFIELD**
>7430 Creek Road, Suite 303
>Salt Lake City, UT 84093-6160
>(801) 322-2002
>dws@psplawyers.com
>
>
>*Attorneys for Plaintiffs*

>>*/s/ Elizabeth C. Rinehart*
>>Elizabeth C. Rinehart
>>
>>*Attorney for Defendant*