ACCO,APPEAL,CLOSED,JURY

Email All Attys

Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Central)
## CIVIL DOCKET FOR CASE #: <u>2:24–cv–00344–RJS</u>

| | |
|---|---|
| Arnstein et al v. Sundance Holdings Group, L.L.C. | Date Filed: 05/14/2024 |
| Assigned to: Judge Robert J. Shelby | Date Terminated: 05/05/2025 |
| Demand: $5,000,000 | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Shannon Arnstein**                    represented by    **Elliot Jackson**
HEDIN LLP
1395 BRICKELL AVE STE 1140
MIAMI, FL 33131
305–357–2107
Email: <u>ejackson@hedinllp.com</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**Frank Hedin**
HEDIN LLP
1395 BRICKELL AVE STE 610
MIAMI, FL 33131
305–357–2107
Email: <u>fhedin@hedinllp.com</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
PETERS SCOFIELD
7430 CREEK RD STE 303
SALT LAKE CITY, UT 84093–6160
(801)322–2002
Email: <u>dws@psplawyers.com</u>
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

**Dana Bassett**                    represented by    **Elliot Jackson**
(See above for address)
*PRO HAC VICE*

1

*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**Frank Hedin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

**Debra Macklin**                    represented by    **Elliot Jackson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**Frank Hedin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

**Elizabeth Wuebker**                represented by    **Elliot Jackson**
*individually and on behalf of all others*                (See above for address)
*similarly situated*                                      *PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**Frank Hedin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*

2

*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

**Martika Gartman**                    represented by    **Elliot Jackson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**Frank Hedin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

**Suellen Hendrix**                    represented by    **Elliot Jackson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**Frank Hedin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

**Jeanine Mark**                    represented by    **Elliot Jackson**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Bar Number:*
                                                      *Bar Status: Pro Hac Vice*

                                                      **Frank Hedin**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Bar Number:*
                                                      *Bar Status: Pro Hac Vice*

                                                      **David W. Scofield**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Bar Number: 4140*
                                                      *Bar Status: Active*

**Plaintiff**

**Michelle Meinhold**               represented by    **Elliot Jackson**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Bar Number:*
                                                      *Bar Status: Pro Hac Vice*

                                                      **Frank Hedin**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Bar Number:*
                                                      *Bar Status: Pro Hac Vice*

                                                      **David W. Scofield**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Bar Number: 4140*
                                                      *Bar Status: Active*

**Plaintiff**

**Marie Michels**                   represented by    **Elliot Jackson**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Bar Number:*
                                                      *Bar Status: Pro Hac Vice*

                                                      **Frank Hedin**
                                                      (See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

**Jilli Oyenque**                    represented by    **Elliot Jackson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**Frank Hedin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

**Barbara Porter**                    represented by    **Elliot Jackson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**Frank Hedin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*

*Bar Status: Active*

**V.**

**Defendant**

| | |
|---|---|
| **Sundance Holdings Group, L.L.C.** | represented by **Jordan K. Cameron** |

                                        CAMERON RINGWOOD LC
                                        6975 UNION PARK AVE STE 600
                                        COTTONWOOD HEIGHTS, UT 84047
                                        801–845–0087
                                        Email: jordan@cameronringwood.com
                                        *LEAD ATTORNEY*
                                        *ATTORNEY TO BE NOTICED*
                                        *Bar Number:*
                                        *Bar Status: Active*

                                        **Elizabeth Rinehart**
                                        VENABLE LLP
                                        750 E PRATT ST STE 900
                                        BALTIMORE, MD 21202
                                        410–528–4646
                                        Email: lcrinehart@venable.com
                                        *PRO HAC VICE*
                                        *ATTORNEY TO BE NOTICED*
                                        *Bar Number:*
                                        *Bar Status: Pro Hac Vice*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2024 | 1 | COMPLAINT *(Class Action)* against Sundance Holdings Group, L.L.C. (Filing fee $ 405, receipt number AUTDC–5062169) filed by Elizabeth Wuebker, Shannon Arnstein, Debra Macklin, Dana Bassett. (Attachments: # 1 Exhibit A – Sundance Catalog Mailing List, # 2 Exhibit B – The Information Marketplace, # 3 Exhibit C – Web's Hot New Commodity–– Privacy, # 4 Exhibit D – Remarks of Pamela Jones Harbour to FTC Exploring Privacy Roundtable Washington D.C. (December 7, 2009), # 5 Errata E – Martha C. White, Big Data Knows What You're Doing Right Now, Economics & Policy (July 31, 2012), # 6 Exhibit F – Natasha Singer, You for Sale. Mapping, and Sharing, the Consumer Genome, New York Times (June 16, 2012), # 7 Exhibit G – Letter from Senator John D. Rockefeller IV to Scoitt E. Howe, October 9, 2012, # 8 Exhibit H – Senator Ed Markey Press Release– Bipartisan Lawmakers Query Data Brokers About Practices re Consumers' Personal Info (July 24, 2012), # 9 Exhibit I – FTC Consumer Information–– Fake Prize, Sweepstakes, and Lottery Scams, # 10 Exhibit J – Charles Duhigg, Bilking the Elderly, With a Corporate Assist, New York Times (May 20, 2007), # 11 Exhibit K – FTC Prepared Statement Fraud Against Seniors (August 10, 2000), # 12 Exhibit L – 2014 TRUSTe US Consumer Confidence Privacy Report, # 13 Exhibit M – Joshua Brustein, Start–Ups Seek to Help Users Put a Price on Their Personal Data, New York Times (February 12, 2012), # 14 Exhibit N – The Effect of Online Privacy Information of Purchasing Behavior, # 15 Exhibit O – Hann, Hui and Png, The Value of Online Info Privacy– an Empirical Investigation, AEI–Brookings Joint Center for Regulatory Studies (October, 2003)) |

| | | |
|---|---|---|
| | | (Scofield, David) (Entered: 05/14/2024) |
| 05/14/2024 | 2 | Civil Cover Sheet (JS44) re 1 Complaint,,,,,,<br>Civil Summons may be issued electronically. Prepare the summons using the courts PDF version and email it to utdecf_clerk@utd.uscourts.gov for issuance, filed by Shannon Arnstein, Dana Bassett, Debra Macklin, Elizabeth Wuebker. (Scofield, David) (Entered: 05/14/2024) |
| 05/14/2024 | 3 | Requested Summons as to Sundance Holdings Group, L.L.C.. (Scofield, David) (Entered: 05/14/2024) |
| 05/15/2024 | | Judge Robert J. Shelby added.<br><br>Case number will now read **2:24–cv–00344–RJS.** Please make changes to document captions accordingly. (sg) (Entered: 05/15/2024) |
| 05/15/2024 | 4 | NOTICE OF REQUIREMENTS for appearance Pro Hac Vice mailed to attorney Frank S. Hedin an Elliot O. Jackson for Shannon Arnstein, Dana Bassett, Debra Macklin, Elizabeth Wuebker (sg) (Entered: 05/15/2024) |
| 05/15/2024 | 5 | NOTICE OF MAGISTRATE JUDGE AVAILABILITY TO PRESIDE OVER CASE– Under 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and DUCivR 72–4, you are hereby notified that a magistrate judge for the District of Utah may conduct any or all proceedings in this case, including a jury or bench trial and entry of a final judgment. Exercise of this jurisdiction by the magistrate judge is permitted only if all parties voluntarily sign and return the form. To consent, return the Consent Form to the clerk's office within 21 days via email at consents@utd.uscourts.gov or email at the address on the form. **Please do not efile the Consent Form in the case.** Notice emailed or mailed to Plaintiffs Shannon Arnstein, Dana Bassett, Debra Macklin, Elizabeth Wuebker. (Notice generated by Clerk's Office) Form due by 6/5/2024. (sg) (Entered: 05/15/2024) |
| 05/15/2024 | 6 | Summons Issued Electronically as to Sundance Holdings Group, L.L.C..<br>Instructions to Counsel:<br>1. Click on the document number.<br>2. If you are prompted for an ECF login, enter your 'Attorney' login to CM/ECF.<br>3. Print the issued summons for service. (sg) (Entered: 05/15/2024) |
| 05/17/2024 | 7 | SUMMONS Returned Executed by Elizabeth Wuebker, Shannon Arnstein, Debra Macklin, Dana Bassett. Summons served on Sundance Holdings Group, L.L.C., on 05/16/2024. (Scofield, David) (Entered: 05/17/2024) |
| 06/04/2024 | 8 | NOTICE of Appearance by Jordan K. Cameron on behalf of Sundance Holdings Group, L.L.C. (Cameron, Jordan) (Entered: 06/04/2024) |
| 06/04/2024 | 9 | STIPULATION MOTION for Extension of Time to File Answer re 1 Complaint, *extending deadline to respond* by Sundance Holdings Group, L.L.C.. (Cameron, Jordan) Modified by correcting motion event and text on 6/5/2024 (mh). (Entered: 06/04/2024) |
| 06/04/2024 | 10 | MOTION for Admission Pro Hac Vice of Elliot O. Jackson , Registration fee $ 50, receipt number AUTDC–5082656,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at |

| | | |
|---|---|---|
| | | https://www.pacer.uscourts.gov/cmecf/dcbk.html. Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.<br><br>filed by Plaintiffs Shannon Arnstein, Dana Bassett, Debra Macklin, Elizabeth Wuebker. (Attachments: # 1 Exhibit A–– E.O.Jackson Pro Hac Application, # 2 Text of Proposed Order Exhibit B–– Pro Hac Vice Proposed Order –ej)(Scofield, David) (Entered: 06/04/2024) |
| 06/05/2024 | 11 | Modification of Docket re 9 MOTION: Error: Pleading filed under stipulation. Correction: Motion event added and text corrected to, MOTION for Extension of Time to File Answer. No further action needed. (mh) (Entered: 06/05/2024) |
| 06/05/2024 | 12 | AMENDED COMPLAINT against Sundance Holdings Group, L.L.C. with Jury Demand. filed by Elizabeth Wuebker, Shannon Arnstein, Debra Macklin, Dana Bassett. (Attachments: # 1 Exhibit A – Sundance Catalog Mailing List, # 2 Exhibit B – The Information Marketplace, # 3 Exhibit C – Web's Hot New Commodity–– Privacy, # 4 Exhibit D – Remarks of Pamela Jones Harbour to FTC Exploring Privacy Roundtable Washington D.C. (December 7, 2009), # 5 Exhibit E – Martha C. White, Big Data Knows What You're Doing Right Now, Economics & Policy (July 31, 2012), # 6 Exhibit F – Natasha Singer, You for Sale. Mapping, and Sharing, the Consumer Genome, New York Times (June 16, 2012), # 7 Exhibit G – Letter from Senator John D. Rockefeller IV to Scoitt E. Howe, October 9, 2012, # 8 Exhibit H – Senator Ed Markey Press Release– Bipartisan Lawmakers Query Data Brokers About Practices re Consumers' Personal Info (July 24, 2012), # 9 Exhibit I – FTC Consumer Information–– Fake Prize, Sweepstakes, and Lottery Scams, # 10 Exhibit J – Charles Duhigg, Bilking the Elderly, With a Corporate Assist, New York Times (May 20, 2007), # 11 Exhibit K – FTC Prepared Statement Fraud Against Seniors (August 10, 2000), # 12 Exhibit L – 2014 TRUSTe US Consumer Confidence Privacy Report, # 13 Exhibit M – Joshua Brustein, Start–Ups Seek to Help Users Put a Price on Their Personal Data, New York Times (February 12, 2012), # 14 Exhibit N – The Effect of Online Privacy Information of Purchasing Behavior, # 15 Exhibit O – Hann, Hui and Png, The Value of Online Info Privacy– an Empirical Investigation, AEI–Brookings Joint Center for Regulatory Studies (October, 2003)) (Scofield, David) (Entered: 06/05/2024) |
| 06/06/2024 | 13 | ORDER REFERRING CASE to Magistrate Judge Daphne A. Oberg under 28:636 (b)(1)(A), Magistrate Judge to hear and determine all nondispositive pretrial matters. No attached document. Signed by Judge Robert J. Shelby on 6/6/2024. (mjm) (Entered: 06/06/2024) |
| 06/07/2024 | 14 | ORDER TO PROPOSE SCHEDULE – See order for details. Signed by Magistrate Judge Daphne A. Oberg on 06/07/2024. (sg) (Entered: 06/07/2024) |
| 06/10/2024 | 15 | ORDER granting 9 Motion for Extension of Time to Answer. Defendant shall have up to and including June 20, 2024 to respond to Plaintiffs' 12 Amended Complaint. Signed by Judge Robert J. Shelby on 6/10/2024. (mh) (Entered: 06/10/2024) |
| 06/10/2024 | 16 | ORDER granting 10 Motion for Admission Pro Hac Vice of Attorney Elliot O. Jackson for Shannon Arnstein,Elliot O. Jackson for Dana Bassett,Elliot O. Jackson for Martika Gartman,Elliot O. Jackson for Suellen Hendrix,Elliot O. Jackson for Debra Macklin,Elliot O. Jackson for Jeanine Mark,Elliot O. Jackson for Michelle Meinhold,Elliot O. Jackson for Marie Michels,Elliot O. Jackson for Jilli |

|  |  | Oyenque,Elliot O. Jackson for Barbara Porter,Elliot O. Jackson for Elizabeth Wuebker. |
|---|---|---|
|  |  | *Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at* https://www.pacer.uscourts.gov/cmecf/dcbk.html. *Instructions are available at* https://www.utd.uscourts.gov/cmecf−electronic−case−filing.**A Pro Hac Vice Attorney who fails to register for CM/ECF access will not receive notifications of electronic filings.** |
|  |  | *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at* https://www.utd.uscourts.gov/rules−practice. |
|  |  | Signed by Judge Robert J. Shelby on 6/10/2024. (mh) (Entered: 06/10/2024) |
| 06/13/2024 | 17 | Stipulated MOTION for Extension of Time to File Answer re 12 Amended Complaint,,,,,, and Memorandum in Support filed by Defendant Sundance Holdings Group, L.L.C.. Motions referred to Daphne A. Oberg.(Cameron, Jordan) (Entered: 06/13/2024) |
| 06/14/2024 | 18 | DOCKET TEXT ORDER granting 17 Motion for Extension of Time to Answer. Based on the parties' stipulation, Defendant's deadline to answer or otherwise respond to the complaint is extended to July 5, 2024. Signed by Magistrate Judge Daphne A. Oberg on 6/14/2024. No attached document. (gdr) (Entered: 06/14/2024) |
| 07/03/2024 | 19 | Stipulated MOTION for Extension of Time to File Answer re 12 Amended Complaint,,,,,, and Memorandum in Support filed by Defendant Sundance Holdings Group, L.L.C.. Motions referred to Daphne A. Oberg.(Cameron, Jordan) (Entered: 07/03/2024) |
| 07/03/2024 | 20 | DOCKET TEXT ORDER granting 19 Motion for Extension of Time to Answer. Based on the parties' stipulation and for good cause shown, Defendant's deadline to answer or otherwise respond to the 12 Amended Complaint is extended to July 19, 2024. Signed by Magistrate Judge Daphne A. Oberg on 7/3/2024. No attached document. (gdr) (Entered: 07/03/2024) |
| 07/16/2024 | 21 | MOTION for Admission Pro Hac Vice of Liz Clark Rinehart , Registration fee $ 50, receipt number AUTDC−5125804,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.<br><br>filed by Defendant Sundance Holdings Group, L.L.C.. (Attachments: # 1 Exhibit A − Application for Pro Have Vice admission, # 2 Exhibit B − Propose Order)(Cameron, Jordan) (Entered: 07/16/2024) |
| 07/17/2024 | 22 | ORDER granting 21 Motion for Admission Pro Hac Vice of Attorney Liz Clark Rinehart for Sundance Holdings Group, L.L.C..<br><br>*Attorneys admitted Pro Hac Vice must register to efile and receive electronic* |

| | | |
|---|---|---|
| | | *notification of case activity in the District of Utah at* <u>*https://www.pacer.uscourts.gov/cmecf/dcbk.html*</u>*. Instructions are available at* <u>*https://www.utd.uscourts.gov/cmecf−electronic−case−filing*</u>**.*A Pro Hac Vice Attorney who fails to register for CM/ECF access will not receive notifications of electronic filings.* |
| | | *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at* <u>*https://www.utd.uscourts.gov/rules−practice*</u>. |
| | | Signed by Judge Robert J. Shelby on 7/17/2024. (mh) (Entered: 07/17/2024) |
| 07/19/2024 | 23 | MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Defendant Sundance Holdings Group, L.L.C.. (Cameron, Jordan) (Entered: 07/19/2024) |
| 07/29/2024 | 24 | Stipulated MOTION for Extension of Time to File Response/Reply ~~Extension of Time for~~ Opposition Memorandum and Reply Memorandum re 23 Motion to Dismiss filed by Plaintiffs Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker. (Attachments: # 1 Text of Proposed Order Proposed Form of Order) Motions referred to Daphne A. Oberg.(Scofield, David) Modified by correcting motion event and text on 7/30/2024 (mh). (Entered: 07/29/2024) |
| 07/30/2024 | 25 | Modification of Docket re 24 MOTION: Error: Counsel filed pleading under motion event, Motion for Extension of Time. Pleading request additional time to file response/reply to 23 motion. Correction: Pleading motion event corrected to, Motion for Extension of Time to File Response/Reply. No further action needed. (mh) (Entered: 07/30/2024) |
| 07/30/2024 | 26 | DOCKET TEXT ORDER granting 24 Stipulated Motion for Extension of Time to File Response/Reply re 23 Motion to Dismiss for Lack of Jurisdiction, Motion to Dismiss for Failure to State a Claim. Plaintiffs' response is due by 8/30/2024. Defendant's reply is due by 9/13/2024. Signed by Magistrate Judge Daphne A. Oberg on 7/30/2024. No attached document. (med) (Entered: 07/30/2024) |
| 08/28/2024 | 27 | Stipulated MOTION for Extension of Time to File Response/Reply as to 23 MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Plaintiffs Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker. (Attachments: # 1 Text of Proposed Order Proposed Form of Order) Motions referred to Daphne A. Oberg.(Scofield, David) (Entered: 08/28/2024) |
| 08/29/2024 | 28 | DOCKET TEXT ORDER granting 27 Motion for Extension of Time to File Response/Reply. Based on the parties' stipulation, Plaintiffs' deadline to respond to the 23 Motion to Dismiss is extended to September 9, 2024, and Defendant's deadline to file a reply in support of the 23 Motion to Dismiss is extended to September 20, 2024. Signed by Magistrate Judge Daphne A. Oberg on 8/29/2024. No attached document. (gdr) (Entered: 08/29/2024) |
| 09/09/2024 | 29 | |

| | | |
|---|---|---|
| | | Plaintiff's MEMORANDUM in Opposition re 23 MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Plaintiffs Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker. (Attachments: # 1 Exhibit A–– copy of Curry v Mrs Fields Gifts Inc, # 2 Exhibit B–– copy of Utah Senate Floor Debate)(Scofield, David) (Entered: 09/09/2024) |
| 09/11/2024 | 30 | ERRATA to 29 Memorandum in Opposition to Motion,, filed by Plaintiffs Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker . (Attachments: # 1 Errata Table of Contents for ECF No. 29)(Scofield, David) (Entered: 09/11/2024) |
| 09/20/2024 | 31 | REPLY to Response to Motion re 23 MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support filed by Defendant Sundance Holdings Group, L.L.C.. (Rinehart, Elizabeth) (Entered: 09/20/2024) |
| 09/30/2024 | 32 | **NOTICE OF HEARING ON MOTION** re: 23 MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support : (Notice generated by Mary Jane McNamee) Motion Hearing set for 11/14/2024 at 01:30 PM in Rm 3.100 before Judge Robert J. Shelby. (mjm) (Entered: 09/30/2024) |
| 11/07/2024 | 33 | Plaintiff's MOTION for Admission Pro Hac Vice of Frank S. Hedin , Registration fee $ 50, receipt number AUTDC–5237113, \n\n Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf–electronic–case–filing. \n\n filed by Plaintiffs Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker. (Attachments: # 1 Exhibit Application of Frank S. Hedin for Admission Pro Hac Vice, # 2 Text of Proposed Order Proposed Form of Order)(Scofield, David) (Entered: 11/07/2024) |
| 11/08/2024 | 34 | ORDER granting 33 Motion for Admission Pro Hac Vice of Attorney Frank Hedin for Shannon Arnstein,Frank Hedin for Dana Bassett,Frank Hedin for Martika Gartman,Frank Hedin for Suellen Hendrix,Frank Hedin for Debra Macklin,Frank Hedin for Jeanine Mark,Frank Hedin for Michelle Meinhold,Frank Hedin for Marie Michels,Frank Hedin for Jilli Oyenque,Frank Hedin for Barbara Porter,Frank Hedin for Elizabeth Wuebker. \n\n *Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Instructions are available at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.A Pro Hac Vice Attorney* |

| | | |
|---|---|---|
| | | *who fails to register for CM/ECF access will not receive notifications of electronic filings.*<br><br>*Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at* https://www.utd.uscourts.gov/rules−practice.<br><br>Signed by Magistrate Judge Daphne A. Oberg on 11/8/2024. (mh) (Entered: 11/08/2024) |
| 11/14/2024 | 35 | Minute Entry for proceedings held before Judge Robert J. Shelby: Motion Hearing held on 11/14/2024 re 23 MOTION to Dismiss for Lack of Jurisdiction, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Sundance Holdings Group, L.L.C. Oral argument heard. Matter taken under advisement. Attorney for Plaintiff: Frank Hedin, David Scofield, Attorney for Defendant: Elizabeth Rinehart, Jordan Cameron. Court Reporter: Ed Young. Recording: Electronic.(mjm) (Entered: 11/14/2024) |
| 11/25/2024 | 36 | MEMORANDUM DECISION AND ORDER – the Sundance's 23 Motion to Dismiss is DENIED. Signed by Judge Robert J. Shelby on 11/25/2024. (mh) (Entered: 11/25/2024) |
| 11/25/2024 | 37 | Corrected MEMORANDUM DECISION AND ORDER – Sundance's 23 Motion to Dismiss is DENIED. Signed by Judge Robert J. Shelby on 11/25/2024. (mh) (Entered: 11/25/2024) |
| 12/04/2024 | 38 | AO 435 TRANSCRIPT REQUEST ORDER FORM by Sundance Holdings Group, L.L.C. for proceedings held on 11/14/2024 before Judge Robert J. Shelby.. (Rinehart, Elizabeth) (Entered: 12/04/2024) |
| 12/09/2024 | 39 | ANSWER to 12 Amended Complaint,,,,,, filed by Sundance Holdings Group, L.L.C..(Rinehart, Elizabeth) (Entered: 12/09/2024) |
| 12/13/2024 | 40 | *First Amended* ANSWER to Complaint filed by Sundance Holdings Group, L.L.C..(Rinehart, Elizabeth) (Entered: 12/13/2024) |
| 12/13/2024 | 41 | MOTION to Amend and Certify the Court's Order for Interlocutory Review re 37 Memorandum Decision and Memorandum in Support filed by Defendant Sundance Holdings Group, L.L.C.. (Attachments: # 1 Exhibit A – Hearing Transcript, # 2 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Rinehart, Elizabeth) (Entered: 12/13/2024) |
| 12/16/2024 | 42 | Motions No Longer Referred: 41 Motion to Amend and Certify the Court's Order for Interlocutory Review. Chief District Judge Robert J. Shelby will handle the motion. (gdr) (Entered: 12/16/2024) |
| 12/27/2024 | 43 | MEMORANDUM in Opposition re 41 MOTION to Amend and Certify the Court's Order for Interlocutory Review re 37 Memorandum Decision and Memorandum in Support filed by Plaintiffs Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker. (Hedin, Frank) (Entered: 12/27/2024) |
| 01/10/2025 | 44 | REPLY to Response to Motion re 41 MOTION to Amend and Certify the Court's Order for Interlocutory Review re 37 Memorandum Decision and Memorandum in Support filed by Defendant Sundance Holdings Group, L.L.C.. (Rinehart, Elizabeth) (Entered: 01/10/2025) |

| 01/13/2025 | 45 | ENTRY ERROR: ~~REPORT OF ATTORNEY PLANNING MEETING.~~ (Hedin, Frank) Modified by striking entry and adding error text on 1/15/2025 (kpf). (Entered: 01/13/2025) |
| 01/14/2025 | 46 | DOCKET TEXT ORDER. The parties filed their 45 Attorney Planning Meeting Report, but they failed to file a Stipulated Motion for Scheduling Order as required by paragraph 3.a of the 14 Order to Propose Schedule. The parties are ordered to file a Motion for Scheduling Order by January 21, 2025. Signed by Magistrate Judge Daphne A. Oberg on 1/14/2025. No attached document.(gdr) (Entered: 01/14/2025) |
| 01/14/2025 | 47 | Stipulated MOTION for Scheduling Order filed by Plaintiffs Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker. (Attachments: # 1 Exhibit Exhibit A – Attorney Planning Report, # 2 Text of Proposed Order Exhibit B – Proposed Order) Motions referred to Daphne A. Oberg.(Hedin, Frank) (Entered: 01/14/2025) |
| 01/15/2025 | 48 | NOTICE OF DEFICIENCY re 45 Attorney Planning Meeting Report. The docket entry has been stricken. The parties are required to file a Stipulated Motion for Scheduling Order as required by paragraph 3.a of the 14 Order to Propose Schedule. Motion has been filed. No further action needed. (kpf) (Entered: 01/15/2025) |
| 01/15/2025 | 49 | DOCKET TEXT ORDER: The parties' 47 Motion for Scheduling Order and Attorney Planning Meeting Report do not include all information required by DUCivR 23−1(c)(1). The parties are ordered to file a supplement to their motion within fourteen days to include this information. Signed by Magistrate Judge Daphne A. Oberg on 1/15/2025. No attached document.(gdr) (Entered: 01/15/2025) |
| 01/24/2025 | 50 | NOTICE of Supplement to Stipulated Motion by Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker (Hedin, Frank) (Entered: 01/24/2025) |
| 01/27/2025 | 51 | SCHEDULING ORDER granting 47 Motion for Scheduling Order. Amended Pleadings due by 3/30/2025. Joinder of Parties due by 3/30/2025. Expert Discovery due by 2/13/2026. Motions due by 4/15/2026. Signed by Magistrate Judge Daphne A. Oberg on 1/27/2025. (mh) (Entered: 01/27/2025) |
| 01/27/2025 | 52 | DISCOVERY MANAGEMENT ORDER – See order for details. Signed by Magistrate Judge Daphne A. Oberg on 1/27/2025. (mh) (Entered: 01/27/2025) |
| 02/20/2025 | 53 | MEMORANDUM DECISION AND ORDER denying 41 Motion to Amend and Certify the Court's Order for Interlocutory Review. Signed by Judge Robert J. Shelby on 2/19/2025. (mh) (Entered: 02/20/2025) |
| 03/28/2025 | 54 | Second MOTION to Dismiss and Memorandum in Support filed by Defendant Sundance Holdings Group, L.L.C.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Rinehart, Elizabeth) (Entered: 03/28/2025) |
| 03/28/2025 | 55 | MOTION to Stay and Memorandum in Support filed by Defendant Sundance Holdings Group, L.L.C.. (Attachments: # 1 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Rinehart, Elizabeth) (Entered: 03/28/2025) |
| 03/31/2025 | 56 | Motions No Longer Referred: 55 MOTION to Stay. Chief District Judge Robert J. Shelby will handle the motion. (gdr) (Entered: 03/31/2025) |

| 04/08/2025 | 57 | Stipulated MOTION for Extension of Time to File Response/Reply as to 55 MOTION to Stay and Memorandum in Support filed by Plaintiffs Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker. (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion for Extension of Time to File Opposition to Motion to Stay (ECF No. 55)s<) Motions referred to Daphne A. Oberg.(Scofield, David) (Entered: 04/08/2025) |
| --- | --- | --- |
| 04/09/2025 | 58 | DOCKET TEXT ORDER granting 57 Motion for Extension of Time to File Response. Based on the parties' stipulation, the deadline for Plaintiffs to respond to Defendant's 55 Motion to Stay is extended to April 18, 2025. Signed by Magistrate Judge Daphne A. Oberg on 4/9/2025. No attached document. (gdr) (Entered: 04/09/2025) |
| 04/18/2025 | 59 | MEMORANDUM in Opposition re 55 MOTION to Stay and Memorandum in Support filed by Plaintiffs Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker. (Jackson, Elliot) (Entered: 04/18/2025) |
| 04/26/2025 | 60 | MEMORANDUM in Opposition re 54 Second MOTION to Dismiss and Memorandum in Support filed by Plaintiffs Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Hedin, Frank) (Entered: 04/26/2025) |
| 05/02/2025 | 61 | REPLY to Response to Motion re 55 MOTION to Stay and Memorandum in Support filed by Defendant Sundance Holdings Group, L.L.C.. (Rinehart, Elizabeth) (Entered: 05/02/2025) |
| 05/05/2025 | 62 | MEMORANDUM DECISION AND ORDER – Sundance's 54 Second Motion to Dismiss is GRANTED, and Sundance's outstanding 55 Motion to Stay is DENIED AS MOOT. Plaintiffs' Complaint is DISMISSED for lack of subject matter jurisdiction. Signed by Judge Robert J. Shelby on 5/5/2025. (mh) (Entered: 05/05/2025) |
| 05/05/2025 | 63 | JUDGMENT is entered in favor of Defendant. Magistrate Judge Daphne A. Oberg no longer assigned to case. Case Closed. Signed by Judge Robert J. Shelby on 5/5/2025. (mh) (Entered: 05/05/2025) |
| 05/05/2025 | 64 | NOTICE OF APPEAL as to 62 Order on Motion to Dismiss,, Order on Motion to Stay,, Memorandum Decision, 63 Judgment filed by Shannon Arnstein, Dana Bassett, Martika Gartman, Suellen Hendrix, Debra Macklin, Jeanine Mark, Michelle Meinhold, Marie Michels, Jilli Oyenque, Barbara Porter, Elizabeth Wuebker. Appeals to the USCA for the 10th Circuit. Filing fee $ 605, receipt number AUTDC–5416924. (Hedin, Frank) (Entered: 05/05/2025) |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHANNON ARNSTEIN, et al., | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | Case No. 2:24-cv-00344-RJS-DAO |
| v. | Chief District Judge Robert J. Shelby |
| SUNDANCE HOLDINGS GROUP, LLC, | Magistrate Judge Daphne A. Oberg |
| Defendant. | |

Before the court is Defendant Sundance Holdings Group, LLC's (Sundance's) Second Motion to Dismiss.[1]  Having reviewed the Motion and associated briefing, the court GRANTS Sundance's Motion for lack of subject matter jurisdiction.[2]

## BACKGROUND

The following factual summary is taken from Plaintiffs' First Amended Class Action Complaint.[3]

Sundance is a specialty retailer that sells a variety of clothing and other household products.[4]  Since January 1, 2004, Sundance has advertised its products via physical catalogs and a website.[5]  As part of its business operations, Plaintiffs allege Sundance maintains a vast digital database comprised of its customers' names, home addresses, and purchase histories

---

[1] Dkt. 54, *Defendant's Second Motion to Dismiss Plaintiffs' Amended Complaint under Rule 12(b)(1)* (*Motion*).

[2] Under DUCivR 7-1(g), the court finds oral argument is unnecessary and resolves the Motion based on the parties' briefing.

[3] Dkt. 12, *First Amended Class Action Complaint* (*Complaint*).

[4] *Complaint* ¶ 64.

[5] *Id.* ¶ 101.

1

(collectively, Private Purchase Information).[6]  To supplement its revenues, Sundance allegedly

shares this Private Purchase Information with data aggregators who then supplement the

information with additional private information about each Sundance customer, including the

customer's gender, age, religion, and ethnicity.[7]  This enhanced customer list adds value to

Sundance's original list.  Ultimately, Sundance allegedly rents, sells, and discloses both the

Private Purchase Information and the enhanced list to data aggregators, data cooperatives, list

brokers, aggressive advertisers, direct-marketing companies, political organizations, non-profit

companies, and other third parties without providing notice to its customers.[8]

Between 2004 and 2024, each named Plaintiff purchased products from Sundance by

placing orders on Sundance's website.[9]  Plaintiffs claim Sundance completed the sales by

shipping the products to each Plaintiff from a location within Utah.[10]  Plaintiffs also allege

Sundance failed to notify Plaintiffs that it would disclose Plaintiffs' Private Purchase

Information, and Plaintiffs never authorized Sundance to do so.[11]  After completing these sales,

Sundance allegedly shared Plaintiffs' Private Purchase Information with various third parties for

compensation.[12]

Plaintiffs initiated this proposed class action in May 2024, alleging Sundance violated

Utah's Notice of Intent to Sell Nonpublic Personal Information Act (NISNPIA).[13]  In July 2024,

---

[6] *Id.* ¶¶ 5, 95.

[7] *Id.* ¶ 96.

[8] *Id.* ¶¶ 1, 98.

[9] *Id.* ¶¶ 9, 14, 19, 24, 29, 34, 39, 44, 49, 54, 59.

[10] *Id.* ¶¶ 11, 16, 21, 26, 31, 36, 41, 46, 51, 56, 61.

[11] *Id.* ¶¶ 10, 15, 20, 25, 30, 35, 40, 45, 50, 55, 60.

[12] *Id.* ¶ 116.

[13] Dkt. 1, *Class Action Complaint*.

Sundance filed a Motion to Dismiss pursuant to <u>Federal Rules of Civil Procedure 12(b)(1)</u> and 12(b)(6),[14] which the court denied.[15]  In its Memorandum Decision and Order denying Sundance's Motion, the court found Plaintiffs had adequately stated a claim for relief under NISNPIA, and it concluded Rule 23 of the Federal Rules of Civil Procedure controlled over NISNIPIA's class action bar under the Supreme Court's framework articulated in the case of *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*.[16]  The primary reason for concluding NISNPIA's class action bar had no effect in federal court was "the lack of any clear evidence suggesting [NISNPIA's class action bar] define[d] the scope of NISNPIA's rights or remedies," as required by *Shady Grove*.[17]

But in March 2025, the Governor of Utah signed into law S.B. 150, which makes significant changes to NISNPIA's text.[18]  S.B. 150 is set to take effect on May 7, 2025.[19] Sundance filed this Second Motion to Dismiss in March 2025, again challenging this court's subject matter jurisdiction in light of the recent changes to NISNPIA.[20]  The Motion is now ripe for review.[21]

---

[14] <u>Dkt. 23</u>, *Defendant's Motion to Dismiss First Amended Complaint [Doc 12] and Memorandum in Support* at 1.

[15] <u>Dkt. 37</u>, *Memorandum Decision and Order*.

[16] <u>559 U.S. 393</u> (2010) (hereafter *Shady Grove*).

[17] *Arnstein v. Sundance Holdings Grp., LLC*, No. 2:24-CV-00344-RJS-DAO, <u>2024 WL 4882857</u>, at *9 (D. Utah Nov. 25, 2024).

[18] *See* <u>Dkt. 54-1</u>, *Exhibit A: S.B. 150* (*S.B. 150*).

[19] *Id.*

[20] *See Motion*.

[21] *Id.*; <u>Dkt. 60</u>, *Plaintiffs' Response in Opposition to Defendant's Second Motion to Dismiss* (*Opposition*).

## LEGAL STANDARDS

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction take two forms: facial attacks and factual attacks.[22]  A facial attack challenges the sufficiency of the complaint, while a factual attack presents additional evidence in the form of affidavits or otherwise to challenge the court's jurisdiction.[23]  In evaluating a facial attack, the court "must accept the factual allegations in the complaint as true,"[24] and "apply a standard patterned on Rule 12(b)(6)."[25]  When evaluating a factual attack, "a district court may not presume the truthfulness of the complaint's factual allegations."[26]  Instead, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[27]

## ANALYSIS

Sundance argues Federal Rule of Civil Procedure 23 must yield to the class action bar found in § 203(3) of NISNPIA in light of the Supreme Court's decision in *Shady Grove*.[28]  And Sundance argues application of § 203(3) deprives this court of subject matter jurisdiction over Plaintiff's claims because, without a viable class action, Plaintiffs cannot meet the amount-in-controversy requirement to establish diversity jurisdiction under 28 U.S.C. § 1332(d).[29]  Plaintiffs, on the other hand, insist this court has subject matter jurisdiction pursuant to the Class

---

[22] *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022).

[23] *Muscogee (Creek) Nation v. Okla. Tax. Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[24] *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017).

[25] *Garling v. EPA*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2017).

[26] *Rural Water Dist. 2 v. City of Glenpool*, 698 F.3d 1270 n.1 (10th Cir. 2012) (citing *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995)).

[27] *Id.* (citing *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995)).

[28] *Motion* at 2.

[29] *Id.* at 2–3.

Action Fairness Act (CAFA) notwithstanding the amendments to NISNPIA because there are more than 100 class members, the matter in controversy exceeds the sum or value of $5,000,000, and minimum diversity among the parties exists.[30]

The court agrees with Sundance that the recent amendments to NISNPIA provide the court with the evidence necessary to conclude that, under the Supreme Court's framework articulated in *Shady Grove*, applying of Rule 23 in this case would impermissibly abridge, enlarge, and modify Utah's substantive rights and remedies in violation of the Enabling Act (28 U.S.C. § 2072(b)). Accordingly, § 203(3) of NISNPIA applies in federal court and precludes Plaintiffs from maintaining their class action lawsuit. And without the ability to proceed as a class, Plaintiffs cannot satisfy the amount-in-controversy requirement necessary for this court to exercise diversity jurisdiction.

The court proceeds by providing an overview of the recent amendments to NISNPIA, a summary of the *Shady Grove* framework and this court's prior decisions on this subject, and an explanation about why the recently enacted version of NISNPIA provides the court with conclusive evidence that Plaintiffs' class action lawsuit should be barred in federal court.

## I.     The Amendments to NISNPIA

In its most basic sense, the operative version of NISNPIA prohibits a commercial entity from disclosing nonpublic personal information obtained as a result of a consumer transaction without providing written or oral notice to the consumer.[31] NISNPIA provides consumers with a private cause of action and imposes liability of $500 "for each time the commercial entity fails to provide the [required] notice . . . ."[32] However, § 203(3) of NISNPIA prohibits consumers from

---

[30] *Opposition* at 2; 28 U.S.C. §§ 1332(d)(2), (5).

[31] *See* Utah Code § 13-37 (2004).

[32] *Id.* § 13-37-203(1)–(2) (2004).

suing as a class. The current version of NISNPIA, which was enacted in 2004, reads in relevant part:

13-37-203 Liability.

(1) A person may bring an action against a commercial entity in a court of competent jurisdiction in this state if: (a) the commercial entity enters into a consumer transaction with that person; (b) as a result of the consumer transaction described in Subsection (1)(a), the commercial entity obtains nonpublic personal information concerning that person; and (c) the commercial entity violates this chapter.

(2) In an action brought under Subsection (1), a commercial entity that violates this chapter is liable to the person who brings the action for: (a) $500 for each time the commercial entity fails to provide the notice required by this section in relation to the nonpublic personal information of the person who brings the action; and (b) court costs.

(3) A person may not bring a class action under this chapter.[33]

However, the Governor of Utah recently signed into law S.B. 150, which amends § 203 of NISNPIA. The new version of § 203, which takes effect on May 7, 2025, reads as follows with the new provisions underlined:

13-37-203 Liability and remedy.

(1) As a person's only remedy under this chapter, a person may bring an individual action, not a class action or act in a representative capacity, against a commercial entity in a federal or state court with jurisdiction if: (a) the commercial entity enters into a consumer transaction with that person; (b) as a result of the consumer transaction described in Subsection (1)(a), the commercial entity obtains nonpublic personal information concerning that person; and (c) the commercial entity violates this chapter.

(2) In an action brought under Subsection (1), a commercial entity that violates this chapter is liable to the person individually, but not to a class or to a person in a representative capacity, who brings the action for: (a) $500 for each time the commercial entity fails to provide the notice required by this section in relation to the nonpublic personal information of the person who brings the action; and (b) court costs.

(3) An action for a violation of this chapter may only be brought in accordance with Section 78B-2-302 within one year from the day of the consumer transaction at issue.

---

[33] *Id.* § 13-37-203 (2004).

6

(4) <u>The Legislature finds that since January 1, 2004, the prohibition on bringing a class action is a remedy provision and not merely procedural.</u>[34]

## II.     This Court's Prior Decisions

At issue here is whether Plaintiffs may avail themselves of the class action mechanism under <u>Federal Rule of Civil Procedure 23</u> and establish diversity jurisdiction under CAFA when the 2004 version of § 203(3) precludes class actions altogether.  The undersigned previously analyzed and reanalyzed arguments regarding the contest between Rule 23 and § 203(3) under the *Shady Grove* framework in this case and found Rule 23 controlled.[35]  Another judge in this district addressed the same issue under the same framework and similarly found Rule 23 controlled.[36]  For context, the court provides a high-level overview of the *Shady Grove* framework and its analysis in its prior decisions.

*Shady Grove* sets out the familiar, two-step framework enabling federal courts to determine which law controls "[w]hen both a federal rule and a state law appear to govern a question before a federal court sitting in diversity."[37]  The first step requires courts to determine whether the federal rule directly conflicts with the state law.[38]  If there is no conflict, the court "engage[s] in the traditional Rules of Decision Act inquiry under [*Erie Railroad Company v. Tompkins*[39]] and its progeny."[40]  If there is a conflict, the court proceeds to the second step and

---

[34] *S.B. 150* (emphasis added).

[35] Specifically, the court issued two opinions that resolved a motion to dismiss and a motion for interlocutory appeal. *See* Case No. 2:24-cv-00344-RJS-DAO, <u>2024 WL 4882857</u> (D. Utah Nov. 25, 2024) (slip copy) (resolving the motion to dismiss); Case No. 2:24-cv-00344-RJS-DAO, <u>2025 WL 562543</u> (D. Utah Feb. 20, 2025) (slip copy) (resolving the motion for interlocutory appeal).

[36] *See Curry v. Mrs. Fields Gifts, Inc.*, No. 2:22-cv-00651-JNP-DBP, <u>2023 WL 6318108</u> (D. Utah Sept. 28, 2023).

[37] *Shady Grove*, <u>559 U.S. at 421</u> (Stevens, J., concurring).

[38] *See Stender v. Archstone-Smith Operating Tr.*, <u>958 F.3d 938, 943</u> (10th Cir. 2020) (citing *Shady Grove*, <u>559 U.S. at 399</u> (plurality opinion)).

[39] <u>304 U.S. 64</u> (1938).

[40] *Shady Grove*, <u>559 U.S. at 421</u> (Stevens, J., concurring).

must apply the federal rule as long as it represents a valid exercise of Congress's rulemaking authority under the Rules Enabling Act by not abridging, enlarging, or modifying any substantive right.[41]  The court refers to the two components of the framework as Step One and Step Two respectively.

The parties previously disputed which of the *Shady Grove* opinions guide Step One.[42] The *Shady Grove* decision was fragmented, with Justice Scalia writing for the plurality, Justice Stevens joining parts of the plurality opinion and in the holding but concurring separately, and four justices dissenting.[43]  This split has created some confusion among federal courts regarding which parts of the *Shady Grove* opinion are controlling.[44]  But it is well established that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds.'"[45]  In *Shady Grove*, Justice Stevens joined Parts I and II-A of Justice Scalia's plurality opinion.[46]  Because Part II-A addresses Step One, Justice Scalia's opinion controls that part of the framework.  The controlling

---

[41] *Id.* at 422 (citing 28 U.S.C. § 2072(b)).

[42] *See Arnstein*, 2024 WL 4882857, at *4; *Arnstein*, 2025 WL 562543, at *3.

[43] *Shady Grove*, 559 U.S. 395–96 (plurality opinion).

[44] *See, e.g.*, *Stender*, 958 F.3d at 943, 947 ("This court has held that Justice Stevens's concurrence states Supreme Court law under the rule stated in *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) . . . Others, including then-Judge Kavanaugh, think that the view of the plurality opinion governs on step two of the analysis because it merely restates law settled by *Sibbach* and no other Justice (including the dissenters) expressed agreement with the concurrence." (first citing *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668 n.3 (10th Cir. 2018); then *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1217–18 (10th Cir. 2011); then *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 983 n.6 (10th Cir. 2010); and then *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1336–37 (D.C. Cir. 2015))).

[45] *Marks v. U.S.*, 430 U.S. 188, 193 (1977) (citation omitted).

[46] *Shady Grove*, 559 U.S. at 395–96 (plurality opinion); *id.* at 416 (Stevens, J., concurring).

8

effect of this part of the opinion has been recognized by courts around the country[47] and by the

Tenth Circuit.[48]  Justice Scalia's opinion is helpful here because it forecloses any argument that

Rule 23 does not directly conflict with a state law that limits or imposes additional requirements

beyond those articulated in Rule 23.[49]

Indeed, Justice Scalia interpreted Rule 23 as creating "a categorical rule entitling a

plaintiff whose suit meets the specified criteria to pursue his claim as a class action."[50]  He also

clarified how Rule 23's use of the word "may" in the phrase "[a] class action may be

maintained" affords discretion to maintain a class action to the plaintiff, not the court.[51]  Thus, a

federal district court is *required* to entertain a class action once a plaintiff makes the required

showings under 23(b), provided there is no Enabling Act violation,[52] and state statutes that

impose heightened class action requirements or limit the claims eligible for class action

---

[47] *See, e.g.*, *Arnstein*, 2024 WL 4882857, at *4; *Arnstein*, 2025 WL 562543, at *3–5;.*Roberts v. C.R. England, Inc.*, 321 F. Supp. 3d 1251, 1254 (D. Utah 2018) (citation omitted); *Curry*, 2023 WL 6318108, at *3; *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1335 (11th Cir. 2015) ("But before turning to that question, it is important to note that Justice Stevens joined parts of Justice Scalia's opinion. Those parts, labeled sections I and II–A, thus were joined by five justices; those parts were the opinion of the Court. And those parts confirmed the analysis long followed in resolving conflicts between the Federal Rules of Civil Procedure and contrary provisions of state law."); *Abbas*, 783 F.3d at 471 n.1.

[48] *See Stender*, 958 F.3d at 943 ("There were three opinions. Four Justices dissented. Justice Scalia wrote an opinion joined in full by three Justices. Justice Stevens joined part of Justice Scalia's opinion (making that part a majority opinion) and wrote a separate concurring opinion.  The majority opinion set forth the framework for resolving the issue: a Federal Rule governs over state law (1) when it 'answer[s] the same question' as the state law, and (2) it is not 'ultra vires.'").

[49] *Arnstein*, 2025 WL 562543, at *3.

[50] *Shady Grove*, 559 U.S.at 398 (majority opinion).

[51] *Id.* at 400 (citing Fed. R. Civ. P. 23(b) and explaining how "[c]ourts do not maintain actions; litigants do").

[52] *See id.* ("Rule 23 *automatically* applies 'in all civil actions and proceedings in the United States district courts.'" (citation omitted) (emphasis in original)).

adjudication necessarily conflict with Rule 23.[53]  Said differently, "Rule 23 provides a one-size-fits-all formula for deciding the class action question."[54]

Understanding this, this court previously recognized that under Rule 23(b), a plaintiff can always maintain a class action once certain requirements are met, regardless of the claim, but under § 203(3), a plaintiff is never allowed to bring a class action under NISNPIA.[55] Accordingly, the court concluded that § 203(3) and Rule 23 were in direct, unavoidable conflict.[56]

Having found a direct conflict under Step One, the court recognized Rule 23 would govern unless it violated the Enabling Act under Step Two.[57]  Justice Stevens departed from the majority's holding in *Shady Grove* with respect to Step Two.  His concurrence therefore controls this part of the analysis in the Tenth Circuit.[58]  Under this Step, a conflicting federal rule controls unless it violates the Enabling Act by abridging, enlarging, or modifying a state-created right or remedy.[59]  Instead of joining the plurality and finding an Enabling Act violation based on the form of the state law—*i.e.*, whether it is traditionally substantive or procedural—Justice Stevens

---

[53] *Id.* at 401 ("[A] State cannot limit [Rule 23's] permission by structuring one part of its statute to track Rule 23 and enacting another part that imposes additional requirements.").

[54] *Id.* at 399.

[55] *See Arnstein*, 2024 WL 4882857, at *4.

[56] *Id.* (citation omitted).

[57] *See id.*; *Shady Grove*, 559 U.S. at 421 (Stevens, J., concurring) (citing 28 U.S.C. § 2072(b)).

[58] *Shady Grove*, 559 U.S. at 411 (plurality opinion) ("The concurrence . . . departs from us only with respect to the second part of the test, *i.e.*, whether application of the Federal Rule violates § 2072(b) . . . ."); *Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." (quotations omitted)); *Curry*, 2023 WL 6318108, at *3 ("The Stevens concurrence is controlling in the Tenth Circuit as to *Shady Grove* Step Two . . . ." (citations omitted)); *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) (relying on the Stevens concurrence to determine "whether the state law actually is part of a State's framework of substantive rights or remedies" (citation omitted)).

[59] *Shady Grove*, 559 U.S. at 431 (Stevens, J., concurring).

directs federal courts to focus on whether the state rule "function[s] as a part of the [s]tate's definition of substantive rights and remedies."[60]  Thus, states may use "a traditionally procedural vehicle as a means of defining the scope of substantive rights or remedies,"[61] and federal courts must respect that choice.  This situation is rare, however.  Justice Stevens cautions "the bar for finding an Enabling Act problem is a high one"[62] and there must be "little doubt" that application of a federal rule would alter a state-created right or remedy.[63]  Indeed, "few seemingly [state] 'procedural' rules define the scope of a substantive right or remedy."[64]  Examples of such state procedural rules include those that "make it *significantly* more difficult to bring or to prove a claim, thus serving to limit the scope of that claim" or "define the amount of recovery."[65]  Justice Stevens also recognized that "legislative history" could be useful "to distinguish between procedural rules adopted for *some* policy reason and seemingly procedural rules that are intimately bound up in the scope of a substantive right or remedy."[66]  And only those state rules that "define[] the dimensions of [a] claim itself" would present an Enabling Act problem.[67]

---

[60] *Id.* at 416–17.

[61] *Id.* at 420.

[62] *Id.* at 432.

[63] *Id.* at 432.

[64] *Id.* at 428.

[65] *Id.* at 420 (emphasis added).  Examples include requiring "plaintiffs to post bond before suing," "state statute[s] of limitations," "state-imposed burdens of proof," or "state procedure for examining jury verdicts as means of capping the available remedy."  *Id.* at 420, 420 n.4 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 555 (1949), *Guar. Tr. Co. v. York*, 326 U.S. 99 (1945), and *Gasperini v. Ctr. for Hums.., Inc.*, 518 U.S. 415, 427 (1996)).

[66] *Shady Grove*, 559 U.S. at 433 (Stevens, J., concurring) (emphasis in original).

[67] *Id.* at 433–34.

Because *Shady Grove* counsels that the ability to join together as a class is "a traditionally procedural question,"[68] it would be rare for a state's class action bar to define the scope of state substantive rights or remedies.[69]  And this court previously concluded § 203(3) did not implicate one of the rare situations indicating an Enabling Act violation.[70]  Still, the court recognized Utah's act of cabining § 203(3) to apply only to claims brought under NISNPIA made the determination of whether § 203(3) defined the scope of substantive rights or remedies a closer call than the more universally applicable statute at issue in *Shady Grove*.[71]  But the court ultimately doubted whether § 203(3) was "so intertwined" with NISNPIA's rights or remedies that it "function[ed] to define the[ir] scope" or that it "define[d] the dimensions of [a NISNPIA] claim itself."[72]  More specifically, the court found problematic that fact that §§ 203(1) and 203(2)—the provisions creating the NISNPIA's rights, duties, and remedies—never referenced, acknowledged, or incorporated the class action bar.[73]  Indeed, other state rules found to control over Rule 23 created the class action limitation within the very sentence or subsection that created the corresponding right or remedy, which provided "much stronger evidence suggesting the class action bar [was] actually bound up with a state right or remedy."[74]  Moreover, the court

---

[68] *Id.* at 429 (Stevens, J., concurring) ("[W]hether to join plaintiffs together as a class" is "a traditionally procedural question."); *see also Dish Network L.L.C. v. Ray*, 900 F.3d 1240, 1254 (10th Cir. 2018) (Tymkovich, C.J., concurring) (citing *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 511–13 (2018)); *Deposit Guar. Nat. Bank v. Roper*, 445 U.S. 326, 332 (1980) ("[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims.").

[69] *See Shady Grove*, 559 U.S. at 432 (Stevens, J., concurring); *see also Curry*, 2023 WL 6318108, at *6 (explaining how because "Rule 23 is merely a 'species of joinder,' . . . [t]he traditionally procedural class action form in a particular statute must, then, be truly inseparable from the substantive rights and remedies before a Rule Enabling Act problem arises." (citing *Shady Grove*, 559 U.S. at 423)).

[70] *Arnstein*, 2024 WL 4882857, at *6 (citing *Shady Grove*, 559 U.S. at 420).

[71] *Id.* at *7.

[72] *Id.* at *7–8 (citing *Shady Grove*, 559 U.S.at 423, 433–34 (Stevens, J., concurring)).

[73] *Id.* at *7.

[74] *Id.* (gathering citations).

12

could point to no legislative history that suggested § 203(3) "was adopted with the intent to define the scope of NISNPIA's rights or remedies."[75]   Accordingly, and in light of the movant's heavy burden to show an Enabling Act violation, the court concluded Rule 23 controlled the issue of whether a class action could proceed in federal court.[76]

### III.   The Effect of Recent Amendments to NISNPIA on the Court's *Shady Grove* Analysis

Here, Sundance presents no persuasive argument that the court should depart from its prior holding with respect to Step One.  Thus, by again finding there is a direct conflict between the 2004 version of § 203(3) and Rule 23, Rule 23 governs unless it violates the Enabling Act under Step Two.[77]

A preliminary issue raised by the parties is the extent to which the court may consider the 2025 amendments to NISNPIA given Plaintiffs initiated this suit in 2024.[78]  The parties dispute whether Utah's general bar against retroactive application of newly codified laws precludes consideration of the amended statute[79] and whether applying the amended statute would violate the Utah Constitution.[80]  But the court need not wade into those murky waters.  The court confines its analysis to weighing the amendment's evidentiary impact on the *Shady Grove* analysis on the 2004 version of NISNPIA, and it concludes Sundance has met its heavy burden of demonstrating an Enabling Act violation if the court were to apply Rule 23 in this case.  And

---

[75] *Id.* at *8.

[76] *Id.* at *8–9.

[77] *See Shady Grove*, 559 U.S. at 421 (Stevens, J., concurring) (citing 28 U.S.C. § 2072(b)).

[78] *Class Action Complaint*; *Opposition* at 9–23.

[79] *See, e.g.*, *Opposition* at 10.

[80] *See, e.g.*, *id.* at 21.

because this results in a lack of subject matter jurisdiction, the court lacks the power to resolve

the retroactivity and constitutional challenges forwarded by the parties.[81]

Indeed, under Step Two of *Shady Grove*, the recent amendments to NISNPIA provide

strong evidence that applying Rule 23 to the present dispute would impermissibly abridge,

enlarge, and modify Utah's definition of its rights and remedies in violation of the Enabling Act.

More specifically, the recent amendments to NISNPIA leave the court with "little doubt" that

NISNPIA's class action bar is a "traditionally procedural vehicle" that Utah employs—and has

always employed—"as a means of defining the scope of [NISNPIA's] substantive rights or

remedies."[82]   The amendments provide the court with two key pieces of evidence to support this

determination.

First, the amended statutory text expressly indicates that, "since January 1, 2004," the

Utah legislature has considered NISNPIA's class action bar "a remedy provision and not merely

procedural.[83]   As the Supreme Court has recognized, "[s]ubsequent legislation declaring the

intent of an earlier statute is entitled to great weight in statutory construction."[84]   Utah courts

similarly recognize that "[a]n amendment which, in effect, construes and clarifies a prior statute

will be accepted as the legislative declaration of the original act."[85]   This express statutory

language therefore provides strong evidence of the intent of the law as originally enacted in

---

[81] *See U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, <u>487 U.S. 72, 77</u> (1988) (recognizing how a challenge to subject matter jurisdiction goes directly to a court's "power to issue [an] order" in a case and recognizing that courts, no less than the political branches of the government, must respect the limits of their authority").

[82] *Shady Grove*, <u>559 U.S. at 420</u> (Stevens, J., concurring).

[83] *S.B. 150*.

[84] *Red Lion Broad. Co. v. F.C.C.*, <u>395 U.S. 367, 380</u>–81 (1969) (gathering citations).

[85] *State v. Bryant*, <u>965 P.2d 539, 546</u> (Utah. Ct. App. 1998) (quoting *In re D.B.*, <u>925 P.2d 178, 182</u> n.5 (Utah Ct. App. 1996)).

2004.  In the context of *Shady Grove*, it provides strong evidence that NISNPIA's class action bar has always operated to define the scope of NISNPIA's remedy.[86]

Second, recent legislative history makes clear that the Utah legislature has always deemed the class action bar substantive in nature and finds the pursuit of NISNPIA class actions in federal court antithetical to that judgment.  When introducing the bill to the Senate Judiciary, Law Enforcement, and Criminal Justice Committee, Senator Kirk A. Cullimore explained that NISNPIA had prohibited class actions since its enactment in 2003, but that this prohibition was not being applied in federal courts as a result of subsequent legal developments, including *Shady Grove*.[87]  Senator Cullimore explained that this result was "not contemplated by the legislature" and that the amendments were designed to clarify that the class action bar was substantive "as opposed to what could be deemed a severable procedural right."[88]  The members voted 6-0 to favorably recommend the bill.[89]

Later, Senator Cullimore presented a similar explanation before the House Judiciary Committee.  He began his remarks by noting that the bill "is not really changing Utah policy at all . . . There's always been a bar on a class action type lawsuit for this.  That has been the policy of Utah since 2003.  So, over 20 years."[90]  The amendments, he explained, were designed to ensure that NISNPIA's class action bar would be "recognized as a substantive right, which [he] believe[d] was the intent of the legislature all along."[91]  No member of the Committee voiced

---

[86] *Shady Grove*, 559 U.S. at 420 (Stevens, J., concurring).

[87] Dkt. 54-2, *Exhibit B: Transcript of Utah Legislative Proceedings* at 3:8–4:12.

[88] *Id.* at 4:6–12.

[89] *Id.* at 6:2–3.

[90] *Id.* at 9:21–10:9.

[91] *Id.* at 10:22–11:2.

disagreement with the amendments or Senator Cullimore's assessment.  The House Judiciary

Committee voted unanimously to favorably recommended the bill.[92]

The bill received the same reception before the Senate and House floors.  Addressing the

Senate, Senator Cullimore explained that the legislature had determined, twenty years ago, that

NISNPIA should not be brought through class actions.[93]  He explained that this Amendment was

a reaction to legal developments post-dating the law's enactment that had read the bar as

procedural and therefore inapplicable in federal court.[94]  The Senate passed the bill 28-0.[95]

Finally, House sponsor Representative Anthony E. Loubet explained to the assembled

House that the legislature's "current policy" held "since 2003" was to prohibit class action

lawsuits under NISNPIA.[96]  Representative Loubet explained that subsequent developments had

opened Utah businesses to NISNPIA class actions in federal court based on an assessment that

the provision was procedural.[97]  This bill, he explained, clarified that the class action bar was

substantive and "not procedural in nature."[98]  No representative questioned or disagreed with

Representative Loubet's recitation.  The House passed the bill 61-0.[99]

In each of these legislative sessions, the bill sponsors articulated a view that NISNPIA

was always designed to prohibit class actions, that the class action bar was integral to

NISNPIA's rights and remedies, and that amendments were needed to preserve that legislative

---

[92] *Id.* at 13:23–24.

[93] *Id.* at 6:11–23.

[94] *Id.*

[95] *Id.* at 9:10–13.

[96] *Id.* at 14:13–17.

[97] *Id.* at 14:18–15:8.

[98] *Id.* at 15:4–8.

[99] *Id.* at 15:18–22.

judgment in the face of subsequent judicial decisions, including *Shady Grove*. The legislature expressed its unanimous approval of the amendments.

Ultimately, the statements by the bill sponsors, the bill's unanimous approval, and the bill's own text provide some of the clearest possible evidence that the Utah legislature has always deemed the class action bar operates to define the scope of NISNPIA's rights and remedies.[100] Coupling all the above-cited evidence with the reservations this court had that the class action bar is cabined to a single, non-procedural, state statutory section, the court concludes that applying Rule 23 in in this case would impermissibly abridge, enlarge or modify Utah's substantive rights and remedies under the 2004 version of NISNPIA.[101] Accordingly, NISNPIA's class action bar prevents Plaintiffs from maintaining their class action in federal court.

As explained above, Plaintiffs' only basis for federal jurisdiction is diversity jurisdiction under CAFA.[102] But without the ability to proceed as a class, Plaintiffs' individual claims are limited to $500—well below the jurisdictional threshold required to maintain her diversity action in federal court. Still, Plaintiffs point to the case of *Freeport-McMoran, Inc. v. K N Energy, Inc.* for the proposition that "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."[103] While it is true "[s]ubject-matter jurisdiction generally does not vanish once it properly attaches,"[104] federal courts "have an

---

[100] *Shady Grove*, <u>559 U.S. at 420</u> (Stevens, J., concurring).

[101] *Arnstein*, <u>2024 WL 4882857</u>, at *7.

[102] <u>Dkt. 12</u>, *First Amended Class Action Complaint* ¶ 65.

[103] <u>498 U.S. 426, 428</u> (1991) (citations omitted); *Opposition* at 8.

[104] *Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, <u>358 F.3d 694, 706</u> (10th Cir. 2004) (citation omitted).

17

ongoing duty to ensure that [their] jurisdiction is proper."[105]  And here, jurisdiction never properly attached.  As explained above, jurisdiction did not exist at the time Plaintiffs commenced this action because the class action bar in the 2004 version of NISNPIA should have always applied in federal courts.  The court is aware of no authority suggesting it cannot readdress prior jurisdictional decisions in the event new facts or authority come to light that demonstrate "at the time the case was filed as a class action," diversity jurisdiction did not exist.[106]  Indeed, even *final judgments* rendered by courts lacking jurisdiction can be void.[107]  Thus, Plaintiffs' argument that jurisdiction over their case somehow "vested" when their Complaint was filed is unsupported and unpersuasive.[108]

## CONCLUSION

For the foregoing reasons, Sundance's Second Motion to Dismiss is GRANTED,[109] and Sundance's outstanding Motion to Stay is DENIED AS MOOT.[110]  Plaintiffs' Complaint is DISMISSED for lack of subject matter jurisdiction.[111]

---

[105] *Id.*; *see also 1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (explaining how federal courts have "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (citation omitted)).

[106] *See Pontrelli v. MonaVie, Inc.*, No. 2:17-CV-01215-DN-DBP, 2019 WL 2436437, at *2 (D. Utah June 11, 2019).

[107] *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 608–09 (1990).

[108] *Opposition* at 8.

[109] Dkt. 54.

[110] Dkt. 55.

[111] Dismissals for lack of jurisdiction are without prejudice.  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

SO ORDERED this 5th day of May 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHANNON ARNSTEIN, et al., | **JUDGMENT IN A CIVIL CASE** |
| Plaintiffs, | Case No. 2:24-cv-00344-RJS-DAO |
| v. | Chief District Judge Robert J. Shelby |
| SUNDANCE HOLDINGS GROUP, LLC, | Magistrate Judge Daphne A. Oberg |
| Defendant. | |

IT IS HEREBY ORDERED AND ADJUGED that judgment is entered in favor of Defendant.

SO ORDERED this 5th day of May 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

1

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| SHANNON ARNSTEIN; DANA BASSETT; MARTIKA GARTMAN; SUELLEN HENDRIX; DEBRA MACKLIN; JEANINE MARK; MICHELLE MEINHOLD; MARIE MICHELS; JILLI OYENQUE; BARBARA PORTER; and ELIZABETH WUEBKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNDANCE HOLDINGS GROUP, LLC,<br><br>Defendant. | Case No. 2:24-cv-00344-RJS<br><br>**NOTICE OF APPEAL** |

**NOTICE IS HEREBY GIVEN** that Plaintiffs appeal to the United States Court of Appeals for the Tenth Circuit from the Order granting Defendant's motion to dismiss Plaintiffs' First Amended Complaint and Judgment (ECF Nos. 62-63) entered by the district court on May 5, 2025.

Dated: May 5, 2025                                Respectfully submitted,

                                                 /s/ Frank S. Hedin
                                                 FRANK S. HEDIN

                                                 **HEDIN LLP**
                                                 FRANK S. HEDIN (*pro hac vice*)
                                                 ELLIOT O. JACKSON (*pro hac vice*)

                                                 -and-

                                                 PETERS | SCOFIELD
                                                 DAVID W. SCOFIELD

                                                 *Counsel for Plaintiffs and Putative Class*

35

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, I caused a true and correct copy of the forgoing to

be filed in this Court's CM/ECF system, which sent notification of such filing to all counsel of

record.

*/s/ Frank S. Hedin*
Frank S. Hedin

2